UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

**FLANNERY ASSOCIATES LLC ,**

    Plaintiff,

    vs.

**BARNES FAMILY RANCH ASSOCIATES, LLC , ET AL. ,**

    Defendant(s).

NO. **2:23−CV−00927−TLN−AC**

INITIAL PRETRIAL SCHEDULING ORDER

    This action has been assigned to the Honorable Troy L. Nunley.  Pursuant to the provisions of Rule 16 of the Federal Rules of Civil Procedure, IT IS HEREBY ORDERED:

**I.  SERVICE OF PROCESS**

    Plaintiff(s) shall complete service of process on all parties within ninety (90) days of the date of the filing of the complaint.  Concurrently with the service of process, or as soon thereafter as possible plaintiff(s) shall serve upon each of the parties named in the complaint, and upon all parties subsequently joined, a copy of this Order, and shall file with the Clerk of the Court a proof of service.  Any party who impleads a third−party defendant shall serve upon that party a copy of this Order and shall file with Clerk of the Court a proof of service reflecting such service.

    In the event this action was originally filed in a state court and was thereafter removed to this Court, the removing party shall, immediately following such removal, serve upon each of the other

/////

1  parties named in the complaint and upon all parties subsequently joined a copy of this Order. The
2  removing party shall also file with the Clerk of the Court a proof of service reflecting such service.
3      In order to assist the Court in meeting its recusal responsibilities, any non–governmental
4  corporate party to this action shall file a statement identifying all its parent corporations and listing any
5  publicly–held company that owns ten percent (10%) or more of the party's stock. This statement shall
6  be filed no later than fourteen (14) days after the non–governmental corporate party is served with a
7  copy of this Order. Thereafter, if there is any change in the information, the party shall file and serve a
8  supplemental statement within a reasonable time after such change occurs.

9      **II.   ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS**

10      Within sixty (60) days[1] of service of the complaint on the last party, or from the date of removal,
11  whichever is later, the parties shall amend the complaint or join any parties pursuant to the Federal
12  Rules of Civil Procedure. No other joinder of parties or amendments to pleadings is permitted without
13  leave of court, good cause having been shown.

14      **III.   DISCOVERY**

15      Within sixty (60) days of service of the complaint on any party, or from the date of removal,
16  whichever is later, the parties shall confer as required by Federal Rule of Civil Procedure 26(f).
17      All discovery, with the exception of expert discovery, shall be completed no later than two
18  hundred forty (240) days from the date upon which the last answer may be filed with the Court
19  pursuant to the Federal Rules of Civil Procedure. In this context, "completed" means that all discovery
20  shall have been conducted so that all depositions have been taken and any disputes relative to discovery
21  shall have been resolved by appropriate order if necessary, and where discovery has been ordered,
22  the order has been obeyed. All motions to compel discovery must be noticed on the magistrate
23  judge's calendar in accordance with the Local Rules.[2]
24  /////
25  /////
26
27  [1] The parties shall refer to Federal Rule of Civil Procedure 6(a) in computing the time periods specified in this Order.
28  [2] A copy of the current Local Rules is available at http://www.caed.uscourts.gov/caednew/index.cfm/rules/local–rules/

## IV. DISCLOSURE OF EXPERT WITNESSES

All counsel are to designate in writing, file with the Court, and serve upon all other parties the name, address, and area of expertise of each expert that they propose to tender at trial not later than sixty (60) days after the close of discovery. The designation shall be accompanied by a written report prepared and signed by the witness. The report shall comply with Federal Rule of Civil Procedure 26(a)(2)(B).

Within thirty (30) days after the designation of expert witnesses, any party may designate a supplemental list of expert witnesses who will express an opinion on a subject covered by an expert designated by an adverse party. The right to designate a supplemental expert for rebuttal purposes only shall apply to a party who has not previously disclosed an expert witness on the date set for expert disclosure by this Order.

Failure of a party to comply with the disclosure schedule as set forth above in all likelihood will preclude that party from calling the expert witness at the time of trial. An expert witness not appearing on the designation will not be permitted to testify unless the party offering the witness demonstrates: (a) good cause for the party's failure to designate the expert witness in accordance with this Order; (b) that the Court and opposing counsel were promptly notified upon discovery of the witness; and (c) that the witness was promptly made available for deposition.

For purposes of this Order, an "expert" is any person who may be used at trial to present evidence under Federal Rules of Evidence 702, 703, and 705, which include both "percipient experts" (persons who, because of their expertise, have rendered expert opinions in the normal course of their work duties or observations pertinent to the issues in the case) and "retained experts" (persons specifically designated by a party to be a testifying expert for the purposes of litigation).

Each party shall identify whether a disclosed expert is percipient, retained, or both. It will be assumed that a party designating a retained expert has acquired the express permission of the witness to be so listed. Parties designating percipient experts must state in the designation who is responsible for arranging the deposition of such persons.

All experts designated are to be fully prepared at the time of designation to render an informed opinion, and given their bases for their opinion, so that they will be able to give full and complete

testimony at any deposition taken by the opposing party. Experts will not be permitted to testify at the trial as to any information gathered or evaluated, or opinion formed, after their deposition is taken subsequent to designation.

Counsel are instructed to complete all discovery of expert witnesses in a timely manner in order to comply with the Court's deadline for filing dispositive motions.

## V. **SUPPLEMENTAL DISCOVERY**

Pursuant to Federal Rule of Civil Procedure 26(e), the parties shall exchange any supplemental disclosures and responses (including expert supplemental materials) no later than thirty (30) days prior to the dispositive motion hearing date. Any supplemental disclosures and responses necessary after said date will require leave of Court good cause having been shown.

## VI. **DISPOSITIVE MOTIONS**

The parties shall file dispositive motions no later than one hundred eighty (180) days after the close of discovery. All papers should be filed in conformity with the Local Rules. Absent leave of the Court, all issues the parties wish to resolve on summary judgment must be raised together in one (1) motion or cross−motion. Should the parties wish to file additional motions for summary judgment, they <u>must</u> seek leave of the Court.

All purely legal issues are to be resolved in timely pretrial motions. When appropriate, failure to comply with Local Rules 230 and 260, as modified by this Order, may be deemed consent to the motion and the Court may dispose of the motion summarily. With respect to motions for summary judgment, failure to comply with Local Rules 230 and 260, as modified by this Order, may result in dismissal for failure to prosecute (or failure to defend) pursuant to this Court's inherent authority to control its docket and/or Federal Rule of Civil Procedure 41(b). Further, failure to timely oppose a summary judgment motion[3] may result in the granting of that motion if the movant shifts the burden to the nonmovant to demonstrate that a genuine issue of material fact remains for trial.

/////

/////

---

[3] The Court urges any party that contemplates bringing a motion for summary judgment or who must oppose a motion for summary judgment to review Local Rule 260.

1  The Court places a page limit for points and authorities (exclusive of exhibits and other
2  supporting documentation) of twenty (20) pages on all initial moving papers, twenty (20) pages on
3  oppositions, and ten (10) pages for replies.  Sur–replies are viewed with disfavor and will only be
4  considered upon a showing of good cause.  All requests for page limit increases must be made in
5  writing with a proposed order setting forth any and all reasons for any increase in page limit at least
6  fourteen (14) days prior to the filing of the motion.  These page limits shall apply to any and all motions
7  filed with the Court.

8  The parties are directed to the Court's website for available hearing dates and Judge Nunley's
9  standard procedures. (www.caed.uscourts.gov – select "Judges" – select "Judge Nunley" – select
10 "Standard Information").

11 Citations to the Supreme Court Lexis database shall include parallel citations to the Westlaw
12 database.

13 The parties are reminded that a motion in limine is a pretrial procedural device designated to
14 address the admissibility of evidence.  The Court will look with disfavor upon dispositional motions
15 presented at the Final Pretrial Conference or at trial in the guise of motions in limine.

16 The parties are cautioned that failure to raise a dispositive legal issue that could have been
17 tendered to the Court by proper pretrial motion prior to the dispositive motion cut–off date may
18 constitute waiver of such issue.

19 **VII.   TRIAL SETTING**

20 The parties are ordered to file a Joint Notice of Trial Readiness not later than thirty (30) days
21 after receiving this Court's ruling(s) on the last filed dispositive motion(s).  If the parties do not intend
22 to file dispositive motions, the parties are ordered to file a Joint Notice of Trial Readiness not later
23 than one hundred twenty (120) days after the close of discovery and the notice must include statements
24 of intent to forgo the filing of dispositive motions.

25 The parties are to set forth in their Notice of Trial Readiness, the appropriateness of special
26 procedures, their estimated trial length, any request for a jury, their availability for trial, and if the
27 parties are willing to attend a settlement conference.  The parties' Notice of Trial Readiness Statement
28 shall also estimate how many court days each party will require to present its case, including opening

statements and closing arguments.  The parties' estimate shall include time necessary for jury selection, time necessary to finalize jury instructions and instruct the jury.

After review of the parties' Joint Notice of Trial Readiness, the Court will issue an order that sets forth dates for a final pretrial conference and trial.

### VIII.   SETTLEMENT CONFERENCE

If the parties agree to a settlement conference, a magistrate judge will be randomly assigned to the case to preside over the settlement conference.  If the parties specifically request that the assigned District Judge or Magistrate Judge conduct the settlement conference, the parties shall file the appropriate waiver of disqualification in accordance with Local Rule 270(b).  If the parties elect to participate in the Voluntary Dispute Resolution Program (VDRP), a stipulation of election is required pursuant to Local Rule 271.  <u>See</u>, Attachments 2−1 and 2−2 of this Order.

In accordance with Local Rule 160, counsel are to immediately file a notice of settlement or other disposition of this case.

### IX.   MODIFICATION OF INITIAL PRETRIAL SCHEDULING ORDER

The parties are reminded that pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Initial Pretrial Scheduling Order shall not be modified except by leave of court upon a showing of **good cause**.  Agreement by the parties pursuant to stipulation alone to modify the Initial Pretrial Scheduling Order does not constitute good cause.  Except in extraordinary circumstances, unavailability of witnesses or counsel will not constitute good cause.

### X.   COURTESY COPIES

No party shall submit paper courtesy copies of pleadings or exhibits to the Court unless expressly ordered to do so.

### XI.   SPECIAL CASES

In any cases involving E.R.I.S.A, Class−Actions, or Administrative Appeals, the parties shall file a short joint statement with the Court identifying the type of case within thirty (30) days of service on all defendant(s).  Based upon the provided information, the Court may issue a supplemental pretrial scheduling order.

/////

### XII. OBJECTIONS TO INITIAL PRETRIAL SCHEDULING ORDER

This Initial Pretrial Scheduling Order will become final without further order of the Court unless objections are filed within sixty (60) days of service on all defendant(s).

DATED: May 18, 2023

**TROY L. NUNLEY**
U.S. DISTRICT COURT JUDGE