20

**LEN REIDREYNOSO, SBN 215824**
**LAW OFFICE OF REIDREYNOSO**
**908 "C" STREET. SUITE B**
**GALT, CALIFORNIA 95632**
**(209) 745-4411**
**(209) 745-4896 Facsimile**

Attorney for Defendant,
*Richard Anderson*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

Flannery Associates LLC,

Plaintiff,

vs.

Barnes Family Ranch Associates, LLC, et al., and JOHN DOES 1-50,

Defendants.

Case No.: 2:23-CV-00927-TLN-AC

**RESPONSE TO COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

The Defendant, Richard Anderson, individually and as the Trustee of the REA Properties Trust ("REA"), by and through his attorney of record, Len ReidReynoso, submits this response as follows:

All alleged actions listed in this lawsuit were conducted by the Defendant, Richard Anderson, as the Trustee of the REA Property Trust, not as Richard Anderson, an individual.

## AFFIRMATIVE DEFENSES

1. This lawsuit fails to state a claim for which relief can be granted.

## JURISDICTION

1. Defendant disagrees with this statement. Jurisdiction should be in Solano

County Superior Court since this is a land purchase in Solano County California.

2. Defendant disagrees with this statement.

3. Defendant denies this statement.

## VENUE

4. Defendant disagrees with this statement. Jurisdiction should be in Solano County Superior Court where the alleged events may or may not have occurred.

## NATURE OF THE CASE

5. The Defendant disagrees in part with this statement. The defendant lacks knowledge or information about this statement. The defendant's land was passed down from four generations. The gross income from the Solano County property in this defendant's trust is approximately under $150,000.00 annually less offsetting expenses. The term "wealthy landowners" is an inflammatory statement and the defendant disagrees with this statement.

6. Defendant denies this statement. The defendant does not agree that this is a "conspiracy".

7. Defendant denies this statement. The defendant does not agree that this is a "conspiracy".

8. Defendant denies this statement. The defendant does not agree that this is a "price-fixing conspiracy".

9. The defendant lacks knowledge or information about this statement.

10. Defendant disagrees with this statement. The defendant denies that he was involved in a conspiracy to price-fix. The defendant is not a land investor in Solano County. The defendant's Solano County property was inherited. The defendant believes that his land is unique and that each parcel has an independent value.

11. The defendant lacks knowledge or information about this statement.

12. The defendant lacks knowledge or information about this statement.

13. The defendant lacks knowledge or information about this statement.

14. The defendant lacks knowledge or information about this statement. However, the defendant did not intend to sell his Solano County property for which he is the sole owner. The defendant is not a "sophisticated investor" and was not aware of the business between the Plaintiff and Thomas McCormack.

15. The defendant lacks knowledge or information about this statement.

16. Defendant denies this statement.

17. Defendant denies this statement. The defendant does not wish to sell his Solano County property which he is sole owner at any price currently offered by the Plaintiff. The defendant believes that his land is unique and not replaceable. The defendant has maintained this choice of not selling his solely owned property from the beginning of any offers.

18. The defendant lacks knowledge or information about this statement. The defendant's property has been passed down from four generations.

19. Defendant denies this statement. This Solano County property is not an investment property and the value used for property taxes is approximately ten times more than what the Plaintiff is insinuating. Further, the property value and tax value are different due to the slow increase in property taxes, where the market has a variable inflationary rate.

20. Defendant denies this statement. The defendant denies any conspiracy or collusion. This is an inflammatory statement.

21. Defendant denies this statement. The defendant last signed an option for a purchase of parcel of land that he was co-owner on January 12, 2023. This sale included a Right of First Refusal for the remaining property owned by REA. Thus, if REA was to sell property in the future to any party, the Plaintiff would be able to purchase the property at the price originally offered.

22. Defendant denies this statement.

23. The defendant lacks knowledge or information about this statement.

24. The defendant lacks knowledge or information about this statement.

25. The defendant lacks knowledge or information about this statement.

26. The defendant lacks knowledge or information about this statement.

27. The defendant lacks knowledge or information about this statement.

28. The defendant lacks knowledge or information about this statement. The defendant only has knowledge of a verbal statement from Ian Anderson that he did not want to sell his property to the Plaintiff.

29. Defendant denies this statement. The defendant denies any conspiracy. However, the Anderson Family including the 24 individuals listed in this Complaint at paragraph 55. The defendant believes that paragraph 55 is unclear as whether the

trusts associated with the 24 individuals is a part of the Anderson Family. The defendant has little to no relationship with many of the other defendants listed in this Complaint. This is a general statement but does not state exactly the "reasons" for not selling. This general statement does not prove a conspiracy.

30. Defendant denies this statement.

31. Defendant denies this statement. The defendant has never wished to sell the Solano County property solely owned by REA. REA was only willing to sell co-owned property. The defendant does not have a relationship with Kirk Beebe, Susan Beebe Furay, or Leslie Erven.

32. Defendant denies this statement.

33. Defendant denies this statement.

34. Defendant agrees with this statement.

## THE PARTIES

### A. Flannery

34. The defendant lacks knowledge or information about this statement.

### B. BLK Defendants

35. The defendant lacks knowledge or information about this statement.

36. The defendant lacks knowledge or information about this statement.

37. The defendant lacks knowledge or information about this statement.

38. The defendant lacks knowledge or information about this statement.

39. The defendant lacks knowledge or information about this statement.

40. The defendant lacks knowledge or information about this statement.

41. The defendant lacks knowledge or information about this statement.

42. The defendant lacks knowledge or information about this statement.

43. The defendant lacks knowledge or information about this statement.

44. The defendant lacks knowledge or information about this statement.

45. The defendant lacks knowledge or information about this statement.

46. The defendant lacks knowledge or information about this statement.

47. The defendant lacks knowledge or information about this statement.

### C. Mahoney Defendants

48. The defendant lacks knowledge or information about this statement.

49. The defendant lacks knowledge or information about this statement.

50. The defendant lacks knowledge or information about this statement.

51. The defendant lacks knowledge or information about this statement.

52. The defendant lacks knowledge or information about this statement. The defendant is aquatinted with Christine Mahoney, but does not have knowledge regarding her business interest.

53. The defendant lacks knowledge or information about this statement. The defendant is aquatinted with Daniel Mahoney, but does not have knowledge regarding his business interest.

54. Defendant agrees with this statement.

**D. <u>Anderson Defendants</u>**

55. The defendant denies this statement in part. The defendant knows Ian Anderson, but lacks knowledge or information about his trust.

56. The defendant denies this statement in part. The defendant knows Margaret Anderson, but lacks knowledge or information about her trust.

57. Defendant agrees with this statement.

58. Defendant agrees with this statement.

59. The defendant lacks knowledge or information about this statement. The defendant has not had any communication with William C. Dietrich in years.

60. The defendant denies this statement in part. The defendant knows Paul Dietrich, but lacks knowledge or information about his trust.

61. The defendant denies this statement in part. The defendant worked with John Alsop regarding a possible lease agreement with California Resource Company for a Carbon Sequestration issue, but lacks knowledge or information about his trust.

62. The defendant denies this statement in part. The defendant worked with Nancy Roberts regarding a possible lease agreement with California Resource Company for a Carbon Sequestration issue, but lacks knowledge or information about her trust.

63. The defendant denies this statement in part. The defendant worked with Janet Zanardi regarding a possible lease agreement with California Resource Company for a Carbon Sequestration issue, but lacks knowledge or information about her trust.

64. The defendant denies this statement in part. The defendant knows Ronald Gurule, but does not have a relationship with him. The defendant also lacks knowledge or information about his trust.

65. The defendant denies this statement in part. All alleged acts stated in this Complaint were conducted as Trustee of the REA and not as an individual.

66. The defendant agrees to this statement in part. The defendant worked with David Anderson to sell a co-owned Solano County property to Plaintiff.

67. The defendant agrees to this statement in part. The defendant worked with Deborah Workman to sell a co-owned Solano County property to Plaintiff.

68. The defendant agrees to this statement in part. The defendant worked with Carol Hoffman to sell a co-owned Solano County property to Plaintiff.

69. The defendant lacks knowledge or information about this statement.

70. The defendant lacks knowledge or information about this statement.

71. The defendant lacks knowledge or information about this statement.

72. The defendant lacks knowledge or information about this statement.

73. The defendant lacks knowledge or information about this statement.

74. The defendant lacks knowledge or information about this statement.

75. The defendant lacks knowledge or information about this statement.

76. The defendant lacks knowledge or information about this statement.

77. The defendant lacks knowledge or information about this statement.

78. The defendant lacks knowledge or information about this statement.

79. The Plaintiff has the right to create or group names. The defendant lacks knowledge or information about this statement.

**E. The Hamilton Conspirators**

80. The defendant lacks knowledge or information about this statement. The defendant knows Richard Hamilton, but does not have knowledge regarding his business interest.

81. The defendant lacks knowledge or information about this statement. The defendant knows Anastasia (Stacy) Hamilton, but does not have knowledge regarding her business interest.

82. The defendant lacks knowledge or information about this statement. The defendant knows David Hamilton Sr., but does not have knowledge regarding his business interest.

83. The defendant lacks knowledge or information about this statement. The defendant knows David Hamilton Jr.,, but does not have knowledge regarding his business interest.

84. The defendant lacks knowledge or information about this statement. The defendant does not know Catherine Hamilton.

85. The defendant lacks knowledge or information about this statement. The defendant knows Peter Hamilton, but does not have knowledge regarding his business interest.

86. The defendant lacks knowledge or information about this statement. The defendant does not know Charles Hamilton.

87. The defendant lacks knowledge or information about this statement. The defendant does not know Clayton Hamilton-Alexander.

88. The defendant lacks knowledge or information about this statement. The defendant does not know Margaret Hamilton Giordanengo.

89. The defendant lacks knowledge or information about this statement.

90. The defendant lacks knowledge or information about this statement.

91. The defendant lacks knowledge or information about this statement.

**F. JOHN DOES 1-50**

92. The defendant lacks knowledge or information about this statement.

93. The defendant lacks knowledge or information about this statement.

**94. FACTUAL BACKGROUND**

**I. The Conspirators Own Multiple Properties in Solano County, California**

93. The defendant denies this statement in part. The defendant denies any conspiracy existed and the defendant lacks knowledge or information about this statement.

**A. BLK Properties**

94. The defendant lacks knowledge or information about this statement.

95. The defendant lacks knowledge or information about this statement.

96. The defendant lacks knowledge or information about this statement.

97. The defendant lacks knowledge or information about this statement.

**B. Mahoney Properties**

98. The defendant lacks knowledge or information about this statement.

99. The defendant lacks knowledge or information about this statement.

100. The defendant lacks knowledge or information about this statement.

101. The defendant lacks knowledge or information about this statement.

102. The defendant lacks knowledge or information about this statement.

103. The defendant lacks knowledge or information about this statement.

104. The defendant lacks knowledge or information about this statement.

105. The defendant lacks knowledge or information about this statement.

106. The defendant lacks knowledge or information about this statement.

107. The defendant lacks knowledge or information about this statement.

108. The defendant lacks knowledge or information about this statement.

109. The defendant lacks knowledge or information about this statement.

110. The defendant lacks knowledge or information about this statement.

111. The defendant lacks knowledge or information about this statement.

112. The defendant lacks knowledge or information about this statement.

113. The defendant lacks knowledge or information about this statement.

114. The defendant lacks knowledge or information about this statement.

115. The defendant lacks knowledge or information about this statement.

**C. Anderson Properties**

116. The defendant lacks knowledge or information about this statement.

117. The defendant lacks knowledge or information about this statement.

118. The defendant lacks knowledge or information about this statement.

119. The defendant lacks knowledge or information about this statement.

120. The defendant lacks knowledge or information about this statement.

121. The defendant lacks knowledge or information about this statement.

122. The defendant lacks knowledge or information about this statement.

123. The defendant lacks knowledge or information about this statement.

124. The defendant agrees to this statement.

125. The defendant agrees to this statement.

126. The defendant agrees to this statement.

127. The defendant agrees to this statement.

128. The defendant agrees to this statement.

129. The defendant agrees to this statement.

130. The defendant denies this statement. The defendant only has knowledge of his own family owned property.

131. The defendant agrees to this statement.

**D. Hamilton Properties**

132. The defendant lacks knowledge or information about this statement.

133. The defendant lacks knowledge or information about this statement.

134. The defendant lacks knowledge or information about this statement.

135. The defendant lacks knowledge or information about this statement.

136. The defendant lacks knowledge or information about this statement.

137. The defendant lacks knowledge or information about this statement.

138. The defendant lacks knowledge or information about this statement.

139. The defendant agrees to this statement.

140. The defendant lacks knowledge or information about this statement.

**II. The Conspirators Paid Between $470/Acre and $2,800/Acre for Their Properties**

**A. Transactions With and Without Wind Lease Income**

141. The defendant lacks knowledge or information about this statement.

142. The defendant lacks knowledge or information about this statement.

143. The defendant lacks knowledge or information about this statement.

144. The defendant lacks knowledge or information about this statement.

145. The defendant lacks knowledge or information about this statement.

146. The defendant lacks knowledge or information about this statement.

**B. The Conspirators' Recent Purchases**

147. The defendant lacks knowledge or information about this statement.

148. The defendant lacks knowledge or information about this statement.

149. The defendant lacks knowledge or information about this statement.

150. The defendant denies this statement in part. The defendant has knowledge that the defendant's, Ian Anderson and Margaret Anderson use this property for local fundraisers.

151. The defendant lacks knowledge or information about this statement.

## III. The Conspirators Represented To Tax Authorities That their Properties Are Worth a Fraction of the Prices They Attempted to Extract From Flannery

152. The defendant lacks knowledge or information about this statement.

153. The defendant lacks knowledge or information about this statement.

154. The defendant lacks knowledge or information about this statement.

155. The defendant lacks knowledge or information about this statement.

156. The defendant lacks knowledge or information about this statement.

157. The defendant lacks knowledge or information about this statement.

158. The defendant lacks knowledge or information about this statement.

159. The defendant lacks knowledge or information about this statement.

160. The defendant lacks knowledge or information about this statement.

## IV. Flannery's Purchases in the Area

161. The defendant lacks knowledge or information about this statement.

162. The defendant lacks knowledge or information about this statement.

163. The defendant denies this statement. It is the knowledge of the defendant that REA and Richard Anderson did not have any ownership interest in these properties in 2018.

164. The defendant lacks knowledge or information about this statement.

165. The defendant lacks knowledge or information about this statement.

166. The defendant lacks knowledge or information about this statement.

167. The defendant denies this statement. The sale and purchase of local property in the Solano County should be an issue for the Solano Superior Court. Further, none of the outlined property deals were with property owned by either REA or Richard Anderson.

**V. Flannery's Attempts to Purchase Property From the Conspirators**

168. The defendant agrees to this statement in part. The defendant does not have any knowledge of a conspiracy.

**A. BLK Properties**

169. The defendant lacks knowledge or information about this statement.

170. The defendant lacks knowledge or information about this statement.

171. The defendant lacks knowledge or information about this statement.

172. The defendant lacks knowledge or information about this statement.

173. The defendant lacks knowledge or information about this statement.

174. The defendant lacks knowledge or information about this statement.

175. The defendant lacks knowledge or information about this statement.

176. The defendant lacks knowledge or information about this statement.

177. The defendant lacks knowledge or information about this statement.

**B Mahoney Properties**

178. The defendant lacks knowledge or information about this statement.

179. The defendant lacks knowledge or information about this statement.

180. The defendant lacks knowledge or information about this statement.

181. The defendant lacks knowledge or information about this statement.

182. The defendant lacks knowledge or information about this statement.

183. The defendant lacks knowledge or information about this statement.

184. The defendant lacks knowledge or information about this statement.

185. The defendant lacks knowledge or information about this statement.

186. The defendant lacks knowledge or information about this statement.

187. The defendant lacks knowledge or information about this statement.

188. The defendant lacks knowledge or information about this statement.

189. The defendant lacks knowledge or information about this statement.

190. The defendant lacks knowledge or information about this statement.

191. The defendant lacks knowledge or information about this statement.

192. The defendant lacks knowledge or information about this statement.

193. The defendant lacks knowledge or information about this statement.

194. The defendant lacks knowledge or information about this statement.

195. The defendant lacks knowledge or information about this statement.

196. The defendant lacks knowledge or information about this statement.

197. The defendant lacks knowledge or information about this statement.

198. The defendant lacks knowledge or information about this statement.

199. The defendant lacks knowledge or information about this statement.

200. The defendant lacks knowledge or information about this statement.

201. The defendant lacks knowledge or information about this statement.

202. The defendant lacks knowledge or information about this statement.

**D. <u>Anderson Properties</u>**

1. <u>Mason, Zadwick, Neil Anderson, Maryn Anderson, and Russell Properties</u>

203. The defendant lacks knowledge or information about this statement.

204. The defendant lacks knowledge or information about this statement.

205. The defendant lacks knowledge or information about this statement.

206. The defendant lacks knowledge or information about this statement.

207. The defendant lacks knowledge or information about this statement.

208. The defendant lacks knowledge or information about this statement.

209. The defendant lacks knowledge or information about this statement.

210. The defendant lacks knowledge or information about this statement.

211. The defendant lacks knowledge or information about this statement.

212. The defendant lacks knowledge or information about this statement.

213. The defendant lacks knowledge or information about this statement.

214. The defendant lacks knowledge or information about this statement.

215. The defendant lacks knowledge or information about this statement.

216. The defendant lacks knowledge or information about this statement.

217. The defendant lacks knowledge or information about this statement.

218. The defendant lacks knowledge or information about this statement.

2. <u>Dietrich, Alsop, and Gurule Properties</u>

219. The defendant lacks knowledge or information about this statement.

220. The defendant lacks knowledge or information about this statement.

221. The defendant lacks knowledge or information about this statement.

3. Ila, Richard Anderson, Irwin Anderson, and McKinnon 18 Properties

222. The defendant denies this statement in part. The defendant understands that these properties had been farmed by the same family for many generations. It is the defendant's knowledge that Paul Dietrich and Nancy Roberts had intended to keep the family homestead and did not have any intentions of selling at any price.

223. The defendant denies this statement. There was never any broker hired to represent the defendant. It is the defendant's knowledge that REA was willing to sell some of their property at $15,000.00 per acre plus windmill and mineral rights. It was REA's intention to never sell the property solely owned by REA.

224. The defendant denies this statement in part. It is the defendant's knowledge that REA and Richard Anderson did not own this property until after Richard Anderson's father passed away in April 2020. Further, until the Plaintiff reached the offer of $15,000.00 minimum price was the offer seriously considered. The property REA was willing to sell was one in which the defendant was part owner.

225. The defendant denies this statement in part. The defendant simply did not wish to provide a counteroffer because the base offer price of $15,000.00 per acre was not met. Once that offer price was met, the defendant began discussions regarding mineral rights and windmill leases. There was never a broker employed to represent the defendant.

226. The defendant denies this statement in part. It is the defendant's knowledge that two trusts owned this property. It is the defendant's knowledge that part of the negotiation was the option to purchase the property, which was executed May of 2023. The Plaintiff was under no obligation to exercise this option. Part of the option included the First Right of Refusal for the remaining property. The First Right of Refusal was included in the sale price.

4. Anderson 1,005 and 153 Properties

227. The defendant lacks knowledge or information about this statement.

228. The defendant lacks knowledge or information about this statement.

229. The defendant lacks knowledge or information about this statement.

230. The defendant lacks knowledge or information about this statement.

231. The defendant lacks knowledge or information about this statement.

232. The defendant lacks knowledge or information about this statement.

233. The defendant lacks knowledge or information about this statement.

234. The defendant lacks knowledge or information about this statement.

235. The defendant lacks knowledge or information about this statement.

236. The defendant lacks knowledge or information about this statement.

237. The defendant lacks knowledge or information about this statement.

**D. <u>Hamilton Properties</u>**

238. The defendant lacks knowledge or information about this statement.

239. The defendant lacks knowledge or information about this statement.

240. The defendant lacks knowledge or information about this statement.

241. The defendant lacks knowledge or information about this statement.

242. The defendant lacks knowledge or information about this statement.

243. The defendant lacks knowledge or information about this statement.

244. The defendant lacks knowledge or information about this statement.

245. The defendant lacks knowledge or information about this statement.

246. The defendant lacks knowledge or information about this statement.

247. The defendant lacks knowledge or information about this statement.

248. The defendant lacks knowledge or information about this statement.

## VI. <u>The Conspirators Agreed To Fix Prices at Artificially High Levels</u>

249. The defendant denies this statement.

250. The defendant lacks knowledge or information about this statement.

251. The defendant lacks knowledge or information about this statement.

252. The defendant lacks knowledge or information about this statement.

253. The defendant lacks knowledge or information about this statement.

254. The defendant denies this statement in part. The defendant is not close to all Anderson family and at no time did a conspiracy exist.

255. The defendant denies this statement in part. The defendant did speak with some of the family members, but at no time did they speak to fix prices.

256. The defendant lacks knowledge or information about this statement.

257. The defendant lacks knowledge or information about this statement.

258. The defendant lacks knowledge or information about this statement.

259. The defendant lacks knowledge or information about this statement.

260. The defendant lacks knowledge or information about this statement.

261. The defendant lacks knowledge or information about this statement.

262. The defendant lacks knowledge or information about this statement.

263. The defendant lacks knowledge or information about this statement.

264. The defendant denies this statement. The conversation was miscommunicated. When the defendant referred to Defendant, Kirk Beebe's attorney, he stated he is a "slick dude" because of the way he dressed and the type of vehicle he owned. This was only discussed during a conversation regarding the possible carbon Sequestration lease option with California Resource Corporation.

265.The defendant denies this statement. The defendant did not speak with an attorney regarding any sale of his property. There was never any conversation concerning a conspiracy against the Plaintiff.

266. The defendant denies this statement in part. The defendant understands that these properties have been farmed by the same family for generations. The defendant understood that Paul Dietrich and Nancy Roberts had intended to keep the family homestead and never had intentions of selling at any price.

267. The defendant lacks knowledge or information about this statement.

268. The defendant lacks knowledge or information about this statement.

269. The defendant lacks knowledge or information about this statement.

270. The defendant lacks knowledge or information about this statement.

271. The defendant lacks knowledge or information about this statement.

## VII. Flannery Has Suffered Antitrust Injury as a Result of the Price-Fixing Conspiracy

272. The defendant denies this statement.

273. The defendant denies this statement.

274. The defendant lacks knowledge or information about this statement.

275. The defendant denies this statement. The defendant did not conduct any illegal price-fixing conspiracy.

**A. Overcharge Damages for Purchases**
**From the Conspirators and Their co-Owners**

1. Purchases From the Conspirators

276. The defendant denies this statement.

277. The defendant lacks knowledge or information about this statement.

278. The defendant agrees to this statement.

279. The defendant agrees to this statement.

280. The defendant lacks knowledge or information about this statement.

281. The defendant lacks knowledge or information about this statement.

2. Purchases From Co-Owners of the Conspirators

282. The defendant denies this statement. The defendant denies that any price-fixing conspiracy occurred.

283. The defendant lacks knowledge or information about this statement.

284. The defendant lacks knowledge or information about this statement.

285. The defendant lacks knowledge or information about this statement.

286. The defendant lacks knowledge or information about this statement.

287. The defendant lacks knowledge or information about this statement.

288. The defendant lacks knowledge or information about this statement.

**B. Lost Profits From Inability To Purchase Properties From the Conspirators**

289. The defendant denies this statement. The defendant also denies that any price-fixing occurred.

290. The defendant lacks knowledge or information about this statement.

291. The defendant lacks knowledge or information about this statement.

292. The defendant denies this statement in part. It is the defendant's knowledge that REA with Richard Anderson as Trustee ever intended to sell the property solely owned by REA.

293. The defendant lacks knowledge or information about this statement.

294. The defendant denies this statement. The defendant also denies that any price-fixing occurred.

**C. Overcharge Damages for Purchases from Third Parties**

295. The defendant denies this statement. The defendant also denies that any price-fixing occurred.

296. The defendant denies this statement. The defendant denies that a conspiracy existed. However, several generations of family owned property in the same county lead to a familiarity with each other.

297. The defendant denies this statement. It defendant's knowledge is that REA's decision to sell was independent of other land owners in the area.

298. The defendant lacks knowledge or information about this statement.

299. The defendant lacks knowledge or information about this statement.

300. The defendant denies this statement in part. The defendant did have conversation with the Plaintiff's representative regarding property values that other parties received.

301. The defendant denies this statement. The defendant denies a price-fixing conspiracy occurred.

302. The defendant denies this statement.

303. The defendant lacks knowledge or information about this statement.

304. The defendant lacks knowledge or information about this statement.

305. The defendant denies this statement. The defendant denies any price-fixing conspiracy occurred.

**D. Lost Profits From Inability To Purchase Properties From Third Parties**

306. The defendant lacks knowledge or information about this statement.

307. The defendant denies this statement.

308. The defendant denies this statement. The defendant denies that any price-fixing conspiracy occurred. It is the defendant's knowledge that most of these properties were inherited from four generations and may have taken time to possibly decide to let them go, but not due to price-fixing.

309. The defendant lacks knowledge or information about this statement.

310. The defendant lacks knowledge or information about this statement.

311. The defendant lacks knowledge or information about this statement.

312. The defendant denies this statement in part. The defendant's particular family property's intent was to leave this property to their children, therefore, tey were not willing to sell to anyone at any price.

313. The defendant denies this statement.

**CAUSES OF ACTION**

**COUNT ONE**

**(Violation of Section 1 of the Sherman Act, 15 U.S.C. §1)**

314. The defendant denies this statement.

315. The defendant denies this statement.

316. The defendant denies this statement.

317. The defendant denies this statement.

318. The defendant denies this statement.

319. The defendant denies this statement.

320. The defendant denies this statement.

321. The defendant denies this statement.

322. The defendant denies this statement.

**COUNT TWO**

**(Violation of Cartwright Act, Cal. Bus. & Prof. Code §§ 16720 *et seq.*)**

323. The defendant denies this statement.

324. The defendant denies this statement.

325. The defendant denies this statement.

326. The defendant denies this statement.

327. The defendant denies this statement.

328. The defendant denies this statement.

329. The defendant denies this statement.

330. The defendant denies this statement.

331. The defendant denies this statement.

**COUNT THREE**

**(Violation of Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*)**

332. The defendant denies this statement.

333. The defendant denies this statement.

334. The defendant denies this statement.

335. The defendant denies this statement.

336. The defendant denies this statement.

337. The defendant denies this statement.

338. The defendant denies this statement.

339. The defendant denies this statement.

**PRAYER FOR RELIEF**

WHEREFORE, the defendant prays for the following:

1. The defendant be dismissed as a defendant as an individual and Trustee of the REA Properties Trust with prejudice;

2. The defendant's attorney fees and costs are paid;

3. For such other and further relief as the court deems just.

Dated this 7th of June, 2023

LAW OFFICE OF LEN REIDREYNOSO

Len ReidReynoso, Attorney for Defendant, Richard Anderson

I have read the foregoing Response to Complaint for Damages and Injunctive Relief and know its contents.

I am a party to this action. The matters stated in it are true of my knowledge except as to those matters, which are stated in information and belief, and as to the matters, I believe them to be true. I declare under penalty of perjury under the laws of the State of California that the forgoing is true and correct.

Executed on June 7th, 2023, at Galt, California.

RICHARD ANDERSON, as individual

I have read the foregoing Response to Complaint for Damages and Injunctive Relief and know its contents.

I am a party to this action. The matters stated in it are true of my knowledge except as to those matters, which are stated in information and belief, and as to the matters, I believe them to be true. I declare under penalty of perjury under the laws of the State of California that the forgoing is true and correct.

Executed on June 7th, 2023, at Galt, California.

RICHARD ANDERSON, as Trustee of
The REA Properties Trust