BUCHALTER
A Professional Corporation
KEVIN T. COLLINS (SBN: 185427)
ADAM SMITH (SBN: 322035)
NATALIYA SHTEVNINA (SBN: 339094)
500 Capitol Mall, Suite 1900
Sacramento, CA 95814
Telephone: 916.945.5170
Email: kcollins@buchalter.com
       apsmith@buchalter.com
       nshtevnina@buchalter.com

Attorneys for Defendants
Ned Anderson (individually and as trustee of the Ned Kirby Anderson Trust), Neil Anderson, Glenn Anderson, Janet Blegen (individually and as trustee of the Janet Elizabeth Blegen Separate Property Trust), Robert Anderson (individually and as trustee of the Robert Todd Anderson Living Trust), Stan Anderson, Lynne Mahre, Sharon Totman, Amber Bauman and Christopher Wycoff

| | |
|---|---|
| C. Matthew Gaebe, SBN 263240<br>Thomas E. Hornburg, SBN201324<br>William N. Hannah, SBN 293121<br>HOUK & HORNBURG, INC.<br>206 S. Mooney Blvd.<br>Visalia, California 93291<br>Telephone: 559/733-1065<br>Facsimile: 559/733-7226<br><br>Attorneys for Defendant Richard Anderson, (Individually and as Trustee of the REA Properties Trust) | HOGE, FENTON, JONES & APPEL, INC.<br>STEVEN J. KAHN<br>ALEXANDER H. RAMON<br>6801 Koll Center Parkway, Suite 210<br>Pleasanton, CA 94566<br>Telephone: (925) 224-7780<br>steven.kahn@hogefenton.com<br>alex.ramon@hogefenton.com<br><br>Attorneys for Defendant<br>Ronald Gurule (individually and as trustee of the Ronald Gurule 2013 Family Trust)<br><br>DAVIS WRIGHT TREMAINE LLP<br>ALLISON A. DAVIS<br>SANJAY M. NANGIA<br>50 California Street, 23rd Floor<br>San Francisco, CA 94111<br>Telephone: (415) 276-6500<br>allisondavis@dwt.com<br>sanjaynangia@dwt.com<br><br>Attorneys for Defendant<br>William C. Dietrich<br>(individually and as trustee of the Child's Trust FBO William C. Dietrich, a subtrust under the Trust of William C. Dietrich and Ivanna S. Dietrich) |

BN 79802250v1                                1

**DECLARATION OF ADAM P. SMITH IN SUPPORT OF JOINT STATEMENT RE DISCOVERY DISPUTE**

| | | |
|---|---|---|
| 1 | RIMON, P.C.<br>GABRIEL G. GREGG (SBN 187333) | ROPERS MAJESKI PC<br>MICHAEL J. IOANNOU (SBN: 95208) |
| 2 | gabriel.gregg@rimonlaw.com<br>800 Oak Grove Avenue, Suite 250 | DAVID B. DRAPER (SBN: 107790)<br>KEVIN W. ISAACSON (SBN: 281067) |
| 3 | Menlo Park, California 94025<br>Telephone: 650.461.4433 | 333 West Santa Clara St., Suite 910<br>San Jose CA 95113 |
| 4 | Facsimile: 650.461.4433 | Telephone: (650) 814 5987<br>david.draper@ropers.com |
| 5 | Attorneys for the<br>MAHONEY DEFENDANTS | Attorneys for Defendants<br>Paul Dietrich (individually and as trustee of |
| 6 | | the Child's Trust FBO Paul S. Dietrich, a<br>subtrust under the Trust of William C. |
| 7 | | Dietrich and Ivanna S. Dietrich; John Alsop<br>(individually and as trustee of the John G. |
| 8 | | Alsop Living Trust), Nancy Roberts<br>(individually and as trustee of the Nancy C. |
| 9 | | Roberts Living Trust), Janet Zanardi<br>(individually and as trustee of Trust A under |
| 10 | GLYNN, FINLEY, MORTL, | the Zanardi Revocable Trust) |
| 11 | HANLON & FRIEDENBERG, LLP<br>CLEMENT L. GLYNN, Bar No. 57117 | |
| 12 | cglynn@glynnfinley.com<br>ADAM FRIEDENBERG, Bar No. 205778 | |
| 13 | afriedenberg@glynnfinley.com<br>ROBERT C. PHELPS, Bar No. 106666 | |
| 14 | bphelps@glynnfinley.com<br>MORGAN K. LOPEZ, Bar No. 215513 | |
| 15 | mlopez@glynnfinley.com<br>One Walnut Creek Center | |
| 16 | 100 Pringle Avenue, Suite 500<br>Walnut Creek, CA 94596 | |
| 17 | Telephone: (925) 210-2800<br>Facsimile: (925) 945-1975 | |
| 18 | | |
| 19 | Attorneys for Defendants Ian Anderson<br>(Individually and as Trustee of the Ian and | |
| 20 | Margaret Anderson Family Trust), Margaret<br>Anderson (Individually and as Trustee of the | |
| 21 | Ian<br>and Margaret Anderson Family Trust), Neil | |
| 22 | Anderson, and Maryn Anderson | |
| 23 | /// | |
| 24 | /// | |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLANNERY ASSOCIATES LLC,<br><br>Plaintiff,<br><br>vs.<br><br>BARNES FAMILY RANCH ASSOCIATES, LLC, LAMBIE RANCH ASSOCIATES, LLC, KIRBY HILL ASSOCIATES, LLC, BARNES FAMILY RANCH CORPORATION, LAMBIE RANCH CORPORATION, KIRBY HILL CORPORATION, KIRK BEEBE, SUSAN BEEBE FURAY, MURRAY BANKHEAD (INDIVIDUALLY AND AS TRUSTEE FOR THE BAUMBACH FAMILY TRUST), MICHAEL RICE (INDIVIDUALLY AND AS TRUSTEE FOR THE RICE FAMILY TRUST); CHRISTINE MAHONEY LIMITED PARTNERSHIP, CHRISTINE MAHONEY LIMITED PARTNERSHIP MANAGEMENT COMPANY, EMIGH LAND LP, EL GENERAL PARTNER, LLC, CHRISTINE MAHONEY (INDIVIDUALLY AND AS TRUSTEE OF THE MAHONEY 2005 FAMILY TRUST), DANIEL MAHONEY (INDIVIDUALLY AND AS TRUSTEE OF THE MAHONEY 2005 FAMILY TRUST); IAN ANDERSON (INDIVIDUALLY AND AS TRUSTEE OF THE IAN AND MARGARET ANDERSON FAMILY TRUST), MARGARET ANDERSON (INDIVIDUALLY AND AS TRUSTEE OF THE IAN AND MARGARET ANDERSON FAMILY TRUST), NEIL ANDERSON, MARYN ANDERSON, WILLIAM DIETRICH (INDIVIDUALLY AND AS TRUSTEE OF THE CHILD'S TRUST FBO WILLIAM C. DIETRICH, A SUBTRUST UNDER THE TRUST OF WILLIAM C. DIETRICH AND IVANNA S. DIETRICH), PAUL DIETRICH (INDIVIDUALLY AND AS TRUSTEE OF THE CHILD'S TRUST FBO PAUL S. DIETRICH, A SUBTRUST UNDER THE TRUST OF WILLIAM C. DIETRICH AND IVANNA S. DIETRICH), JOHN ALSOP (INDIVIDUALLY AND AS TRUSTEE OF THE JOHN G. ALSOP LIVING TRUST), NANCY ROBERTS (INDIVIDUALLY AND AS TRUSTEE OF THE NANCY C. ROBERTS | Case No. 2:23-CV-00927-TLN-AC<br><br>**DECLARATION OF ADAM P. SMITH IN SUPPORT OF JOINT STATEMENT RE DISCOVERY DISAGREEMENT**<br><br>Date:       December 20, 2023<br>Time:      10 a.m.<br>Dept.:      Courtroom 26, 8th Floor<br>Before:    Hon. Allison Claire<br><br>Trial Date:    None Set |

| | |
|---|---|
| 1 | LIVING TRUST), JANET ZANARDI (INDIVIDUALLY AND AS TRUSTEE OF TRUST A UNDER THE ZANARDI REVOCABLE TRUST), RONALD GURULE (INDIVIDUALLY AND AS TRUSTEE OF THE RONALD GURULE 2013 FAMILY TRUST), RICHARD ANDERSON (INDIVIDUALLY AND AS TRUSTEE OF THE REA PROPERTIES TRUST), DAVID ANDERSON (INDIVIDUALLY AND AS TRUSTEE OF THE IRWIN E. ANDERSON SURVIVOR'S TRUST), DEBORAH WORKMAN (INDIVIDUALLY AND AS TRUSTEE OF THE IRWIN E. ANDERSON SURVIVOR'S TRUST), CAROL HOFFMAN (INDIVIDUALLY AND AS TRUSTEE OF THE IRWIN E. ANDERSON SURVIVOR'S TRUST), NED ANDERSON (INDIVIDUALLY AND AS TRUSTEE OF THE NED KIRBY ANDERSON TRUST), NEIL ANDERSON, GLENN ANDERSON, JANET BLEGEN (INDIVIDUALLY AND AS TRUSTEE OF THE JANET ELIZABETH BLEGEN SEPARATE PROPERTY TRUST), ROBERT ANDERSON (INDIVIDUALLY AND AS TRUSTEE OF THE ROBERT TODD ANDERSON LIVING TRUST), STAN ANDERSON, LYNNE MAHRE, SHARON TOTMAN, AMBER BAUMAN, CHRISTOPHER WYCOFF; AND JOHN DOES 1-50, |
| 17 | Defendants. |

**DECLARATION OF ADAM P. SMITH**

I, ADAM P. SMITH, declare as follows:

1. I am making this Declaration based upon my personal knowledge and state affirmatively, that if called as a witness, I can testify competently to the facts set forth herein. I am over 18 years of age.

2. I am an attorney at law licensed to practice before all of the courts of the State of California and the United States District Court for the Eastern District of California. I am an Associate with Buchalter, A Professional Corporation and counsel of record for Defendants Ned Anderson (individually and as trustee of the Ned Kirby Anderson Trust), Neil Anderson, Glenn Anderson, Janet Blegen (individually and as trustee of the Janet Elizabeth Blegen Separate Property Trust), Robert Anderson (individually and as trustee of the Robert Todd Anderson Living Trust), Stan Anderson, Lynne Mahre, Sharon Totman, Amber Bauman and Christopher Wycoff.

3. Plaintiff electronically sent written Requests for Production of Documents ("RFPs") to all Defendants on September 7, 2023 five days prior to the parties' Rule 26(f) conference. Attached to this Declaration as **Exhibit A** is a true and correct example of one of the 27 identical sets of RFPs issued to the various Defendants. Each RFP set contained 10 requests for production. These were obviously premature. Indeed, Plaintiff's counsel stated that the requests were being sent "in the hope of making the [Rule 26] discussion more productive" because defense counsel had already told them that their position was that, to obviate unnecessary expense, all discovery should be stayed pending the Court's decision on the Motion to Dismiss. In recognition of this position, Plaintiff's pre-conference correspondence also offered a compromise: it would agree to stay discovery generally, provided the Defendants would agree to respond to the first three requests for production categories.

4. The parties met and conferred over two sessions. During the first session, Defendants told Plaintiff that they were inclined to recommend the proposed compromise to their clients subject to conditions. First, because the requests were extremely broad and sought "all communications," this category would extend to intra-family communications, or

communications with other so-called conspirators (there are many inter-family friendships across the farming community) that did not pertain to the potential sale of land.  Plaintiff agreed that the requests should not be interpreted so broadly.

5. Second, one defense counsel made clear that he would not agree to any discovery that defined the defendants as "CONSPIRATORS."  Plaintiff suggested this could be revised to address this concern.

6. Third, defense counsel proposed that defendants be permitted to jointly serve three document requests.  Plaintiff's counsel agreed to this in principle but asked to see the three defense requests prior to the next meet-and-confer session.  Defense counsel complied with this request.  On September 19, during their second meet and confer session, Plaintiff's lead counsel said he had reviewed the defense requests for production, which appeared "reasonable."  Both sides agreed that they would retain the right to object to any request, as in the normal case.

7. On September 29, 2023, Plaintiff withdrew its proposed compromise regarding discovery phasing, at which point Defendants deemed the Rule 26(f) conference complete. Plaintiff failed, however, to re-serve its requests for production, or to modify the definitions in the manner discussed above.  Because Plaintiff now contends it properly served its requests, on October 18, 2023 Defendants filed the Motion, which stayed its obligations to respond to the RFPs.

8. After the Rule 26 meet and confer process was completed, Plaintiff served 11 subpoenas on third parties with return dates in the first half of December.  On November 15, 2023, Defendants requested that Plaintiff voluntarily agree to stay the third-party subpoenas until the pending Motion to Dismiss is decided.  Plaintiff refused.  Attached to this Declaration as **Exhibit B** is a true and correct example of one of the 11 sets of subpoenas issued to the various third parties. Each subpoena largely mirrors the RFPs issued to Defendants inasmuch as they broadly seek communications with Flannery, communications with Defendants, and records regarding valuation of sale of real property interests in Solano County.

9. While not directly relevant to this Motion, Defendants take issue with several statements made by Plaintiff in its Statement concerning scheduling the Rule 26(f) conference.

First, despite the traditional obligation to do so, Plaintiff did not reach out to Defendants to schedule a Rule 26(f) conference until July 31, 2023, well after its obligation to do so pursuant to this Court's pretrial schedule (Dkt. 3, Section III). This delay led Defendants to conclude that Plaintiff had determined to forego the Rule 26(f) conference, and the consequent launch of discovery, pending the Motion to Dismiss which had been filed on July 11, 2023 (Dkt. 78). Second, upon Plaintiff's reach out, Defendants communicated their joint position that a Rule 26(f) conference was not necessary, and that discovery certainly should not commence pending the Court's decision on the Motion to Dismiss. When Plaintiff threatened a motion, Defendants agreed to participate in the Rule 26(f) conference and, in good faith given counsel schedules, agreed to attend at the earliest date, with a preference for an in-person meeting which then had to be adjusted based on changed counsel schedules.  As noted above, at the two Rule 26(f) conferences, the main topic of discussion was the "package" deal on discovery which Defendants (and Plaintiff) agreed to in principle, but which Plaintiff subsequently rejected unilaterally for spurious reasons.

10. The Defendants consider this action meritless as a matter of law and, as noted, was filed to burden property owners who refused to sell property with the expense of litigation. Indeed, certain of the defendants sued by Plaintiff in this action have already succumbed and agreed to sell their property to Plaintiff.  The remaining defendants have filed a Motion to Dismiss the case, which is under submission and pending before Judge Nunley. Defendants are aware of no factual disputes relevant to this Motion.

11. The present action is just the most recent example of Flannery utilizing frivolous and costly litigation to force landowners to surrender their land under.  For example, in *Gassy Lassy L.P. v. Barnes Family Ranch Corp., et al*, Case No. 34-2022-00329651, filed in Sacramento County Superior Court, Plaintiff sued the Barnes family for causes of action stemming from the family's unwillingness to sell to Plaintiff.[1]  There, eight branches of descendants owned that land.  Seven of the eight wished to continue to farm and the eighth wished to sell.  So, Plaintiff decided to divide-and-conquer, acquiring the one-eighth share and

---

[1] Certain of those defendants were also named as defendants in this case.

then suing the other seven. Once litigation was filed, the tactics were clear: Plaintiff would use the expense of litigation to drive the farmers to surrender. The farmers' only offense was their desire *not to sell* land their families had, in some cases, owned for generations.

12. Plaintiff used similar strong-arm tactics in its cases against the Hamilton family filed in Solano County Superior Court. *See, e.g.*, *Arran LLC et al. v. Richard Hamilton, et al.*, Case No. FCS059348. In that litigation, Plaintiff acquired a membership interest in the Hamilton's family land-holding entity and filed suit against the remaining family members. The impetus of the suit was that the Hamiltons had sought to lease some of their holdings for agriculture and sell others for conservation easements, rather than sell to Plaintiff. In that suit, Plaintiff's lawyers recognized that the conservation easements appealed to the Hamiltons because they desired to continue farming the land, as they had for more than fifty years. Nonetheless, Plaintiff alleged that the Hamiltons should have accepted Plaintiff's offer instead, because it was too good to refuse. Not surprisingly, Plaintiff has reportedly settled its litigation against Solano County families not for money damages, but by negotiating deals that allowed Plaintiff to purchase the land it had otherwise been unable to acquire.[2]

13. For the reasons further detailed in Defendants' portion of the Joint Statement, Defendants are confident that Flannery intends to weaponize the costs and burden of discovery in this matter in order to add pressure for Defendants to sell their land. My clients, like the other farming family Defendants in this matter, simply do not have the resources to engage in such complex multi-party antitrust discovery while Defendants' Motion to Dismiss is pending, and will be both burdened financially and embarrassed within their community. This is presumably why Flannery has chosen to aggressively pursue extensive party and third-party discovery while the Motion to Dismiss is pending.

14. Flannery makes a specious argument that there is risk of spoliation of evidence, but this entire argument is premised on a mischaracterization of a now-settled party's prior

---

[2] Defendants respectfully request that the Court take judicial notice of these cases pursuant to Fed. R. Evid. 201.

testimony in a separate unrelated matter.[3]  Defendants' preservation obligations were set forth in formal "Document Retention and Preservation Notices" issued by Flannery along with the original service packets of the Complaint.  Attached to this Declaration as **Exhibit C** is a true and correct example of one of these Notices, which were provided to each Defendant.  Defendants understand their obligations to preserve evidence since Flannery initiated this action, and Flannery offers no evidence to suggest otherwise.

      I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct, and that this declaration was executed on December 4, 2023, at Sacramento, California.

                                                    */s/ Adam P. Smith*
                                                    ADAM P. SMITH

---

[3] Contrary to Flannery's accusations, Kirk Beebe did not testify that he actively deleted text messages nor does his testimony provide any evidence that he acted in bad faith.  Rather, when asked if he recalled deleting a text message, Mr. Beebe testified: "I don't recall. I mean, I was forwarding it on, and I could have deleted it. You know, I'm not, I'm not tech savvy like a 25 year old is. I'm 64 years old."  (Menitove Decl. Ex. 8 at 81:22-83:7.)  Mr. Beebe simply did not have the technical sophistication to explain potential reasons why a text message was not included with records of his phone imaged by a third-party vendor.