UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLANNERY ASSOCIATES LLC, | No. 2:23-cv-0927 TLN AC |
| Plaintiff, | |
| v. | ORDER |
| BARNES FAMILY RANCH ASSOCIATES, LLC, et al., | |
| Defendants. | |

This matter is before the court on defendants' motion for a protective order staying discovery in this case pending resolution of a fully briefed and submitted dispositive motion. ECF No. 85. The instant motion is before a magistrate judge pursuant to E.D. Cal. R. 302(c)(1). The parties filed a joint statement, ECF No. 93, and appeared for oral argument on December 20, 2023. Natalia Shtevnina argued on behalf of the moving defendants and Thomas J. Smith argued on behalf of plaintiff. For the reasons stated below, the court GRANTS the motion on a limited basis by issuing a stay of discovery for 100 days or until the motion to dismiss is decided, whichever is sooner.

**I.    Relevant Background**

Plaintiff Flannery Associates filed this case on March 18, 2023. ECF No. 1. Flannery is a Delaware limited liability company which, since 2018, has been purchasing rangeland properties in the Jepson Prairie and Montezuma Hills areas of Solano County. ECF No. 1 at 5. Flannery

1

has purchased or is under contract to purchase approximately 140 properties. Id. Plaintiff contends that defendants, a group of landowners, repeatedly engaged with Flannery to discuss possible sales, only to defer further negotiations under various pretenses, and have conspired with one another to drive up the cost of their properties through a price-fixing conspiracy. Id. at 5-8. Plaintiffs sued the defendants for violations of Section 1 of the Sherman Act, 15 U.S.C. §1, and derivative violations of the California Business and Professions Code. Id. at 53-56.

Defendants filed a motion to dismiss on July 11, 2023, arguing most fundamentally that the real estate transactions at issue do not come within the reach of the Sherman Act. ECF No. 78. Defendants also contend that plaintiff lacks "antitrust standing" due to lack of cognizable injury, and that the allegations do not state claims for relief. These arguments are predicated on defendants' underlying theory that all claims fail as a matter of law because the nature of the real estate negotiations and transactions at issue puts them outside the scope of anti-trust law. See id. at 12-13 (contending that all claims fail as a matter of law) and *passim*; ECF No. 82 (reply) at 4-5 (arguing that the Sherman Act does not govern unique real property transactions). The motion to dismiss was fully briefed and submitted on the papers to District Judge Troy L. Nunley as of August 24, 2023. ECF No. 81. A decision remains pending.

## II.   Motion to Stay Discovery

A. Legal Standards

District courts exercise "wide discretion in controlling discovery." Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988). The court has broad discretion to stay proceedings as an incident to its power to control its docket. Clinton v. Jones, 520 U.S. 681, 706 (1997); see Lockyer v. Mirant Corp., 398 F.3d 1098, 1109 (9th Cir. 2005) (citing Landis v. North American Co., 299 U.S. 248, 254 (1936) (stating power to stay proceedings is incidental to power inherent in court to control cases with economy for itself, counsel and litigants)). A party may seek a protective order staying discovery pending resolution of a potentially dispositive motion such as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). See, e.g., Wenger v. Monroe, 282 F.3d 1068, 1077 (9th Cir. 2002) (affirming district court's grant of protective order staying discovery pending resolution of motion to dismiss). The ordinary course of litigation is

for discovery to proceed in the face of a pending dispositive motion, and courts do not favor blanket stays of discovery because "delaying or prolonging discovery can create unnecessary litigation expenses and case management problems." Salazar v. Honest Tea, Inc., 2015 U.S. Dist. LEXIS 146357 at *4, 2015 WL 6537813 at *1 (E.D. Cal. 2015) (citation omitted). On the other hand, a stay of discovery pending the resolution a potentially dispositive motion furthers the goal of efficiency for the courts and the litigants. See, e.g., Little, 863 F.2d at 685.

Courts in the Ninth Circuit often employ a two-part test to determine if delaying discovery is appropriate: (1) whether the pending motion is potentially dispositive of the case, or at least would render unnecessary the discovery at issue; and (2) the pending motion can be decided absent additional discovery. Salazar, 2015 U.S. Dist. LEXIS 146357 at *4, 2015 WL 6537813 at *2. The first prong is not satisfied if disposition of the motion would likely involve leave to amend. See, e.g., Mlejnecky v. Olympus Imaging Am., Inc., 2011 U.S. Dist. LEXIS 16128 at *32, 2011 WL 489743 at *9 (E.D. Cal. Feb. 7, 2011) (finding a pending motion to dismiss not dispositive of the case where the Magistrate Judge anticipated that, even if the motion were granted, the District Judge would grant leave to amend). "In applying the two-factor test, the court deciding the motion to stay must take a 'preliminary peek' at the merits of the pending dispositive motion to assess whether a stay is warranted." Yamasaki v. Zicam LLC, No. 21-CV-02596-HSG, 2021 U.S. Dist. LEXIS 157156, 2021 WL 3675214, at *1 (N.D. Cal. Aug. 19, 2021) (citation omitted).

Whether discovery should be stayed pending the outcome of a dispositive motion involves a case-by-case analysis. The factors the court should consider include: " '[T]he type of motion and whether it is a challenge as a "matter of law' or the 'sufficiency' of the allegations; the nature and complexity of the action; whether counterclaims and/or cross-claims have been interposed; whether some or all of the defendants join in the request for a stay; the posture or stage of the litigation; the expected extent of the discovery in light of the number of parties and complexity of the issues in the case; and any other relevant circumstances.' " Skellerup Industries Limited v. City of Los Angeles, 163 F.R.D. 598, 601 (C.D. Cal. 1995) (quoting Hachette Distribution, Inc. v. Hudson County News Company, 136 F.R.D. 356, 358 (E.D.N.Y. 1991)). The court must balance

the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for the discovery. Salazar, 2015 U.S. Dist. LEXIS 146357 at *4, 2015 WL 6537813 at *2 (citations omitted).

B. Analysis

The undersigned first considers the two-factor test. It is readily apparent that the pending motion is potentially dispositive of the case and does not itself depend on any discovery. The parties agree that if Judge Nunley accepts defendants' argument as to the scope of the Sherman Act, the case will be entirely resolved at the district court level. Should Judge Nunley conclude that the Sherman Act does not apply as a matter of law to the events described in the complaint, amendment would be futile. Having taken a "preliminary peek" at the motion to dismiss, the undersigned finds that this outcome is sufficiently likely to warrant consideration of the other factors relevant to the decision whether or not to stay discovery.[1]

Turning to the circumstances identified in Skellerup, supra, the court considers first the type of dispositive motion at issue. As already noted, it is significant that the pending motion to dismiss rests primarily on a challenge to plaintiff's claims as a "matter of law." Defendants' discussion of Rule 12(b)(6) pleading standards and their alternative arguments as to the sufficiency of allegations do not raise a realistic possibility of amendment, because they will be moot if the district judge grants the motion on the primary grounds asserted: that the Sherman Act

---

[1] While recognizing the district courts' discretion to stay discovery during the pendency of a potentially dispositive motion, and also recognizing limits to that discretion, the Ninth Circuit has itself never clearly articulated a standard for the evaluation of such requests. Specifically regarding the necessary strength of the pending motion and the likelihood of its success, district courts in the circuit have applied various standards ranging from a "clear possibility" that the motion will be granted, see e.g., GTE Wireless, Inc. v. Qualcomm, Inc., 192 F.R.D. 284, 287 (S.D. Cal. 2000), to a requirement that the court be "convinced" that plaintiff will be unable to state a claim for relief, see e.g., Twin City Fire Ins. Co. v. Employers Ins. of Wausau, 124 F.R.D. 652, 653 (D. Nev. 1989). The latter formulation comes from Wood v. McEwen, 644 F.2d 797, 801 (9th Cir. 1981) (per curiam), which approves the granting of a stay where the district court is "convinced" plaintiff cannot state a claim. Wood did not hold that a stay may *only* be granted where the judge deciding the discovery motion is "convinced" that plaintiff cannot state a claim. Here, the merits of the motion to dismiss are for Judge Nunley to decide, and it would subvert the proper relationship between the assigned magistrate judge and district judge to adopt a standard effectively requiring the undersigned to be "convinced," i.e., to render an opinion, as to the proper outcome of a dispositive motion.

does not apply to the conduct described in the complaint. This weighs in favor of a stay, particularly when considered together with the other pertinent factors.

As to the nature and complexity of the action, this case presents complex and perhaps novel questions of law as demonstrated by the briefing on the motion to dismiss. The factual complexity of the case is demonstrated by the sheer number of defendants and alleged conspirators named in the complaint, as well as the number of properties identified and the number of transactions and/or negotiations either directly involved in or forming the relevant background to the claims. See generally, ECF No. 1. The large number of parties and factual complexity both clearly indicate that discovery will be extensive, time-intensive, and expensive for all. The action currently involves 27 different named defendants, all of whom face potentially unnecessary discovery burdens and all of whom join the motion for a stay. Finally, the posture of the case supports a stay as the case is in its earliest stages and no scheduling order has yet issued. In sum, the undersigned concludes that the Skellup factors weigh in favor of a stay of discovery.

The court has considered plaintiff's contention that it will be prejudiced by a stay, and finds its arguments in this regard to be speculative. A delay always has downsides, but any harm to plaintiff can be mitigated by making the stay temporary. The court finds that stay limited to 100 days or until the motion to dismiss is resolved, whichever is sooner, is not prejudicial to plaintiff. The defendants are aware of their obligations to preserve evidence, and the court does not anticipate that there will be any meaningful loss of evidence resulting from a temporary stay. Conversely, if the motion to dismiss is resolved in defendants' favor, the loss of time and resources avoided by a temporary discovery stay would be significant.

Ultimately, the court's duty is to balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for the discovery. Salazar, 2015 U.S. Dist. LEXIS 146357 at *4, 2015 WL 6537813 at *2. Guided by Rule 1, Fed. R. Civ. P., which requires that all rules be construed and applied "to secure the just, speedy, and inexpensive determination of every action," the undersigned concludes that justice, efficiency and economy are all served by the grant of a temporary stay of discovery.

////

### III. Conclusion

The defendants' motion to stay discovery (ECF No. 85) is hereby GRANTED in part, in that discovery in this case is STAYED for 100 days from the date of this order, or until such time as an order is issued on the pending motion to dismiss (ECF No. 78), whichever is sooner. Any motion to extend the stay must be filed prior its expiration.

IT IS SO ORDERED.

DATED: December 21, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE