MATTHEW M. MARTINO (*pro hac vice*)
matthew.martino@skadden.com
MICHAEL H. MENITOVE (*pro hac vice*)
michael.menitove@skadden.com
EVAN LEVICOFF (*pro hac vice*)
evan.levicoff@skadden.com
THOMAS J. SMITH (*pro hac vice*)
thomas.smith@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Facsimile: (917) 777-3000

LANCE A. ETCHEVERRY (SBN 199916)
lance.etcheverry@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California 94301
Telephone: (650) 470-4500
Facsimile: (650) 470-4570

*Attorneys for Plaintiff*
*FLANNERY ASSOCIATES LLC*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Flannery Associates LLC, | Case No.: 2:23-cv-00927-TLN-AC |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| Barnes Family Ranch Associates, LLC, *et al.*, | |
| Defendants. | |

Plaintiff Flannery Associates LLC and Defendants Ian Anderson (individually and as trustee of the Ian and Margaret Anderson Family Trust), Margaret Anderson (individually and as trustee of the Ian and Margaret Anderson Family Trust), Neil Anderson, Maryn Anderson, William Dietrich (individually and as trustee of the Child's Trust FBO William C. Dietrich, a subtrust under the Trust of William C. Dietrich and Ivanna S. Dietrich), Paul Dietrich (individually and as trustee of the Child's Trust FBO Paul S. Dietrich, a subtrust under the Trust of William C. Dietrich and Ivanna S. Dietrich), John Alsop (individually and as trustee of the John G. Alsop Living Trust), Nancy Roberts (individually and as trustee of the Nancy C. Roberts Living Trust), Janet Zanardi (individually and as trustee of Trust A under the Zanardi Revocable Trust), Ned Anderson (individually and as trustee of the Ned Kirby Anderson Trust), Neil Anderson, Glenn Anderson, Janet Blegen (individually and as trustee of the Janet Elizabeth Blegen Separate Property Trust), Robert Anderson (individually and as trustee of the Robert Todd Anderson Living Trust), Stan Anderson, Lynne Mahre, Sharon Totman, Amber Bauman, Christopher Wycoff, and Richard Anderson (individually and as Trustee of the REA Properties Trust), through their respective counsel, hereby enter into the following Stipulation:

## I. <u>Purpose and Limitations</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order (the "Protective Order").  The Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The Parties further acknowledge that, as set forth in Section XII.3, below, this Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a Party or Non-Party seeks permission from the Court to file material under seal.

## II. Definitions

1. Party: any party to this action, including all of its officers, directors, and employees. Plaintiff and Defendants are referred to collectively as "the Parties."

2. Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

3. Challenging Party: a Party that challenges the designation of information or items under this Protective Order.

4. "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

5. "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party and beyond what is authorized under this Protective Order, would create a substantial risk of serious harm that could not be avoided by less restrictive means.

6. Counsel (without qualifier): Outside Counsel of Record or Non-Party Counsel (as well as their support staffs).

7. Designating Party: a Party or Non-Party that designates information or items it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY."

8. Disclosure or Discovery Material: any item or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), produced or generated in disclosures or responses to discovery in this matter.

9. Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (a) has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action and (b) is not a Party or an employee of a Party.

10. Outside Counsel of Record: attorneys who are not employees of a Party to this action, but are retained to represent or advise a Party to this action and have appeared in this action

3

on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party.

11. Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

12. Protected Material: any Disclosure or Discovery Material designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY."

13. Receiving Party: a Party that receives Disclosure or Discovery Material.

### III. Scope

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. The protections conferred by this Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

### IV. Duration

Even after final disposition of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses by all Parties to this action; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## V. Designating Protected Material

1. <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.

2. <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Protective Order (*see, e.g.*, Section V.2(b) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Protective Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Designating Party affix the legend "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection and it is practical to do so, the Designating Party also must clearly identify the protected portion(s) (e.g., by highlighting Protected Material).

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that may qualify for protection or it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 30 days after receiving a transcript of the proceeding to identify the testimony as to which protection is sought and to specify the level of protection being asserted.

Each Party shall give the other Parties notice if it reasonably expects a deposition, hearing,

or other pretrial or trial proceeding to include Protected Material so that the other Parties can ensure that only authorized individuals are present at those proceedings or can plan to have unauthorized individuals excuse themselves from any portion of a proceeding that includes Protected Material.  The use of a document as an exhibit at a deposition shall not in any way affect its confidentiality designation.

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party.  The Designating Party shall inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of the 30-day period for designation shall be treated during that period as if it had been designated "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed by all Parties.  After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Designating Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY."  If only a portion or portions of the information or item warrant protection, the Designating Party, to the extent practicable, shall identify the protected portion(s).

3. <u>Inadvertent Failures To Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

## VI. <u>Challenging Confidentiality Designations</u>

1. <u>Timing of Challenges</u>.  Any Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is

necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

      2.      <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process under Local Rule 251.

      3.      <u>Joint Stipulation</u>.  Any challenge submitted to the Court shall be via a joint statement pursuant to Local Rule 251.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Until the Court rules on the challenge, all Parties shall afford the material in question the level of protection originally designated.

## VII. <u>Access To and Use of Protected Material</u>

      1.      <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of Section XIII below (FINAL DISPOSITION).  Protected Material must be stored and maintained by a Receiving Party in a secure manner that ensures that access is limited to those authorized under this Protective Order.

      2.      <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose information or any item designated "CONFIDENTIAL" only to:

      (a)      the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation, provided said Outside Counsel of Record and any such employees have signed the "Acknowledgment and Agreement To Be Bound" that is attached hereto as Exhibit

7

A;

(b) the Receiving Party, including officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation, provided the Receiving Party and any such officer, director, or employee has signed the "Acknowledgment and Agreement To Be Bound" (Exhibit A);

(c) Experts (as defined in this Protective Order) to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement To Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staffs and Professional Vendors, provided disclosure to any such person encompassed in this subsection (e) is reasonably necessary for this litigation and the person has signed the "Acknowledgment and Agreement To Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement To Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order; and

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

3. <u>Disclosure of "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY" Information or Items</u>.

(a) Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party shall not disclose any information or item designated "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY" to any other person or entity, except that disclosure may be made consistent with subsections (a), (d), (e), and (g) of Section VII.2 above and Section VII.3(b) below.

(b) Unless otherwise ordered by the Court or agreed to in writing by the Designating

Party, a Party that seeks to disclose to an Expert (as defined in this Protective Order) any information or item that has been designated "ATTORNEYS' EYES ONLY" must abide by the following procedures:

    (i)    The Party first must make a written request to the Designating Party that sets forth the full name of the Expert and the city and state of his or her primary residence, attaches a copy of the Expert's current resume, and identifies the Expert's current employer(s).

    (ii)    The Expert must have signed the "Acknowledgment and Agreement To Be Bound" (Exhibit A).

    (iii)    A Party that makes a request and provides the information specified in Section VII.3(b)(i) above may disclose the information or item designated "ATTORNEYS' EYES ONLY" to the identified Expert unless, within fourteen (14) days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

    (iv)    A Party that receives a timely written objection must meet and confer with the Designating Party to try to resolve the matter by agreement within seven (7) days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Local Rule 251 (and in compliance with the procedures set forth therein) seeking permission from the Court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

**VIII.   Protected Material Subpoenaed or Ordered Produced in Other Litigation**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party that caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## IX. A Non-Party's Protected Material Sought To Be Produced in This Litigation

1. The terms of this Protective Order are applicable to information produced in this action by a Non-Party and designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

2. In the event that a Party is required by a valid discovery request to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a) promptly notify in writing the requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b) promptly provide the Non-Party with a copy of the Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the

information requested; and

          (c)     make the information requested available for inspection by the Non-Party.

    3.     If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

## X. <u>Unauthorized Disclosure of Protected Material</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement To Be Bound" that is attached hereto as Exhibit A.

## XI. <u>Inadvertent Production of Privileged or Otherwise Protected Material</u>

If information is produced in discovery that is subject to a claim of privilege, attorney work product, or of protection as trial-preparation material, the Party making the claim may notify any Party that received the information of the claim and the basis for it. After being notified, a Party must promptly return or destroy the specified information and any copies it has and may not sequester, use, or disclose the information until the claim is resolved. This includes a restriction against presenting the information to the Court for a determination of the claim.

## XII. <u>Miscellaneous</u>

    1.     <u>Right to Further Relief</u>.  Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

    2.     <u>Right To Assert Other Objections</u>.  By stipulating to the entry of this Protective

11

Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by this Protective Order.

3. <u>Filing Protected Material</u>. Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 141.

## XIII.  Final Disposition

Within 60 days after the final disposition of this action, as defined in Section IV, each Receiving Party must return all Protected Material to the Designating Party or destroy such material. As used in this Section, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Designating Party (and, if not the same person or entity, to the Party or Non-Party that produced the Protected Material) by the 60-day deadline that (1) confirms that all the Protected Material was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section IV.

| | | |
|---|---|---|
| Dated: May 8, 2024 | By: | /s/ *Michael H. Menitove* |

Matthew Martino (*pro hac vice*)
matthew.martino@skadden.com
Michael H. Menitove (*pro hac vice*)
michael.menitove@skadden.com
Evan Levicoff (*pro hac vice*)
evan.levicoff@skadden.com
Thomas J. Smith (*pro hac vice*)
thomas.smith@skadden.com
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Facsimile: (917) 777-3000

Lance A. Etcheverry (SBN 199916)
lance.etcheverry@skadden.com
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California 94301
Telephone: (650) 470-4500
Facsimile: (650) 470-4570

*Attorneys for Plaintiff*
*Flannery Associates LLC*

Dated: May 6, 2024

BUCHALTER, APC
KEVIN T. COLLINS
PHILLIP CHAN
ADAM SMITH
NATALIYA SHTEVNINA
500 Capitol Mall, Suite 1900
Sacramento, CA  95814

By   /s/ *Kevin T. Collins*
(*authorized on May 6, 2024*)
Attorneys for Defendants
Ned Anderson (individually and as trustee of the Ned Kirby Anderson Trust), Neil Anderson, Glenn Anderson, Janet Blegen (individually and as trustee of the Janet Elizabeth Blegen Separate Property Trust), Robert Anderson (individually and as trustee of the Robert Todd Anderson Living Trust), Stan Anderson, Lynne Mahre, Sharon Totman, Amber Bauman and Christopher Wycoff

|   |   |   |
|---|---|---|
| Dated: May 6, 2024 | | HOUK & HORNBURG, INC.<br>WILLIAM N. HANNAH<br>C. MATTHEW GAEBE<br>206 S. Mooney Blvd.<br>Visalia, CA 93291 |

By    /s/ *William N. Hannah*
(*authorized on May 6, 2024*)
Attorneys for Defendant Richard Anderson, (Individually and as Trustee of the REA Properties Trust)

Dated: May 6, 2024

GLYNN, FINLEY, MORTL,
HANLON & FRIEDENBERG, LLP
CLEMENT L. GLYNN
ADAM FRIEDENBERG
ROBERT C. PHELPS
MORGAN K. LOPEZ
One Walnut Creek Center
100 Pringle Avenue, Suite 500
Walnut Creek, CA 94596

By    /s/ *Morgan K. Lopez*
(*authorized on May 6,2024*)
Attorneys for Defendants Ian Anderson (Individually and as Trustee of the Ian and Margaret Anderson Family Trust), Margaret Anderson (Individually and as Trustee of the Ian and Margaret Anderson Family Trust), Neil Anderson, and Maryn Anderson

Dated: May 6, 2024

DAVIS WRIGHT TREMAINE LLP
SANJAY M. NANGIA
50 California Street, 23rd Floor
San Francisco, CA 94111

By: */s/Sanjay M. Nangia*
(*authorized on May 6, 2024*)
Attorneys for Defendant
WILLIAM DIETRICH
(individually and as trustee of the Child's Trust FBO William C. Dietrich, a subtrust under the Trust of William C. Dietrich and Ivanna S. Dietrich)

Dated: May 6, 2024

ROPERS MAJESKI PC
MICHAEL J. IOANNOU (SBN: 95208)
DAVID B. DRAPER (SBN: 107790)
KEVIN W. ISAACSON (SBN: 281067)
333 West Santa Clara St., Suite 910
San Jose CA 95113

By ___/s/ *David B. Draper*___
(*authorized on May 6, 2024*)
Attorneys for Paul Dietrich (individually and as trustee of the Child's Trust FBO Paul S. Dietrich, a subtrust under the Trust of William C. Dietrich and Ivanna S. Dietrich; John Alsop (individually and as trustee of the John G. Alsop Living Trust), Nancy Roberts (individually and as trustee of the Nancy C. Roberts Living Trust), Janet Zanardi (individually and as trustee of Trust A under the Zanardi Revocable Trust)

**IT IS SO ORDERED.**

Dated: _____, 2024

_____
HONORABLE ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

15

STIPULATED PROTECTIVE ORDER                           CASE NO. 2:23-CV-00927-TLN-AC

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I,_____[print or type full name], of _____ _____[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California in the case of *Flannery Associates LLC v. Barnes Family Ranch Associates, LLC, et al.*, Case No. 2:23-cv-00927-TLN-AC. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____[print or type full name] of _____ _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____