**EXHIBIT A**

**ROPERS**
**M A J E S K I**

1737 N. Santa Clara St.
Suite 910
San Jose, CA  95113

David B. Draper
d  408.947.4824
david.draper@ropers.com

o  408.287.6262
f  408.918.4501
ropers.com

July 29, 2024

**Via Electronic Mail**
michael.menitove@skadden.com

Michael H. Menitove
Skadden, Arps, Slate, Meagher & Flom LLP
One Manhattan West
New York, NY  10001

    Re: *Flannery Associates LLC v. Barnes Family Ranch Associates, LLC, et al.*
       Our Clients:  Paul Dietrich and William Dietrich

Dear Mike,

   Pursuant to our discussion on July 19, 2024, I am providing the Trust documents for William and Paul Dietrich concerning the ranch property in Solano County. The documents are not subject to Plaintiff's request for production of documents and we are providing them to you as part of our discussions over the Dietrichs' involvement in the litigation.

   The Plan of Distribution that is part of the Trust documents indicates that the ranch property is to be held in the Child's Trust for eventual transfer to the children of William and Paul.  William, however, does not have any children and therefore the ultimate disposition of the real property will go to Paul's children. William currently has a percentage interest in any farming income generated from the land, but other than that, his interest in the real property is more akin to a life estate.  Neither William or Paul had or have any interest in selling the property.

        Sincerely,

        Ropers Majeski PC

        David B. Draper

DBD:mc
Enclosure
cc: Michael J. Ioannou

# TRUST OF WILLIAM C. DIETRICH AND IVANNA S. DIETRICH

I.      DECLARATION OF TRUST
II.     TRUST DURING SETTLORS' JOINT LIVES
III.    TRUST ALLOCATION AFTER FIRST SPOUSE'S DEATH
IV.     SURVIVING SPOUSE'S TRUST
V.      FAMILY BYPASS TRUST
VI.     MARITAL QTIP TRUST
VII.    CHILD'S TRUST
VIII.   OFFICE OF TRUSTEE
IX.     TRUSTEE MANAGEMENT POWERS
X.      TRUSTEE ACCOUNTING AND DISTRIBUTION POWERS
XI.     TRUST ADMINISTRATION PROVISIONS
XII.    CONTEST, DISINHERITANCE, DEFINITIONS
XIII.   EXECUTION AND ACKNOWLEDGMENT

## CERTIFICATE

I, WILLIAM F. JOHNS, hereby declare:

That I am an active member of the State Bar of California;

That the attached pages of the Trust of WILLIAM C. DIETRICH and IVANNA S. DIETRICH agreement designating WILLIAM C. DIETRICH and IVANNA S. DIETRICH as trustees, reciting the powers of the trustees, depicting the settlors' signatures, and acknowledging the signatures, are true and correct copies of the original.

I declare under penalty of perjury that the foregoing statements are true and correct.

Dated: 6/15/94

WILLIAM F. JOHNS
1300 Solano Avenue
Albany, CA 94706

**CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY**

RUBICONSAC
PAGE 1θ

03/31/2010  02:05  9164888031

DIETRICH_TR-000001



## TRUST OF WILLIAM C. DIETRICH AND IVANNA S. DIETRICH

### ARTICLE 1
### DECLARATION OF TRUST

1.1 Trust Establishment: WILLIAM C. DIETRICH and IVANNA S. DIETRICH, husband and wife, as settlors, will deliver to the trustee without consideration the property described in Schedule "Trust Estate." Other property acceptable to the trustee may be added to this trust, by the will of either settlor, or otherwise. The term "settlor" refers to one or both settlors.

1.2 Trust Particulars: For convenient reference, the following information applies:

| | |
|---|---|
| Settlors: | **WILLIAM C. DIETRICH and IVANNA S. DIETRICH** |
| Name of trust: | **Trust of WILLIAM C. DIETRICH and IVANNA S. DIETRICH** |
| Date established: | *MAY 31, 1994* |
| First trustee: | **WILLIAM C. DIETRICH and IVANNA S. DIETRICH** |
| Federal I.D. number: | |
| Children: | **PAUL S. DIETRICH** |
| | **WILLIAM C. DIETRICH** |

1.3 Property Status - Community and Separate: Any community property transferred to the trust shall remain community property after its transfer and shall be called the "community trust estate." Further, the trustee shall have the power to convey, encumber, or otherwise dispose of community property without the consent of either husband or wife, whether or not each is then capable of giving such consent. Either settlor's separate property transferred to the trust shall be called the "separate trust estate" with reference to the contributing settlor.

1.4 Special "Children" Definition: All references to the "settlors' children," "settlors' descendants," or "settlors' child" include all living children listed above and all children subsequently born to the settlors while they are married to each other.

1.5 Allocation of Trust Estate: The trustee shall initially allocate the trust estate as follows:
Beneficiaries: Trust During Settlors' Joint Lives

### ARTICLE 2
### TRUST DURING SETTLORS' JOINT LIVES

2.1 Introduction: The trustee shall hold, administer, and distribute all property allocated to the "Trust During Settlors' Joint Lives" as follows.

2.2 Beneficiaries - Both Spouses: The beneficiaries of this trust shall be as follows:
**Income beneficiaries: Class composed of the settlors for their joint lives**

2

CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY   DIETRICH_TR-000002

**Principal beneficiaries: Class composed of the settlors for their joint lives**

2.3 Community Income - Broad Standard: The trustee shall pay to or for the income beneficiary's benefit as much of the net income of the community trust estate as necessary for the income beneficiary's health, education, support, comfort, welfare, or happiness to maintain at a minimum the income beneficiary's accustomed manner of living. The trustee shall add to principal any net income not so distributed.

2.4 Community Principal - Broad Standard: If the trustee considers the community income insufficient, the trustee shall pay to or for the principal beneficiary's benefit as much of the principal from the community trust estate as necessary for the principal beneficiary's health, education, support, comfort, welfare, or happiness to maintain at a minimum the principal beneficiary's accustomed manner of living.

2.5 Separate Income - Broad Standard: The trustee shall pay to or for the benefit of an income beneficiary as much of the net income from the income beneficiary's separate trust estate as is necessary for the income beneficiary's health, education, support, comfort, welfare, or happiness to maintain at a minimum the income beneficiary's accustomed manner of living. The trustee shall add to principal any net income not so distributed.

2.6 Separate Principal - Broad Standard: If the trustee considers the separate income insufficient, the trustee shall pay to or for the benefit of a principal beneficiary as much of the principal of the separate trust estate as the trustee considers reasonably necessary for the principal beneficiary's health, education, support, comfort, welfare, or happiness to maintain at a minimum the principal beneficiary's accustomed manner of living.

2.7 Beneficiary's Incapacity - Ascertainable Standard: If a court declares a beneficiary incompetent or if the trustee, after consultation with medical professionals, considers a beneficiary unable to manage the beneficiary's own affairs by reason of physical or mental disability, then the trustee during the beneficiary's life may pay to or for the beneficiary as much of the income and principal from the trust estate as is necessary for the beneficiary's health, education, or support to maintain the beneficiary's accustomed manner of living. The trustee shall make payments first from the community trust estate, then equally from the beneficiary's separate trust estates. The trustee shall add to principal any income not distributed.

2.8 Community Payments - Special Duty: The beneficiary receiving payments from the community trust estate shall have the same duty to use community income and principal allocations for the income and principal beneficiary's benefit as that beneficiary has with respect to any other community property.

2.9 Guidelines - Other Sources Considered: In making distributions, the trustee may (1) consider any other income or resources of a beneficiary known to the trustee and reasonably available; (2) pay or apply for one beneficiary more than the other and may make payments or applications of benefits for one beneficiary to the exclusion of

3

RUBICONSAC
**CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY**

916488803I   02:05   03/31/2010

DIETRICH_TR-000003

the other; and (3) consider the value of the trust assets, the relative needs, both present and future, of each beneficiary, and the tax consequences to the trust and to the beneficiaries.

2.10 Payments to Others: The settlors acting jointly may at any time direct the trustee in writing to pay single sums or periodic payments out of the community trust estate to any person or organization. The settlor who has contributed separate property may direct the trustee in writing to pay single sums or periodic payments out of that settlor's separate trust estate to any other person or organization. Additionally, a settlor's conservator upon appropriate court order may exercise this power for payments qualifying for the federal gift tax annual donee exclusion.

2.11 **Revocation** During Settlors' Lives: During the settlors' joint lives, either or both settlors may revoke from the trust the community trust estate in whole or in part by a written document delivered to the trustee that the trustee may require to be acknowledged. On revocation, the trustee shall promptly deliver to both settlors or their designee the revoked portion of the community trust estate, which shall continue as the settlors' community property. The trustee shall also provide an accounting of the trustee's acts for the period since the preceding accounting. Additionally, either settlor may revoke, in whole or in part, without the consent of the other, the separate trust estate contributed by the donor-settlor. If the settlors revoke this trust with respect to all or a major portion of the trust estate, then the trustee may retain sufficient assets reasonable to secure payment of liabilities lawfully incurred by the trustee in the administration of the trust, unless the settlors indemnify the trustee against losses or expenses.

2.12 **Amendment** During Settlors' Lives: The settlors acting together may at any time during their joint lives amend any of the terms of this trust by a written document delivered to the trustee. No amendment shall substantially increase the trustee's duties and liabilities or change the trustee's compensation without the trustee's consent. The trustee need not abide by the terms of the amendment until it is accepted. If the settlors remove a trustee, the settlors shall pay to the trustee any sums due and shall indemnify the trustee against liabilities lawfully incurred by the trustee in the administration of the trust.

2.13 Powers of Revocation and Amendment Personal: The settlors' powers to revoke or amend this trust are personal to them, and no guardian, conservator, or other person shall exercise them.


ARTICLE 3
TRUST ALLOCATION AFTER FIRST SPOUSE'S DEATH

3.1 Action at First Spouse's Death: The first settlor to die shall be the "deceased spouse," and the living settlor, the "surviving spouse." At the death of the deceased spouse but before the trust assets are allocated as set forth below, the trustee shall make the following distributions:

4

CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY    DIETRICH_TR-000004

9164888031    03/31/2010  02:05

3.2 Simultaneous Death - Presumption of Survival: If the settlors die under circumstances where no sufficient evidence exists that they died otherwise than simultaneously, then the trustee shall conclusively presume the following sequence of deaths:

      First:  WILLIAM C. DIETRICH
      Second: IVANNA S. DIETRICH

3.3 Deceased Spouse's Expenses and Taxes: The trustee may, in the trustee's reasonable discretion, pay from the trust estate the deceased spouse's debts, last illness and funeral costs, and expenses of administration for this trust and the deceased spouse's probate estate. The trustee may allocate the payment of the deceased spouse's debts to the deceased spouse's interest in the community trust estate and the deceased spouse's separate trust estate as the trustee determines in the trustee's reasonable discretion. However, the trustee shall further allocate community debts between the deceased spouse's and surviving spouse's trust interests in the trust estate according to California law in effect at the deceased spouse's date of death.

3.4 **Allocation of Surviving Spouse's Property - Surviving Spouse's Trust**: At the deceased spouse's death, the trustee shall allocate the surviving spouse's interest in the community trust estate and the surviving spouse's separate trust estate to the Surviving Spouse's Trust.

3.5 **Allocation of Deceased Spouse's Property;** Interrelated Marital Deduction Pecuniary Formula and Exemption Residue - Distribution Date Values: From the remainder of the deceased spouse's interest in the community trust estate and the deceased spouse's separate trust estate, the trustee shall allocate the following gifts:
    (1) To the marital deduction gift beneficiary named below, a general pecuniary gift equal to the minimum amount that will entirely eliminate or reduce as far as possible the federal estate tax, after allowance of all other deductions, when added to the sum of (a) the federal estate tax value of all other gifts passing under this instrument and outside this instrument included in the deceased spouse's gross tax estate and qualified as federal estate tax marital deduction gifts; and (b) the exemption equivalent value of the allowable unified credit and state death tax credit (provided this latter credit does not increase the state death taxes paid) reduced by the federal estate tax value of all other gifts passing under this instrument and outside this instrument included in the deceased spouse's gross taxable estate but not qualified as federal estate tax marital or charitable deduction gifts and by all debts, administration expenses, and charges to principal not allowed or utilized as federal estate tax deductions;
    (2) To the exemption equivalent gift beneficiary named below, the remainder of the deceased spouse's community property trust estate and separate property trust estate.
    The trust estate shall pay no interest on the marital deduction gift. The trust estate may satisfy the marital deduction gift in cash or in kind, or partly in each, with assets allocated in kind valued at their dates of distribution net values. The deceased

5

CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY

DIETRICH_TR-000005

spouse recognizes and confirms that the ultimate value of the trust estate and trustee actions and elections may result in variable funding of gifts.

**Exemption equivalent gift beneficiary: Family Bypass Trust**
**Marital deduction gift beneficiary: Marital QTIP Trust**

3.6 Special Allocation Guidelines: In computing the interrelated exemption-marital gifts, the trustee shall disregard all assets that would disqualify the marital deduction. In all other respects, the trustee shall have the sole discretion to select the assets that will constitute the marital gift. In exercising that discretion, the trustee shall consider the tax advantages and disadvantages of allocating to the marital gift the following:

(1) Assets not qualifying for the marital deduction;

(2) Assets qualifying for the federal estate tax foreign death taxes credit;

(3) Securities qualifying for Internal Revenue Code capital gain corporate stock redemption, unless they exceed the maximum number of shares qualifying for such redemption;

(4) Assets qualifying as Internal Revenue Code income in respect of decedent;

(5) United States Treasury bonds eligible for redemption at par as payment of federal estate taxes; and

(6) Unmatured life insurance policies.

Additionally, the trustee shall allocate to the exemption equivalent gift that amount of any retirement, profit-sharing, or death benefit plan excluded from federal estate taxes.

Also, the trustee shall charge and pay from the exemption equivalent gift to the extent of reasonably available assets:

(1) All death taxes payable from such gift; and

(2) All debts and expenses of administration deducted against fiduciary income.

Further, the trustee may or may not fund all trusts prorata with insurance proceeds, retirement plan distributions, or other contract payments that are paid to the trustee, unless the beneficiary designations specifically earmark a particular trust.

3.7 Disclaimer Limitation: Any disclaimer shall not be taken into account in determining the amount of reduction of the marital deduction amount or increase in the non-marital deduction amount needed to increase the deceased spouse's taxable estate to the largest amount that will not result in a federal estate tax, and such reduction of the marital deduction amount shall be computed as though the disclaimer had not been made.

3.8 Death Taxes - Statutory Provisions and Exemption Gift: The deceased spouse directs the trustee to charge and collect all federal death taxes for assets passing under this trust, under the deceased spouse's will, and outside the deceased spouse's trust or will from those persons sharing in the deceased spouse's taxable estate in accordance with California Probate Code provisions for death tax apportionment and allocation. However, as three exceptions, the deceased spouse directs the trustee to pay from the exemption equivalent gift, without apportionment among the beneficiaries, (1) all federal death taxes chargeable to any assets passing under or outside this trust or the deceased spouse's will constituting federal estate

6

tax marital deduction gifts; (2) all federal death taxes chargeable to any family allowance; and (3) all federal death taxes chargeable to any gift under this trust or the deceased spouse's will designated as "free of all death taxes." The deceased spouse recognizes and confirms that such statutes provide that if a beneficiary's gift contributes to the taxable estate, the beneficiary must pay a proportionate share of the tax calculated at the average tax rate. Further, the deceased spouse directs that all state death taxes shall be charged and collected in the same manner as the federal death taxes and not as a probate administration expense. To the extent other assets are available, the trustee shall not use any qualified retirement plan distribution excluded from federal estate tax under the Internal Revenue Code to pay taxes, debts, or other charges enforceable against the deceased spouse's estate.

3.9 Specific Deferral of Division - Until Disclaimer: At the deceased spouse's death, in order not to jeopardize the surviving spouse's opportunity to effect a disclaimer of the deceased spouse's property passing to the Surviving Spouse's Trust, the trustee shall delay funding the Surviving Spouse's Trust until the earlier of (1) the expiration of the maximum period under the Internal Revenue Code permitted for disclaimer; (2) the filing by or on behalf of the surviving spouse with the trustee of a written waiver of the disclaimer right; or (3) the filing by or on behalf of the surviving spouse of a written disclaimer. Until the occurrence of the earlier of these events, the trustee shall accumulate all income of the deceased spouse's property in a segregated subaccount of the trust estate, and the trustee shall not distribute any principal to the surviving spouse or the Surviving Spouse's Trust. Upon the occurrence of the earlier of these three events, the trustee shall make the distribution or division as if it had taken place at the prescribed time absent this paragraph, and all beneficiary rights in these trust assets shall accrue and vest as of the prescribed time.

3.10 Revocation - Surviving Spouse's Trust: After the allocation of the trust estate, the following provisions regarding revocation and amendment shall apply:
    (1) Surviving Spouse's Trust: The surviving spouse may revoke and amend the Surviving Spouse's Trust subject to the qualifications contained in Article 2, with the entire trust estate being treated as the Surviving Spouse's separate property.
    (2) Other Trusts: All other trusts shall become irrevocable and nonamendable.

ARTICLE 4
SURVIVING SPOUSE'S TRUST

4.1 Introduction: The trustee shall hold, administer, and distribute all property allocated to the Surviving Spouse's Trust as follows:

4.2 Beneficiary - Surviving Spouse: The beneficiary of this trust shall be as follows:
    **Income beneficiary: Surviving spouse**
    **Principal beneficiary: Surviving spouse**

4.3 Income - Broad Standard: The trustee shall pay to or for the income beneficiary as much of the net income as the trustee considers necessary for the income

7

CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY    DIETRICH_TR-000007

beneficiary's health, education, support, comfort, welfare, or happiness to maintain at a minimum the income beneficiary's accustomed manner of living. The trustee shall add to principal any net income not so distributed.

**4.4 Principal - Broad Standard:** If the trustee considers the income insufficient, the trustee shall pay to or for the principal beneficiary as much of the principal as is reasonably necessary for the principal beneficiary's health, education, support, comfort, welfare, or happiness to maintain at a minimum the principal beneficiary's accustomed manner of living.

**4.5 Guidelines - Other Sources, One Beneficiary:** In making distributions, the trustee, in its reasonable discretion, may ~~~~ ~~~~ ~~~~ other income or resources of the beneficiary known to the trustee and reasonably available.

**4.6 Surviving Spouse's Lifetime Income and Principal General Power of Appointment - Broad Standard:** At any time during the surviving spouse's life, the trustee shall distribute all or any part of the trust; including accrued income and undistributed income, to such one or more persons and entities, including the surviving spouse or the surviving spouse's estate, and on such terms and conditions, outright, in trust, or by creating further powers of appointment, as the surviving spouse shall request by an acknowledged document that specifically refers to this power of appointment.

**4.7 Surviving Spouse's Deathtime Income and Principal General Power of Appointment:** On the death of the surviving spouse, the trustee shall distribute the remainder, if any, of the trust, including accrued income and undistributed income to such one or more persons and entities, including the surviving spouse's estate, and on such terms and conditions, either outright, in trust, or by creating further powers of appointment as the surviving spouse shall appoint by a valid instrument or lifetime document that was executed after the deceased spouse's death and specifically refers to this power of appointment. If the surviving spouse does not effectively appoint all the trust estate, the trustee shall distribute such property according to the distribution provisions below.

**4.8 Distribution:** At the surviving spouse's death, the trustee shall distribute all assets in this trust as follows:

    **A) The trustee shall distribute to the CHILD'S TRUST, any interest then in the trust estate in Solano County farm property and related improvements, including that property shown on parts II and III of the trust estate attached hereto. Provided, that if the value of such property exceeds the Generation Skipping Tax exemption of the surviving spouse that has been duly allocated to the Child's Trust by the executor of settlor's will, or other person entitled to make this allocation under law, then the nonexempt portion of said property shall pass as a portion of the residue of the trust estate, as hereinafter provided.**

    **B) The trustee shall distribute the residue of the trust estate in equal**

CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY    DIETRICH_TR-000008

shares as follows:

> **a]  One (1) such share to WILLIAM C. DIETRICH, settlors' son. Provided, if he is not then living, then this share shall be distributed to his then living descendants, if any, by right of representation.**

> **b]  One (1) such share to PAUL S. DIETRICH, settlor's son. Provided, if he is not then living, then this share shall be distributed to his then living descendants, if any, by right of representation.**

**Any share not otherwise effectively dispose of by the provisions of this subsection B shall be added on a prorata basis to those shares effectively disposed of hereby.**

4.9 Spouse's Last Illness Expenses and Taxes: At the surviving spouse's death, the trustee, in the trustee's reasonable discretion, may pay the expenses of the surviving spouse's last illness and funeral, other obligations incurred for the surviving spouse's support, and any estate or inheritance taxes arising by reason of the surviving spouse's death from either income or principal of this trust to the extent they have not been specifically appointed, unless other adequate provisions exist.

4.10 Death Taxes - Surviving Spouse's Will: The surviving spouse directs the trustee and the surviving spouse's executor to charge and collect all federal death taxes for assets passing under the surviving spouse's will and outside the surviving spouse's will from those persons sharing in the federal taxable estate in accordance with the California Probate Code provisions for death tax apportionment and allocation. Further, the surviving spouse directs the trustee to charge and collect all state death taxes in the same manner as the federal death taxes and not as probate administration expenses. These tax directions shall not apply to any gifts passing under the surviving spouse's will or under this trust designated as "free of all death taxes," and the trustee shall pay all such death taxes from the remainder of the trust estate without apportionment among the beneficiaries.

4.11 Recovery of Additional Tax Under IRC Section 2207A - Discretionary With Trustee: If the surviving spouse's taxable estate includes the value of property to which section 2044 of the Internal Revenue Code applies, the surviving spouse's executor and trustee shall have discretion to recover or not to recover from the person or persons receiving that property as much of the amount that the surviving spouse's estate is entitled to recover under section 2207A of the Internal Revenue Code as they consider appropriate.

## ARTICLE 5
## FAMILY BYPASS TRUST

5.1 Introduction: The trustee shall hold, administer, and distribute all property allocated to the Family Bypass Trust as follows:

9

CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY

5.2 Beneficiary - Surviving Spouse: The beneficiaries of this trust shall be as follows:
**Income beneficiary: Surviving spouse**
**Principal beneficiary: Surviving spouse**

5.3 Income - Entire: The trustee shall pay to or for the income beneficiary all the net income of the trust in convenient installments at least annually.

5.4 Principal - Ascertainable Standard: If the trustee considers the income insufficient, the trustee shall pay to or for the principal beneficiary as much of the principal as is necessary for the principal beneficiary's health, education, or support to maintain the principal beneficiary's accustomed manner of living.

5.5 Guidelines - Other Sources, One Beneficiary: In making distributions, the trustee, in its reasonable discretion, may consider any other income or resources of the beneficiary known to the trustee and reasonably available.

5.6 Disclaimer of Trust Interest - Distribution Provisions: If the surviving spouse effectively disclaims all of the surviving spouse's beneficial interest in all or any portion of this trust, the trustee shall distribute the trust, or that portion of the trust corresponding to the disclaimed interest, according to the distribution provisions below.

**5.7 Distribution: At the surviving spouse's death, the trustee shall distribute all assets in this trust as follows:**

**A)  The trustee shall distribute to the CHILD'S TRUST, any interest then in the trust estate in Solano County farm property and related improvements, including that property shown on parts II and III of the trust estate attached hereto.  Provided, that if the value of such property exceeds the share of the Bypass Trust and the MARITAL QTIP TRUST having an inclusion ratio of zero as the result of an allocation of the deceased spouse's Generation Skipping Tax exemption to one or both of such trusts, then the excess nonexempt portion of said property shall pass as a portion of the residue of the trust estate, as hereinafter provided.**

**B)  The trustee shall distribute the residue of the trust estate in equal shares as follows:**

**a]  One (1) such share to WILLIAM C. DIETRICH, settlors' son. Provided, if he is not then living, then this share shall be distributed to his then living descendants, if any, by right of representation.**

**b]  One (1) such share to PAUL S. DIETRICH, settlor's son. Provided, if he is not then living, then this share shall be distributed to his then living descendants, if any, by right of representation.**

**Any share not otherwise effectively dispose of by the provisions of this**

10

CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY

03/31/2010 02:05   9164888031

DIETRICH_TR-000010

**subsection B shall be added on a prorata basis to those shares effectively disposed of hereby.**

## ARTICLE 6
## MARITAL QUALIFIED TERMINABLE
## INTEREST PROPERTY TRUST

6.1 Introduction: The trustee shall hold, administer, and distribute all property allocated to the Marital QTIP Trust as follows:

6.2 Beneficiary - Surviving Spouse: The beneficiary of this trust shall be as follows:
     Income beneficiary: Surviving spouse
     Principal beneficiary: Surviving spouse

6.3 Income - Entire: The trustee shall pay to or for the income beneficiary all net income of the trust in convenient installments at least annually.

6.4 Principal - Ascertainable Standard: If the trustee considers the income insufficient, the trustee shall pay to or for the principal beneficiary as much of the principal as is necessary for the principal beneficiary's health, education, or support to maintain the principal beneficiary's accustomed manner of living.

6.5 Guidelines - Other Sources, One Beneficiary: In making distributions, the trustee, in its reasonable discretion, may consider any other income or resources of the beneficiary known to the trustee and reasonably available.

6.6 Disclaimer of Trust Interest - To Family Bypass Trust: If the surviving spouse effectively disclaims all of the surviving spouse's beneficial interest in all or any portion of this trust, the trustee shall distribute the trust, or that portion of the trust corresponding to the disclaimed interest, to the Family Bypass Trust.

6.7 Distribution - Family Bypass Trust: At the surviving spouse's death, the trustee shall distribute (1) any accrued and undistributed income to the surviving spouse's estate, and (2) any remaining principal according to the Family Bypass Trust distribution provisions.

6.8 QTIP Election - Optional: The settlor authorizes the trustee, in the trustee's absolute discretion, to make or not make the election provided by section 2056(b)(7)(B)(v) of the Internal Revenue Code to treat all or a portion of the Marital QTIP Trust as qualified terminable interest property for the purpose of qualifying all or a specific portion of the trust for the federal estate tax marital deduction. The settlor recognizes that if the trustee does not make such an election, the Marital QTIP Trust will not qualify for such marital deduction. In exercising such discretion, the trustee may consider all relevant factors, including the potential benefits and detriments of reducing the federal estate tax on the settlor's trust estate and increasing such tax on the estate of the surviving spouse as well as the potential benefits of eliminating from

11

CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY    DIETRICH_TR-000011

the surviving spouse's gross estate such appreciation in value of the marital deduction share as may occur after the settlor's death and before the surviving spouse's death. This discretion of the trustee shall be absolute, notwithstanding any beneficial or adverse effect the making or not making of this election may have on the settlor's estate, the surviving spouse's estate, or the beneficiaries of these estates. The trustee shall not incur personal liability for exercising or not exercising this election, and the settlor's estate shall hold the trustee harmless against all claims with regard to the election. This election supersedes the marital deduction intention stated below, with such instructions applying only when the trustee does elect marital deduction qualification.

6.9 Tax Payment to Spouse's Estate: On the demand of the appropriate fiduciary representing the surviving spouse's estate, the trustee of the Marital QTIP trust shall distribute to that fiduciary property equal to the amount of any federal estate tax that such fiduciary requests up to the amount that the federal and state tax codes entitle the surviving spouse's estate to recover. If no such fiduciary exists, the trustee shall pay directly to the taxing authorities any such death taxes.

6.10 Marital Deduction Intention: The deceased spouse intends that this marital trust qualify for the marital deduction provisions of the Internal Revenue Code. Therefore, the deceased spouse directs that the trustee not take any action or exercise any power that will impair the marital deduction. Further, the deceased spouse specifically directs that the following provisions apply to the marital trust, notwithstanding contrary provisions in this instrument:

(1) The surviving spouse, by written instrument delivered to the trustee, shall have the right to direct the trustee to convert any non-income-producing property, including life insurance policies, to income-producing property, and the trustee shall comply with any such direction within a reasonable time after its receipt;

(2) The trustee shall determine all matters with respect to what is principal and income and the apportionment and allocation of receipts and expenses by the provisions of the California Revised Uniform Principal and Income Act from time to time existing and shall establish reserves for depreciation and depletion. When such act is silent, the trustee, in the trustee's reasonable discretion, shall determine the characterization and allocation;

(3) For all bonds purchased at a discount, the trustee shall, at least annually, accumulate and pay each discount as interest if necessary from principal or the sale or redemption proceeds;

(4) The surviving spouse shall have the right to continue to occupy any real property free of rent in which the trust holds an interest and which the settlors used regularly or occasionally as a residence or vacation home at the time of the deceased spouse's death. However, the surviving spouse, in the surviving spouse's discretion, may direct the trustee to sell any such property and replace it with another residence of comparable or lower value selected by the surviving spouse. The trustee shall pay such portion of the mortgage or trust deed payments, property taxes, assessments, insurance, maintenance, and ordinary repairs on all such property as is proportional to the interest in such property held in the trust.

(5) If the trustee redeems treasury bonds at par to pay the deceased spouse's

12

CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY

federal estate tax liability, the trustee shall consider any accrued interest on such bonds in calculating the payment of income from the marital trust to the surviving spouse.

## ARTICLE 7
## CHILD'S TRUST

7.1 Introduction: The trustee shall hold, administer, and distribute all property allocated to the Child's Trust as follows:

7.2 Division of Property - Child's Trust: When this instrument directs distribution of the trust estate to the "Child's Trust" or when other transfers, such as insurance or retirement plans, direct payment to the "Child's Trust," the trustee shall divide such property into as many equal shares as there are children of the settlors then living and children of the settlors then deceased with descendants then living. The settlors intend that property passing at the settlors' death, both under this instrument and outside this instrument, to the "Child's Trust" be divided equally along each child's line of descent. The settlors direct the trustee to accomplish such equal division when this instrument or the third party payor does not make such prior division.

7.3 Retention of Living Child's Share in Trust - Deceased Child's Share Outright: The trustee shall retain each living child's share in a separate Child's Trust, each Child's Trust having common terms. The trustee shall distribute each deceased child's share to the child's then-living descendants by right of representation.

7.4 Beneficiaries - Child, Child's Descendants: The beneficiaries of this trust shall be as follows:
Income beneficiary: Settlors' child
Principal beneficiaries: Class composed of the settlors' child and the child's descendants

7.5 Income - Entire: The trustee shall pay to or for the income beneficiary all the net income of the trust in convenient installments at least annually.

7.6 Principal - Ascertainable Standard: If the trustee considers the income insufficient, the trustee shall pay to or for the principal beneficiary as much of the principal as is necessary for the principal beneficiary's health, education, or support to maintain the principal beneficiary's accustomed manner of living.

7.7 Guidelines - Other Sources, One Beneficiary:  In making distributions, the trustee, in its reasonable discretion, may consider any other income or resources of the beneficiary known to the trustee and reasonably available.

7.8 **Mandatory Distribution at Child's Death** - Outright to Settlors' Descendants, Collateral Heirs: On the settlors' child's death, the trustee shall distribute the trust estate to the child's then-living descendants by right of representation.  If the child

13

CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY        DIETRICH_TR-000013

leaves no descendants then living, the trustee shall distribute the trust to the settlors' then-living descendants by right of representation. However, if the trustee distributes any part of the trust to one of the settlors' descendants who is a beneficiary of any other trust under this instrument, the trustee shall add that part to that trust, except that any additions to a partially distributed trust shall augment proportionately the distributed and undistributed portions. If at the time of distribution the settlors have no living descendants, the trustee shall give one half the remainder to the deceased spouse's heirs and one half to the surviving spouse's heirs, their identities and shares to be determined under California law in effect on the date of execution of this instrument relating to succession of separate property that was not acquired from a parent, grandparent, or previously deceased spouse.

## ARTICLE 8
### OFFICE OF TRUSTEE

8.1 Nomination of Trustees for All Trusts: For all trusts under this instrument, the trustee and successor trustees shall be those persons named below. Each successor trustee shall serve in the order designated if the prior trustee fails to qualify or ceases to act.

| | |
|---|---|
| **Trustee:** | **WILLIAM C. DIETRICH and IVANNA S. DIETRICH; provided, that if either of them shall for any reason fail to qualify or cease to act as trustee, then the other of them shall act as sole trustee.** |
| **Successors:** | |
| **First:** | **WILLIAM C. DIETRICH (settlors' son) and PAUL S. DIETRICH** |
| **Second-A:** | **Provided, if William C. Dietrich (settlor's son) shall for any reason fail to qualify or cease to act as trustee, then PAUL S. DIETRICH shall act as sole trustee.** |
| **Second-B:** | **Provided, if Paul S. Dietrich shall for any reason fail to qualify or cease to act as trustee, then WILLIAM C. DIETRICH (settlors' son) and KATHERINE F. DIETRICH shall act as trustee. Provided, that if either of them shall for any reason fail to qualify or cease to act as trustee, then the other of them shall act as sole trustee.** |

The term "trustee" as used in this document shall refer to the cotrustees where the context so indicates.

8.2 Nomination of Special Trustee: For all trusts under this instrument, the special trustee and successor special trustees shall be those persons named below. The special trustee's duties shall include only exercise of powers and duties disclaimed or released, either permanently or temporarily, by the general trustee for such reasons as conflict of interest or adverse tax consequences to the trustee personally. The special trustee shall receive reasonable compensation. The successor special

14

CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY        DIETRICH_TR-000014

trustees shall serve in the order designated if the prior special trustee fails to qualify or ceases to act. Any special trustee may resign and appoint a successor, and such appointment shall supersede the designated successor. If all special trustees fail to qualify or cease to act, a court of competent jurisdiction shall appoint a special trustee (individual, corporate, or cotrustees) after consideration of the preferences of the current income beneficiaries.

> First:  WILLIAM C. DIETRICH (settlors' son) and PAUL S. DIETRICH; provided, that if either of them shall for any reason fail to qualify or cease to act as special trustee, then the other of them shall act as sole special trustee.

8.3 Special Trustee - Qualifications: The special trustee shall be an individual whose relationship to the trust beneficiaries shall not cause attribution of any income or capital gain to them or principal to their gross estates because of the holding or exercise of any trustee power. Additionally, the special trustee shall have the knowledge, experience, and professional resources necessary to carry out the applicable tax and fiduciary responsibilities.

8.4 Income and Principal Allocations - Special Trustee: For all trusts under this instrument, the special trustee alone shall have the power to allocate income and principal for any beneficiary serving as trustee or for persons the trustee-beneficiary legally supports.

8.5 Trustee May Appoint Cotrustee: Any trustee, sole, cotrustee, or special may appoint a cotrustee, individual or corporate. If the appointing trustee ceases to act, the appointed cotrustee may also exercise this power. Such appointments shall supersede any successor trustee designated in this instrument.

8.6 Cotrustee May Allocate Duties: Any cotrustee may allocate duties between those serving by a written agreement and concurrence by a majority of the adult income and principal beneficiaries. After such delegation, any one trustee may unilaterally revoke such delegation at will and without cause by written notice to the other trustees and adult income and principal beneficiaries. The trustee may, for example, exercise this power to delegate several actions for bank and securities brokerage transactions.

8.7 Court-Appointed Trustee: If all designated trustees fail to qualify or cease to act, a court of competent jurisdiction shall appoint a trustee or cotrustees, individual or corporate, after consideration of the preference of the current income beneficiaries of the trust.

8.8 Resignation - Designated Successors: Any trustee may resign at any time from any trust under this instrument. The resigning trustee shall give written notice of the resignation by personal delivery or registered mail to all current income beneficiaries. The resignation shall be effective on the qualification of a designated successor trustee. The designated successor trustee shall act as trustee on acceptance of the appointment.

15

CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY    DIETRICH_TR-000015

8.9 Individual Trustee's Disability - Successor Trustee Acts: If any individual trustee is unable to participate in trust activities because of illness, disability, or any other reason, the designated successor trustee may act as trustee during any such incapacity. In determining the disability of the individual trustee, the successor trustee may rely on written statements from two licensed physicians who have examined the trustee. In the absence of such a statement, the successor trustee shall petition the court having jurisdiction over this trust for authority to proceed as successor trustee. The successor trustee shall incur no liability to any beneficiary of the trust or to the replaced trustee as a result of any action taken under this provision.

8.10 Individual Trustee's Absence From State - Delegation of Powers to Cotrustee or Successor Trustee: The individual trustee shall have the power to delegate temporarily to the cotrustee or successor trustee all or any of his or her powers during temporary vacation periods or other absences from the State of California. The individual trustee shall exercise this power of delegation by written notice to the cotrustee specifying the powers delegated. This delegation shall terminate on delivery of written notice by the individual trustee to the cotrustee of termination of delegation. The individual trustee shall incur no liability to any beneficiary of the trust estate as a result of any actions taken or not taken within the scope of delegation during the period of delegation.

8.11 Action by Majority of Trustees - General: Any action taken by a majority of the trustees in office shall be binding on this trust, and third parties may rely on such action. The nonconsenting trustees shall not be liable for actions of the majority.

8.12 Action by One Cotrustee - Monetary Limitation: When cotrustees are in office, any one of the cotrustees shall have the power to bind the trust in any transaction obligating the trust to expend five hundred dollars ($500) or less.

8.13 Compensation for Individual Trustee - Reasonable: The individual trustee may pay itself reasonable compensation from the trust estate during each calendar year for all ordinary services and reasonable additional compensation for any extraordinary services, all without court order. If the individual trustee serves for only part of a calendar year, the individual trustee shall prorate the annual compensation.

8.14 Compensation for Corporate Trustee - Fee Schedule: The corporate trustee, if any, shall pay itself on an annual basis according to the corporate trustee's published fee schedule in effect from time to time.

8.15 Employment of Consultants - General: The trustee may employ custodians, attorneys, accountants, investment advisers, corporate fiduciaries, or any other agents or advisers to assist the trustee in the administration of this trust and may rely on the advice given by these agents. The trustee shall pay reasonable compensation for all services performed by these agents from the trust estate out of either income or principal as the trustee in the trustee's reasonable discretion determines. These payments shall not decrease the compensation to which the trustee is entitled.

16

CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY

8.16 Exculpatory Clause - All Trustees: No trustee shall be liable to any person interested in this trust for any act or default unless it results from the trustee's bad faith, willful misconduct, or gross negligence.

8.17 Waiver of Liability for Predecessor Trustee: Any
successor trustee may accept as correct any accounting of trust assets made by any predecessor trustee. However, a successor trustee may institute any action or proceeding for the settlement of the accounts, acts, or omissions of any predecessor trustee.

8.18 Bond - Waiver: No trustee, including nonresidents, shall be required to post bond or security.

8.19 Trustee Self-Dealing - Loan, Buy, and Sell: The trustee shall have the power to loan or advance the trustee's own funds to the trust for any trust purpose, with interest at current rates, to receive security for such loans in the form of a mortgage, pledge, deed of trust, or other encumbrance of any assets of the trust, to purchase or exchange assets of the trust at their fair market value as determined by an independent appraiser, to sell property to the trust at a price not in excess of its fair market value as determined by an independent appraiser, and to lease assets to or from the trust for fair rental value as determined by an independent appraiser.

8.20 Trustee and Executor Transactions - Self-Dealing Permitted: The trustee and the executor of the settlor's estate may freely contract financial transactions between themselves, such as the purchase and sale of assets and the making of loans, secured and unsecured, notwithstanding each office being held by the same person and apparent conflicts of interest.


ARTICLE 9
TRUSTEE MANAGEMENT POWERS

9.1 Introduction: For all trusts under this instrument, the trustee shall have the management powers set forth below in addition to those powers now or hereafter conferred by law.

9.2 Retain or Abandon Property: The trustee shall have the power to continue to hold any property, including shares of the trustee's own stock, or to abandon any property that the trustee receives or acquires.

9.3 Unproductive Property: Except when specifically restricted, the trustee shall have the power to retain, purchase, or otherwise acquire unproductive property.

9.4 Sell, Exchange, Repair: The trustee shall have the power to manage, control, grant options on, sell (for cash or on deferred payments with or without security), convey, exchange, partition, divide, improve, and repair trust property.

17

CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY    DIETRICH_TR-000017

9.5 Lease: The trustee shall have the power to lease trust property for terms within or beyond the terms of the trust and for any purpose, including exploration for and removal of gas, oil, and other minerals and to enter into community oil leases, pooling, and unitization agreements.

9.6 Investments - General Power: The trustee shall have the power to invest and reinvest the trust estate in every kind of property, real, personal, or mixed, and every kind of investment, specifically including, but not by way of limitation, corporate obligations of every kind, stocks, preferred or common, shares in investment trusts, investment companies, mutual funds, mortgage participations, life insurance policies on the life of any beneficiary that men of prudence, discretion, and intelligence acquire for their own account, and any common trust fund administered by the trustee.

9.7 Securities: The trustee shall have all the rights, powers, and privileges of an owner of the securities held in trust, including, but not by way of limitation, the power to vote, give proxies, and pay assessments; to participate in voting trusts and pooling agreements (whether or not extending beyond the term of the trust); to enter into shareholders' agreements; to consent to foreclosure, reorganizations, consolidations, merger liquidations, sales, and leases, and, incident to any such action, to deposit securities with and transfer title to any protective or other committee on such terms as the trustee may deem advisable; and to exercise or sell stock subscription or conversion rights.

9.8 Investment Funds: The trustee shall have the power to invest in mortgage participations, in shares of investment trusts and regulated investment companies, including any under the control of any investment counsel employed by the trustee, in mutual funds, money market funds, and index funds that investors of prudence, discretion, and intelligence acquire for their own account.

9.9 Nominee's Name: The trustee shall have the power to hold securities or other property in the trustee's name as trustee under this trust, or in the trustee's own name, or in the name of a nominee, or the trustee may hold securities unregistered in such condition that ownership will pass by delivery.

9.10 Insurance: The trustee shall have the power to carry, at the expense of the trust, insurance of such kinds and in such amounts as the trustee deems advisable to protect the trust estate against any damage or loss and to protect the trustee against liability with respect to third parties.

9.11 Borrow - General: The trustee shall have the power to borrow money and to encumber or hypothecate trust property by mortgage, deed of trust, pledge, or by otherwise securing the indebtedness of the trust or the joint indebtedness of the trust and a co-owner of trust property.

9.12 Loan: The trustee shall have the power to loan money to any person, including a trust beneficiary or the estate of a trust beneficiary, at prevailing interest rates and

18

CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY          DIETRICH_TR-000018

with or without security as the trustee deems advisable.

9.13 Bonds - Limitations: The trustee shall have the power to purchase bonds either at a premium or at a discount. For bonds purchased at a premium, the trustee shall, in a reasonable manner, periodically repay to principal each premium from interest on the bond or sale or redemption proceeds. For bonds purchased at discounts, the trustee shall periodically accumulate each discount as interest and, to the extent necessary, pay such discount out of principal or from the sale or redemption proceeds.

9.14 Invest in Life Insurance: The trustee shall have the power to acquire and maintain life insurance policies on the life of any person, including a trust beneficiary, and to exercise all rights of ownership granted to such policies.

9.15 General Partnership Restriction: The trustee, in the trustee's absolute discretion, shall have the election to act only as a limited partner of any general partnership in the trust and shall take any action necessary to effect this election.

9.16 Treasury Bonds - Special Tax Redemptions: The trustee shall have the power to purchase at less than par obligations of the United States of America that are redeemable at par in payment of any federal estate tax liability of a settlor in such amounts as the trustee deems advisable. The trustee shall exercise this discretion if the trustee believes that a settlor is in substantial danger of death, and the trustee may borrow funds and give security for such purchase. The trustee shall resolve any doubt concerning the desirability of making the purchase and its amount in favor of making the purchase and in purchasing a larger, even though somewhat excessive, amount. The trustee shall not be liable to a settlor, any heir, or any beneficiary of this trust for losses resulting from purchases made in good faith. The trustee shall redeem such obligations to the fullest extent possible in payment of a settlor's federal estate tax liability.

ARTICLE 10
TRUSTEE ACCOUNTING AND DISTRIBUTION POWERS

10.1 Introduction: For all trusts under this instrument, the trustee shall have the following powers and duties for accounting and tax matters.

10.2 Private Accounting: The trustee shall periodically, but not less than once each year, render an account of its administration of the trusts to all of the current income and current principal beneficiaries who are then adults. The beneficiary's written approval of the accounting shall be a complete protection of the trustee as to all matters and transactions stated or shown by the accounting. Failure to transmit to the trustee either (a) the written approval of such accounting, or (b) a written objection to the accounting, with reasons specified, within a period of ninety (90) days after a written request by the trustee for such approval shall constitute a written approval of the guardian, conservator, or representative of such person entitled to the

19

CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY    DIETRICH_TR-000019

accounting. To the extent permitted by law, the written approval of the adult beneficiaries shall bind minor and contingent remainder interests. Except as provided in this paragraph, any reports or accounts otherwise required by the California Probate Code are hereby waived to the fullest extent of the law.

10.3 Principal and Income - Act Governs: The trustee shall determine all matters with respect to what is principal and income of the trust estate and the apportionment and allocation of receipts and expenses between these accounts by the provisions of the California Revised Uniform Principal and Income Act from time to time existing. When this instrument or such Act does not provide, the trustee, in the trustee's reasonable discretion, shall determine the characterization.

10.4 Depreciation Reserve - Mandatory: The trustee shall establish reasonable reserves for depreciation, notwithstanding any other provision of this instrument or the California Revised Uniform Principal and Income Act.

10.5 Undistributed Income: Income accrued or unpaid on trust property when received into the trust shall be treated as any other income. Income accrued or held undistributed by the trustee at the termination of any trust or any interest in a trust created under this instrument, other than any trust that may be a qualified terminable interest property trust, shall go to the next beneficiaries of that interest or trust in proportion to their interest in it. Income accrued or held in trust on the termination of a qualified terminable interest property trust shall go to the beneficiary of that trust immediately before the termination or to his or her estate.

10.6 Expense Allocation - Proration: The trustee shall prorate all taxes and current expenses among successive beneficiaries over the period to which they relate on a daily basis.

10.7 Tax Consequences - Adjustment: The trustee shall have the power in the trustee's reasonable discretion to take any action and to make any election to minimize the tax liabilities of any trust and its beneficiaries, to allocate the benefits among the various beneficiaries, and to make adjustments in the rights of any beneficiaries, or between the income and principal accounts, to compensate for the consequences of any tax election or any investment or administrative decision that the trustee believes has had the effect of directly or indirectly preferring one beneficiary or group of beneficiaries over others.

10.8 Multiple Trusts - No Physical Division: If this instrument creates more than one trust, the trustee shall not be required to physically segregate or divide assets among the various trusts, except on the termination of any of the trusts. However, the trustee shall keep separate accounts for the separate undivided interests, and the trust may hold undivided interests in the same assets.

10.9 Death Taxes of Beneficiary - Authority To Pay: The trustee, in the trustee's reasonable discretion, shall have the power to pay from the trust estate, and to allocate between income and principal, any death taxes to the extent that such taxes

20

CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY
DIETRICH_TR-000020

are attributable to the trust estate or any part of it (calculated at the average rates applicable to such tax). However, any trust property otherwise exempt from federal estate tax shall not be subject to the payment of any such death taxes.

10.10 Beneficiary's Last Illness and Funeral Expenses: The trustee shall have the power, in the trustee's reasonable discretion, to pay the last illness expenses, funeral expenses, and other obligations incurred for the beneficiary's support from the income or principal of the beneficiary's trust.

10.11 Distributions - Consideration of Basis of Assets: In making nonprorata distributions to the beneficiaries, the trustee shall consider and attempt to equalize, insofar as practicable, the aggregate income tax basis of assets distributed to the various beneficiaries. Any such determination by the trustee shall bind all parties in interest.

10.12 Distributions and Powers of Appointment: If, on expiration of the later of either six (6) months after the death of any person holding a power of appointment created by this instrument or the expiration of the statutory period within which a will contest must be filed, the trustee has not received any document purporting to exercise the power, the trustee may distribute any property according to the terms of this instrument as if the power had not been exercised. If a document purporting to exercise the power is subsequently located, the trustee shall not be liable to the appointees under that exercise, and the rights of the appointees and the persons receiving property from the trustee shall follow applicable law.

10.13 Distribution - Broad Powers: When the trustee must divide any trust property into parts or shares for the purpose of distribution or otherwise, the trustee may, in the trustee's reasonable discretion, make the division and distribution in identical interests, in kind, or partly in kind and partly in money, prorata or nonprorata. Also, the trustee may make such sales of the trust property as the trustee deems necessary to accommodate such distributions.

10.14 Deferral of Division and Distribution: If the trust directs distribution of the trust estate or division into separate trusts, then the trustee may, in the trustee's reasonable discretion, defer that distribution or division for a period reasonably necessary to wind up properly the affairs of the trust. When the trustee so defers, the trustee shall make the distribution or division as if it had taken place at the time prescribed in the absence of this paragraph, and all beneficiary rights in those trust assets shall accrue and vest as of the prescribed time.

10.15 Small Trust Termination - Trustee Discretion: The trustee may determine, in its reasonable discretion, if the principal of the trust is uneconomical to administer. The trustee may then, in its reasonable discretion, (1) distribute the trust assets to the beneficiaries in proportion to their interests in income; (2) purchase and deliver to the income beneficiaries a restrictive savings account, certificate of deposit, annuity, or endowment; (3) distribute the trust assets to a custodian for the beneficiaries under the California Uniform Transfers to Minors Act; or (4) distribute the trust assets as

21

CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY          DIETRICH_TR-000021

provided by law. On such distribution and delivery, the trust shall terminate. The trustee shall not be liable or responsible to any person for its action or for its failure or refusal at any time to terminate the trust as authorized in this paragraph.

10.16 Payment of Income or Principal - Trustee's Discretion To Select Payee: If income or principal is payable to a minor, to a person under legal disability, or to a person not adjudicated incompetent but who, by reason of illness or mental or physical disability, is in the opinion of the trustee unable to manage the distribution properly, then the trustee may, in its reasonable discretion, pay such income or principal in any of the following ways: (1) to the beneficiary directly, (2) to the legally appointed guardian or conservator of the beneficiary, (3) to a custodian for the beneficiary under the California Uniform Transfers to Minors Act, (4) for the benefit of the beneficiary, or (5) to an adult relative or friend in reimbursement for amounts properly advanced for the benefit of the beneficiary.

10.17 Back-up Trust for Minor Beneficiary's Distribution: Except when this instrument provides otherwise, the trustee shall delay outright distribution of any minor beneficiary's interest in a trust by continuing in a separate trust such minor's share, subject to any trustee discretion to terminate a small trust or court-ordered termination. The trustee shall add all income to principal and pay to or for the benefit of the minor beneficiary as much of the trust estate as is necessary for the minor beneficiary's health, education, support, or maintenance in the minor beneficiary's accustomed manner of living after taking into account the minor beneficiary's other income and resources known to the trustee and reasonably available for that purpose. When the minor beneficiary attains majority, the trustee shall distribute the trust estate to the beneficiary outright. If the minor beneficiary dies before distribution, the trustee shall distribute the trust estate to the beneficiary's estate.


ARTICLE 11
TRUST ADMINISTRATION PROVISIONS

11.1 Introduction: The following additional trust provisions shall apply under this instrument.

11.2 Spendthrift Provision: No beneficiary shall anticipate, assign, encumber, or subject to any creditor's claim or to legal process any interest in principal or income before its actual receipt by any beneficiary. The beneficial and legal interests in this trust, its principal, and its income shall be free from interference or control of any beneficiary's creditor and shall not be subject to claims of any such creditor or liable to attachment, execution, bankruptcy, or other process of law.

11.3 Perpetuities Savings Clause - Surviving Spouse and Descendants: All trusts created by this instrument or by the exercise of any power of appointment shall terminate twenty-one (21) years after the death of the surviving spouse and of the settlors' descendants living at the surviving spouse's death. The trustee shall distribute the principal and undistributed income of a terminated trust to the

22

CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY          DIETRICH_TR-000022

then-living income beneficiaries of that trust in the same proportion that the beneficiaries are entitled to receive income when the trust terminates. At the time of such termination, if the trust does not fix the rights to income, the trustee shall distribute the trust by right of representation to the persons who, in the trustee's reasonable discretion, are entitled to receive trust payments.

11.4 Disclaimer of Administrative Powers: The trustee may disclaim, release, or restrict the scope of any power held in connection with any trust, including any administrative power, whether such power is expressly granted or implied by law, by a written instrument specifying the power to be disclaimed, released, or restricted and the nature of any such restriction. The special trustee shall exercise all powers disclaimed or released.

11.5 Trustee Powers - Fiduciary Role: The trustee shall exercise all of the powers in the trustee's fiduciary capacity and only in such capacity. Further, the trustee shall have no power to enlarge or shift any of the beneficial interests under any trust except as an incidental consequence of the discharge of the trustee's fiduciary duties and shall not make any distribution that discharges any beneficiary's legal obligations of support.

11.6 Compromise Claims: The trustee shall have the power to compromise, submit to arbitration, abandon, or otherwise adjust any claims or litigation against or in favor of the trust.

11.7 Litigation: The trustee shall have the power to commence or defend litigation with respect to the trust estate, as the trustee may deem advisable, at the expense of the trust.

11.8 Conflicting Claims and Withholding Payment: On the occurrence of any event requiring the trustee to divide, segregate, or distribute the trust property, the trustee may delay, without the payment of interest, the division, segregation, or distribution of all or any part of such property for such period of time as may be necessary to ascertain and provide for any such contingent liability. However, this delay shall not affect the vesting of any interests or the accrual and payment of trust income to any beneficiary.

11.9 Trustee Powers Survive: All powers, duties, and immunities of the trustee shall continue after termination of any trust and until the trustee has made actual distribution of the property of such trust.

11.10 Notice of Events: Unless the trustee receives written notice of the occurrence of an event affecting the beneficial interests of the trust, the trustee shall not be liable to any beneficiary for any distributions made or other actions taken by the trustee in good faith.

11.11 Additions to Trust by Third Party: With the consent of the trustee, any third party may add additional property at any time to any trust.

23

CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY

11.12 California Law Governs: California law shall govern the validity, construction, interpretation, and administration of all trusts under this instrument.

11.13 No Contract for Disposition of Trust: No settlor has made any agreement (other than this instrument) controlling the disposition of the trust estate, and the provisions of this trust shall not be read as evidence of any such agreement.

## ARTICLE 12
## CONTEST, DISINHERITANCE, DEFINITIONS

12.1 No Contest - Contestant Disinherited: If any beneficiary in any manner, directly or indirectly, contests or attacks this instrument or any of its provisions, any share or interest in the trust given to that contesting beneficiary under this instrument is revoked and shall be disposed of in the same manner provided herein as if that contesting beneficiary had predeceased the settlor.

12.2 Trustee Powers Survive: All of the trustee's powers, duties, and immunities shall continue after termination of any trust until the trustee has made actual distribution of the trust estate.

12.3 Survivorship Requirement - Spouse, Beneficiaries:  The surviving spouse must survive the deceased spouse for sixty (60) days before entitlement to all gifts from the deceased spouse.  For all gifts to other beneficiaries, the beneficiary must survive the donor-settlor for sixty (60) days before entitlement to such gifts.

12.4 Definitions - Trust: As used in this instrument, the terms are defined as follows:

"Descendants" shall mean lineal descendants in any degree of the ancestor designated and shall include persons adopted during minority.

"Trust," "trusts," and "trust estate" shall be interpreted in the singular or plural as the context indicates.

"Education expenses" shall include the cost of elementary, secondary, college, university, postgraduate study, seminars, individual or independent research or study, and travel or foreign study. The trustee may also consider the beneficiary's related living expenses to the extent they are reasonable.

"Death taxes" shall include federal, foreign, state, and local estate and inheritance taxes, including penalties and interest, but not generation-skipping or special use valuation recapture taxes or marital deduction qualified terminable interest attribution.

"Disclaimer" or "qualified disclaimer" has the same meaning that "qualified disclaimer" has under the Internal Revenue Code and supporting regulations.

24

CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY
DIETRICH_TR-000024

The masculine, feminine, or neuter gender and the singular or plural number shall each include the others whenever the context indicates.

"Beneficiary's other resources" shall include the beneficiary's employable skills and a third party's support obligations.

"Primary beneficiary" is a beneficiary whose interests and needs the trustee shall consider to be paramount over the other designated beneficiaries in the class.

Clause headings are for reading convenience and shall be disregarded when construing this instrument.


ARTICLE 13
EXECUTION AND ACKNOWLEDGMENT

13.1 Signature Clause - Settlors:  The settlors certify that the settlors have read the foregoing Declaration of Trust and that it correctly states the terms and conditions under which the trustee is to hold, manage, and distribute the trust estate.  The settlors approve the Declaration of Trust in all particulars and request that the trustee sign it.

Dated: 5/31/94

_William C. Dietrich_
Settlor

_Deanna S. Dietrich_
Settlor


The trustee accepts this appointment.

Dated: 5/31/94

_William C. Dietrich_
Trustee

_Deanna S. Dietrich_
Trustee


25

CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY

DIETRICH_TR-000025

13.2 Acknowledgment for Settlors:

### ACKNOWLEDGMENT FOR SETTLORS

STATE OF CALIFORNIA )
)
COUNTY OF ALAMEDA )

On _May 31, 1994_, before me, _VIRGINIA H. JONES_ a Notary Public
for this State, personally appeared WILLIAM C. DIETRICH and IVANNA S. DIETRICH
personally known to me (or proved to me on the basis of satisfactory evidence) to be
the person(s) whose name(s) is/are subscribed to the within instrument and
acknowledged to me that he/she/they executed the same in his/her/their authorized
capacity(ies), and that by his/her/their signature(s) on the instrument, the person(s),
or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal

Signature _Virginia N. Jones_
Notary Public



VIRGINIA H. JONES
COMM. #1022590
NOTARY PUBLIC-CALIFORNIA
ALAMEDA COUNTY
My Comm. Exp. APR. 22, 1998

13.3 Acknowledgment for Trustees:

### ACKNOWLEDGMENT FOR TRUSTEES

STATE OF CALIFORNIA )
)
COUNTY OF ALAMEDA )

On _May 31, 1994_, before me, _VIRGINIA H. JONES_, a Notary Public
for this State, personally appeared WILLIAM C. DIETRICH and IVANNA S. DIETRICH
personally known to me (or proved to me on the basis of satisfactory evidence) to be
the person(s) whose name(s) is/are subscribed to the within instrument and
acknowledged to me that he/she/they executed the same in his/her/their authorized
capacity(ies), and that by his/her/their signature(s) on the instrument, the person(s),
or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal

Signature _Virginia N. Jones_
Notary Public



VIRGINIA H. JONES
COMM. #1022590
NOTARY PUBLIC-CALIFORNIA
ALAMEDA COUNTY
My Comm. Exp. APR. 22, 1998

CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY

DIETRICH_TR-000026

TRUST ESTATE

**PART I.  Community Property:**  The settlors agree and confirm that the following assets of the Trust Estate are community property:

**A.  REAL ESTATE:**

1. ████ ████ : All that real property in the City of Kensington, County of Contra Costa, State of California, more particularly described as follows:

██ █ ████████ as designated on the map entitled "Kensington Park, Contra Costa County, California", which map was filed in the office of the Recorder of the County of Contra Costa, State of California, ████████ ████ ████████

████████████████ ██.

(commonly known and referred to as ██████████ ,
Kensington, CA 94707)
Assessor's Parcel No. ██████████

**PART II.  Separate Property of WILLIAM C. DIETRICH:**  The settlors agree and confirm that the following assets of the Trust Estate are the separate property of **WILLIAM C. DIETRICH:**

**A.  REAL ESTATE:**

All that real property situated in Solano County, California, described as follows:



**PART III.  Separate Property of IVANNA S. DIETRICH:**  The settlors agree and confirm that the following assets of the Trust Estate are the separate property of **IVANNA S. DIETRICH:**

**A.  REAL ESTATE:**

All that real property situated in Section 27, Section 28 and Section 33, Township 4 North, Range 2 East, M.D.M., in the County of Solano, State of California more particularly described as follows:

See attached legal description.
APNs: 0048-160-350; 0048-160-360; 0048-130-220

**CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY**          **DIETRICH_TR-000027**

All that real property situate in Section 27, Section 28 and Section 33, Township 4 North, Range 2 East, M.D.M. , in the County of Solono, State of California more particularly described as follows:

Beginning at the southeast corner of the NE 1/4 of the NE 1/4 of Section 28, as shown on that certain unrecorded survey, entitled " Map of property in Sections 27,28,29,32,33 & 34 T4N R2E , M.D.M. and Sections 3,4 & 5 T3N R2E, M.D.M. described in deeds recorded Jan. 8 & Feb. 4, 1937 from NEIL C. ANDERSON TO HIS CHILDREN January 1937, said corner bears South 00 28'00" West 176 feet from the corner of an existing fence running west and south, thence from the TRUE POINT OF BEGINNING South 00 28'00" West 1324.7 feet to the southeast corner of the NE 1/4 of Section 28, as shown on said unrecorded survey, thence South 00 28'00" West 55.44 feet to the south line of County Road 260, then along the south line of County Road 260 North 88 40'00" East 514.80 feet, thence North 85 30'00" East 1188.00 feet, thence leaving the south line of County Road 260, South 11 10'00" West 1914.0 feet, thence South 08 55'00" West 2884.2 feet, thence South 20 30'00" West 594.0 feet to a point on the eastwest centerline of Section 33 as shown of said unrecorded survey, thence South 01 56'00" East 411.84 feet, thence South 06 38'00" East 126.72 feet, thence South 11 49'00" East 193.38 feet, thence South 10 05'00" East 171.60 feet, thence South 07 46'00" East 318.78 feet, thence South 82 00'00" West 63.36 feet, thence South 00 52'00" East 343.20 feet, thence South 02 13'00" East 234.96 feet, thence South 65 34'00" West 15.84 feet, thence North 54 50'00" West 874.50 feet, thence North 51 07'00" West 587.40 feet, thence North 53 21'00" West 79.86 feet, thence North 60 59'00" West 79.86 feet, thence North 70 16'00" West 79.20 feet, thence North 78 03'00" West 79.86 feet, thence North 89 16'00" West 95.70 feet, thence South 81 18'00" West 528.00 feet, thence North 04 01'00" West 172.26 feet, thence North 09 30'00" West 111.54 feet, thence North 17 34'00' West 95.04 feet, thence North 25 00'00" West 549.12 feet, to a point on the eastwest centerline of section 33, that bears North 89 49'00" East 1038.84 feet from the center 1/4 corner of section 33, as shown on said unrecorded survey, thence North 00 30'00" West 560.34 feet, thence North 24 30'00" East 1584.00 feet, thence North 07 25'00" East 1320.00 feet, thence North 02 30'00" West 1289.62 feet to the north line of County Road 260, thence along said north line of County Road 260 South 56 00'00" West 251.73 feet, thence South 74 00'00" West 104.94 feet, thence leaving said north line of County Road 260 South 66 34'00" West 400.62 feet, thence South 31 03'00" West 748 76 feet, thence South 86 24'00" West 370.92 feet, thence North 62 37'00" West 398.64 feet to a point on the northsouth centerline of Section 28 being an existing fence line, thence along said fence line North 29 12'56" West 268.23 feet, thence North 28 39'58" West 216.05 feet, thence North 27 32'05" West 125.71 feet, thence North 30 08'19" West 185.14 feet, thence North 16 24'11"

1

RUBICONSAC
CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY
03/31/2010 02:11 9164888031  DIETRICH_TR-000028

West 172.48 feet ,thence North 11 33'33" East 134.08 feet, thence
North 62 09'29" East 59.73 feet, thence North 72 50'50" East
262.70 feet, thence North 51 35'20" East 131.71 feet, thence
North 00 18'02" East 274.01 feet to the center 1/4 corner of
Section 28 as shown on said unrecorded survey, thence along the
eastwest centerline of section 28, South 89 56'00" East 539.88
feet, to a point on the north line of County Road 260, thence
along said north line of County Road 260 , South 81 45'00" East
540.44 feet, thence leaving said north line of County Road 260,
North 15 09'10" East 1459.66 feet to a point on the south line of
the NE 1/4 of Section 28 that bears South 89 58'00" East 91.00
feet from the southwest corner of the NE 1/4  of the NE 1/4 of
section 28, thence South 89 58'00" East 1181.92 feet to point of
beginning.

                    Containing 425.8 plus or minus Acres

The above description is recorded in County of Solano Certificate
Of Compliance, Clinton & Verdie Alsop and Ivanna Dietrich,
Document No. 900055860


APNs: 0048-160-350; 0048-160-360; 0048-130-220

# The Dietrich Child's Trust Agreement

The parties to this Agreement are William Charles Dietrich, in his individual capacity and as a beneficiary under the Dietrich Child's Trust, and Paul S. Dietrich, in his individual capacity and as beneficiary under the Dietrich Child's Trust;

WHEREAS, Ivanna S. Dietrich and William C. Dietrich (the Settlors), established the Trust of William C. Dietrich and Ivanna S. Dietrich dated May 31, 1994 (hereinafter referred to as "the Trust");

WHEREAS, pursuant to the Affidavit of Death of Co-Trustee, Ivanna S. Dietrich recorded a deed in the County of Solano on April 27, 1995, ███████████████████ ███████████████████████████████ as the separate property of William C. Dietrich, and the real property identified by assessor's parcel numbers 0048-160-350, 0048-160-360, and 0048-130-220 (referred to as the "Rio Vista Farm property"), as the separate property of Ivanna S. Dietrich (all such properties are collectively referred to in the Trust as the "Solano County farm properties") and all Solano County farm properties are subject to the provisions of the Trust

WHEREAS, upon the death of both William C. Dietrich and Ivanna S. Dietrich, the Trust (and its subtrusts) distribute the Solano farm property to Child's Trust the terms of which are contained in Article 7 of the Trust ;

WHEREAS, all beneficiaries of the Dietrich Child's Trust entered into a Plan of Distribution that allocates ██████████████████ in Rio Vista farm property to Paul S. Dietrich's share of the Dietrich Child's Trust and ████████ in Davis farm property and ██████████ in Rio Vista farm property to William C. Dietrich's share of the Dietrich Child's Trust and distributes the real property located ████████████ ████████████████████████ ;

WHEREAS, the parties wish to enter into an agreement concerning the administration of the Trust and the subtrusts, the continuing administration of the Child's Trust and the allocations of liabilities concerning the property allocated under the Plan of Distribution,

IT IS THEREFORE AGREED:

1.  Each party will bear their prorata share costs, taxes, assessments, and other expenses incurred against their interests in the properties allocated to them under the Plan of Distribution;

2.  Pursuant to the Section 7.3 of the Trust, the Solano County Farm property is to be distributed to two separate Child's Trusts, namely the William C. Dietrich Child's Trust

Page 1 of 4

**CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY**          **DIETRICH_TR-000030**

and the Paul S. Dietrich Child's Trust. Each beneficiary shall serve as trustee of his respective trust.

3.    William C. Dietrich will appoint Paul S. Dietrich as agent of the William C. Dietrich Child's Trust to receive all income payable under the agricultural tenants' lease agreements ("rental income") of the Solano County farm properties and Paul S. Dietrich will serve so long as Paul S. Dietrich is willing and able to serve as agent. This appointment of agent is for the purpose of simplifying the administrative transactions related to those properties. William C. Dietrich agrees to direct the tenants to pay all rental income to the Paul S. Dietrich Child's Trust. Paul S. Dietrich, in his sole discretion, shall be entitled to assign the duties as agent of the William C. Dietrich Child's Trust and the Paul S. Dietrich Child's Trust to any one or more of Peter Dietrich, Emma Dietrich, or William C. Dietrich such assignment shall be made in writing and attached to this instrument. If Paul S. Dietrich fails to execute such assignment or such assignment shall be ineffective for any reason, Peter Dietrich and Emma Dietrich shall serve as successor co-agents or successor agent if one shall cease or decline to serve as successor co-agent, and, upon the failure of both Peter Dietrich and Emma Dietrich to serve as successor agents, William C. Dietrich shall serve as successor agent. The assignment bearing the date closest to Paul S. Dietrich ceasing to serve as agent shall be the prevailing assignment. No agent or successor agent shall be liable for acts or omissions of that agent, except those resulting from that agent's willful misconduct or gross negligence. The agent shall have the following powers and responsibilities:

   a.    Collecting all rental income,

   b.    Receiving and managing all payables, including, but not limited to property taxes for such parcels, ditch and conservation fees, necessary capital expenditures, and administrative costs, and such expenditures shall be allocated to each trust in proportion to their respective interest in the Solano County farm properties;

   c.    Maintaining an appropriate reserves for the ongoing expenses,

   d.    Preparing and filing all city, county, State, and federal regulatory and legal notices or returns and related forms, and compliance instruments required in connection with the administration of the rental income,

   e.    Distributing net rental income to the trustee of the respective Child's Trusts in proportion to their interests in the Solano County Farm properties,

   f.    Preparing and providing each trustee of the respective Child's trust with annual accountings within ninety (90) days of the end of the calendar year,

   g.    Maintaining records related to the management and operations of the Solano County Farm properties of which the agent has administrative authority,

   h.    The agent shall have no obligation to either trustee of the respective Child's Trust to file or pay the respective trustee or beneficiary's income tax liability or prepare tax returns on behalf of the each individual's Child's Trust,

   i.    The agent shall have authority to hire and pay from the Solano County farm properties income, such supportive agents, including, but not limited to,

CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY     DIETRICH_TR-000031

accountants, administrators, bookkeepers, or others, in connection with performing the duties as agent.

4.    Upon execution of this agreement and submission of the Plan of Distribution and the documents supporting the change of ownership to the assessors office, ███████████ ████████████████████████████████████

5.    Prior to the allocation of the Trust estate to the Child's Trust, the trustee shall provide Paul S. Dietrich with an accounting of all Trust expenses and earnings from 1/1/2013 through the allocation of the Trust estate and Paul S. Dietrich retains the right to approve or reject such expenses;

6.    This agreement shall be effective and binding upon submission of the Plan of Distribution, along with the respective transfer deeds and ancillary documents to the Assessor's Office of Contra Costa and Solano counties;

7.    This agreement shall be binding on each party and each parties' heirs, successors, transferees, agents, personal representatives and assigns, and inure to the benefit of each party and on each party's heirs, successors, transferees, agents, personal representatives and assigns.

8.    The parties acknowledge that no person participating in any discussion of this agreement has made a guarantee of any kind to any party, and no party can avoid this agreement or attempt to set it aside for any reason whatsoever concerning tax costs, tax liabilities, or tax consequences.

9.    The parties agree that this agreement is prepared, reviewed, studied and executed without compulsion, fraud, duress, or undue influence, and without circumstances which would overcome the exercise of the freewill of the signer of this agreement and is expressly made by the parties with the requisite experience and advice of independent counsel.

10.   This agreement may be executed in counterparts and each shall be deemed an original.

    By their signatures below and by their consent, each of the parties hereto stipulate and agree to the foregoing

Dated: _5-23-13_                    _William C. Dietrich_
                                    William C. Dietrich, in his individual
                                    capacity, as a beneficiary under the Trust, and
                                    in his capacity as trustee of the Trust

Dated: _6/3/2013_                   _Paul S. Dietrich_
                                    Paul S. Dietrich, in his individual capacity, as

The Dietrich Child's Trust Agreement        Page 3 of 4

CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY            DIETRICH_TR-000032

a beneficiary under the Trust, and in his
capacity as trustee of the Trust

**Approved as to form:**

Dated: 6/30/13

Jann Besson,
    Attorney for Paul S. Dietrich

Dated: 5/29/2013

James A. Willett,
    Attorney for William C. Dietrich

K:\Office Folders\Clients\Dietrich, Paul\Assets\Agreement 5-21-13.wpd

The Dietrich Child's Trust Agreement      Page 4 of 4

**CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY**      **DIETRICH_TR-000033**

## Attachment to the
## Dietrich Child's Trust Agreement

William Charles Dietrich hereby appoints Paul S. Dietrich as agent for the William C. Dietrich Child's Trust and to receive all income payable under agricultural leases for the Solano County farm properties. Such appointment of Paul S. Dietrich as agent for the William C. Dietrich Child's Trust is pursuant to the Dietrich Child's Trust Agreement.

The William C. Dietrich Child's Trust has a twelve percent (12%) interest in Davis area farm property and a thirty-one percent (31%) interest in the Rio Vista farm property.

Dated: _____5 - 29_____ , 2013

_____
William Charles Dietrich, Individually and
as a Beneficiary under the Dietrich Child's
Trust

1318533.1

**CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY**          **DIETRICH_TR-000034**

## Notice of Appointment of Agent

To:    Ronald Timothy
       8550 Runge Road
       Dixon, CA  95620


This office represents William C. Dietrich in connection with various matters involving the trust established by his parents.  Such trust is now being distributed to William C. Dietrich and his brother, Paul S. Dietrich.  You are hereby advised that pursuant to an Agreement between Messrs. Dietrich that all agricultural income shall be assigned by you as Tenant to Paul S. Dietrich, Trustee of the Paul S. Dietrich Child's Trust.  Such income for income tax reporting shall be divided between Paul S. Dietrich and William C. Dietrich, each as Trustee of their respective shares known as the Paul S. Dietrich Child's Trust ███████████████████████ You will be advised of the taxpayer identification numbers for each such trust.  Such numbers shall be used for the purpose of reporting income from property which you presently lease from William C. Dietrich as Trustee of the William C. Dietrich and Ivanna S. Dietrich Trust.

Dated:  _____S-29_____, 2013

_____
William C. Dietrich

1318535.1

**CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY**          **DIETRICH_TR-000035**

# Notice of Appointment of Agent

To:    Ian Anderson
       6269 Birds Landing Road
       Birds Landing, CA  94512

This office represents William C. Dietrich in connection with various matters involving the trust established by his parents.  Such trust is now being distributed to William C. Dietrich and his brother, Paul S. Dietrich.  You are hereby advised that pursuant to an Agreement between Messrs. Dietrich that all agricultural income shall be assigned by you as Tenant to Paul S. Dietrich, Trustee of the Paul S. Dietrich Child's Trust.  Such income for income tax reporting shall be divided between Paul S. Dietrich and William C. Dietrich, each as Trustee of their respective shares known as the Paul S. Dietrich Child's Trust ███████████████ ████████████████████████████████████████████████████████████████ You will be advised of the taxpayer identification numbers for each such trust.  Such numbers shall be used for the purpose of reporting income from property which you presently lease from William C. Dietrich as Trustee of the William C. Dietrich and Ivanna S. Dietrich Trust.

Dated:    _____S-23_____, 2013

                                        _William C. Dietrich_
                                        William C. Dietrich

1318535.1    **CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY**              **DIETRICH_TR-000036**

Plan of Distribution
Trust of William C. Dietrich and Ivanna S. Dietrich
and the subtrusts
The Dietrich Family Bypass Trust
The Dietrich Surviving Spouse's Trust
William Charles Dietrich, Trustee

WHEREAS, Ivanna S. Dietrich and William C. Dietrich (the Settlors), established the Trust of William C. Dietrich and Ivanna S. Dietrich dated May 31, 1994 (hereinafter referred to as "the Trust");

WHEREAS, William C. Dietrich died on August 26, 1994;

WHEREAS, pursuant to Article 3 of the Trust, upon the death of William C. Dietrich, the trust estate was divided into two separate trusts, namely the Dietrich Family Bypass Trust and the Dietrich Surviving Spouse's Trust;

WHEREAS, pursuant to Article 3 of the Trust, the separate property of William C. Dietrich, being the deceased spouse, was allocated to the Dietrich Family Bypass Trust and the separate property of Ivanna S. Dietrich was allocated to the Dietrich Surviving Spouse's Trust, and the community property of the Trust was allocated in equal shares of market value to the Dietrich Family Bypass Trust and the Dietrich Surviving Spouse's Trust;

WHEREAS, pursuant to the Affidavit of Death of Co-Trustee, Ivanna S. Dietrich recorded a deed in the County of Solano on April 27, 1995, ██████████████████
████████████████████████████████████████████████████████████████ as the separate property of William C. Dietrich, and the real property identified by assessor's parcel numbers 0048-160-350, 0048-160-360, and 0048-130-220 (referred to as the "Rio Vista Farm property"), as the separate property of Ivanna S. Dietrich (all such properties are collectively referred to in the Trust as the "Solano County farm properties");

WHEREAS, on June 6, 1995, pursuant to section 8.5 of the Trust, Ivanna S. Dietrich appointed her son, William Charles Dietrich, to serve as co-trustee with her over the Dietrich Family Bypass Trust and the Dietrich Surviving Spouse's Trust;

WHEREAS, on June 1, 2005, Ivanna S. Dietrich and William Charles Dietrich, co-trustees of the Trust of William C. Dietrich and Ivanna S. Dietrich, ████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████

CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY                DIETRICH_TR-000037

WHEREAS, all title to the real property owned by the trustee of the Trust was and continues to be owned free and clear;

WHEREAS, Ivanna S. Dietrich died on March 24, 2010;

WHEREAS, Ivanna S. Dietrich and William C. Dietrich have no predeceased children and were survived by two children, namely William Charles Dietrich and Paul S. Dietrich.

WHEREAS, William Charles Dietrich has no living or predeceased children; Paul S. Dietrich has two living children, namely Peter S. Dietrich and Emma I. Dietrich;

WHEREAS, pursuant to Sections 4.8 and 5.7 of the Trust, the dispositive provisions of the Dietrich Family Bypass Trust and the Dietrich Surviving Spouse's Trust provide for the same distribution of the Trust estate, specifically all the interests in the Solano County farm properties were to be continued to be held in a Child's Trust created pursuant to Article 7 of the Trust and the balance of the estate was to be distributed outright and free of trust equally to William Charles Dietrich and Paul S. Dietrich;

WHEREAS, the terms of the Child's Trust contained in Article 7 of the Trust provided for equal division of the Child's Trust properties to be held in separate shares for William Charles Dietrich and Paul S. Dietrich for their lifetime and, upon their death, the shares are distributed outright and free of trust to each child's descendants by right of representation and if the child has no then-living descendants, to the settlors' then-living descendants by right of representation;

WHEREAS, at the time of the surviving spouse's death, in addition to liquid assets that have been reserved for the expenses of administration, the respective trusts held the following real properties with the values as indicated below:

| Dietrich Family Bypass Trust | | Dietrich Surviving Spouse's Trust | |
|---|---|---|---|
| *Asset* | *Value* | *Asset* | *Value* |
| ███████████ | ██████ | ████████████ | $ ████████ |
| ████████ | ███████ | ▌██████████ | █████████ |
| ████████████ | | ████████████ | |
| ██████ | | ████████████ | |
| Total Value: | ████████ | Total Value: | $ ████████ |

CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY

DIETRICH_TR-000038

WHEREAS, pursuant to Trust provision 10.13, the trustee has broad powers of distribution as follows:

When the trustee must divide any trust property into parts or shares for the purpose of distribution or otherwise, the trustee may, in the trustee's reasonable discretion, make the division and distribution in identical interests, in kind, or partly in kind and partly in money, prorata or nonprorata. Also, the trustee may make such sales of the trust property as the trustee deems necessary to accommodate such distributions.

WHEREAS, the trustee now wishes to make a nonprorata distribution of the property titled in the Dietrich Family Bypass Trust and the Dietrich Surviving Spouse's Trust to William Charles Dietrich and Paul S. Dietrich pursuant to the following plan of distribution:

A.    From the Dietrich Family Bypass Trust



**CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY**          **DIETRICH_TR-000039**



Each beneficiary of this Plan represents that she or he has had a reasonable amount of time to review this Plan and understand its terms and have had the opportunity to consult with an attorney regarding the contents and significance of this Plan. Each beneficiary further represents and warrants that in consenting to this Plan he, she, or it does so freely, with full knowledge of any and all rights that he or she may have under this Plan. Each beneficiary has had the contents of this Plan fully explained to them by his or her attorney, as acknowledged by the signature below of the beneficiary's attorney or has knowingly and voluntarily waived such representation, as acknowledged by the beneficiary's signature below.

This Plan may be executed in counterparts and each counterpart, when executed, shall have the efficacy of a second original. Photographic or facsimile copies of any such signed counterparts may be used in lieu of the original for any said purpose.

Dated: _5-28-13_

William Charles Dietrich, trustee of the Dietrich Family Bypass Trust and the Dietrich Surviving Spouse's Trust

I hereby consent to the Plan of Distribution.

Dated: _5-28-13_

William Charles Dietrich

I have advised my client concerning his rights under this Plan.

Dated: _5/28/2013_

James A. Willett, Attorney for William Charles Dietrich

I hereby consent to the Plan of Distribution.

Dated: _6/3/2013_

Paul S. Dietrich

I have advised my client concerning his rights under this Plan.

Dated: _6/3/13_

Jann Besson, Attorney for Paul S. Dietrich

Plan of Distribution
The Dietrich Family Bypass Trust
The Dietrich Surviving Spouse's Trust

 CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY          DIETRICH_TR-000040

I have been advised and understand that I may seek the advice of independent counsel prior to executing any document in connection with the subject matter of this Plan of Distribution and that by signing below, I have knowingly and voluntarily waived such right.

Dated: _6/2/2005_

_Peter Dietrich_ (signature)

Peter S. Dietrich

I have been advised and understand that I may seek the advice of independent counsel prior to executing any document in connection with the subject matter of this Plan of Distribution and that by signing below, I have knowingly and voluntarily waived such right.

Dated: _____

_____

Emma I. Dietrich

K:\Office Folders\Clients\Dietrich, Paul\Assets\Plan of DistributionTrust -final – 3-27-13.wpd

Plan of Distribution
The Dietrich Family Bypass Trust
The Dietrich Surviving Spouse's Trust
Page

CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY