MATTHEW M. MARTINO (*pro hac vice*)
matthew.martino@skadden.com
MICHAEL H. MENITOVE (*pro hac vice*)
michael.menitove@skadden.com
EVAN LEVICOFF (*pro hac vice*)
evan.levicoff@skadden.com
THOMAS J. SMITH (*pro hac vice*)
thomas.smith@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Facsimile: (917) 777-3000

LANCE A. ETCHEVERRY (SBN 199916)
lance.etcheverry@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California 94301
Telephone: (650) 470-4500
Facsimile: (650) 470-4570

*Attorneys for Plaintiff*
*FLANNERY ASSOCIATES LLC*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Flannery Associates LLC, | Case No.: 2:23-cv-00927-TLN-AC |
| Plaintiff, | **PLAINTIFF'S RESPONSE TO DEFENDANTS' SEPARATE STATEMENT OF FACTS** |
| v. | |
| Barnes Family Ranch Associates, LLC, *et al.*, | Date:         March 20, 2025 |
| Defendants. | Time:         2:00 p.m. |
| | Courtroom: 2, 15th Floor |
| | Judge:        Hon. Troy L. Nunley |

Pursuant to L.R. 260(b) and Fed. R. Civ. P. 56(c), Plaintiff Flannery Associates LLC

("Flannery") submits this response to Defendants Paul and William Dietrich's Separate Statement

of Undisputed Facts In Support of Motion for Summary Judgment.  (ECF No. 151.)

| | | Dietrichs' Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|---|
| 1 | | | |
| 2 | 1. | Paul S. Dietrich is a Trustee of the Child's Trust a subtrust under the Trust of William C. Dietrich and Ivanna S. Dietrich dated May 31, 1994.<br><br>(Decl. of Paul S. Dietrich; The 1994 Trust, pg.13, sec. 7; the Dietrich Child's Trust Agreement and Plan od Distribution, pg. 2, Paras. 5-6) | Undisputed. |
| 3 | 2. | William C. Dietrich is a Trustee of the Child's Trust a subtrust of the Trust of William C. Dietrich and Ivanna S. Dietrich dated May 31, 1994.<br><br>(Decl. of William C. Dietrich; The 1994 Trust, pg.13, sec. 7; the Dietrich Child's Trust Agreement and Plan of Distribution, pg. 2, Paras. 5-6) | Undisputed. |
| 4 | 3. | The Child's Trust, a subtrust of the Trust of William C. Dietrich and Ivanna S. Dietrich dated May 31, 1994 is the owner of the fee title to the real property located in Solano County, California APN #'s 0048-130-220, 0048-160-350, 0048-160-360 (the "Property").<br><br>(Decls. of Paul S. Dietrich and William C. Dietrich; The 1994 Trust, pg.13, sec. 7; the Dietrich Child's Trust Agreement and Plan of Distribution, pg. 2, Paras. 5-6) | Undisputed for the purposes of this motion.<br><br>The cited passages of the 1994 Trust and the Dietrich Child's Trust Agreement and Plan of Distribution do not state that the Child's trust is the "owner of the fee title" to the Property, but it is not material to the motion. |
| 5 | 4. | Paul S. Dietrich and William C. Dietrich hold life estates in the Property pursuant to the terms of the Child's Trust.<br><br>(Decls. of Paul S. Dietrich and William C. Dietrich; The 1994 Trust, pg.13, sec. 7; the Dietrich Child's Trust Agreement and Plan of Distribution, pg. 2, Paras. 5-6) | Disputed.  The Dietrichs' characterization of their interest as a "life estate" is a legal conclusion, not a fact. In any event, the statement is not supported by the cited evidence and contradicted by the terms of the 1994 Trust.  The trust document contains no mention of any "life estate."<br><br>Under the terms of the Child's Trust, Paul and William Dietrich are income beneficiaries and principal beneficiaries of the Trust.  (Trust § 7.4, W. Dietrich Decl. Ex. A, ECF No. 148-1 at 15.)<br><br>The Trust also grants Paul and William Dietrich, as trustees, "the power to . . . sell (for cash or on deferred payments with or without security), convey, exchange, partition [and] divide . . . trust property" (Trust § 9.4, W. Dietrich Decl. Ex. A, ECF No. 148-1 at 19), and "the |

1

| | Dietrichs' Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| | | power to invest and reinvest the trust estate in every kind of property, real, personal, or mixed" (Trust § 9.6, W. Dietrich Decl. Ex. A, ECF No. 148-1 at 20). Provisions for the distribution of the trust estate at the Dietrichs' death are not inconsistent with these powers. (Trust § 7.8, W. Dietrich Decl. Ex. A, ECF No. 148-1 at 15-16.)<br><br>The terms of the Trust are not inconsistent with the Plan of Distribution. In any event, the Plan of Distribution is unexecuted because it was not signed by Emma Dietrich. (Plan of Distribution at 2, W. Dietrich Decl. Ex. A, ECF No. 148-1 at 40.) |
| 5. | The current final beneficiaries of the Child's Trust are the children of Paul S. Dietrich.<br><br>(Decls. of Paul S. Dietrich and William C. Dietrich; The 1994 Trust, pg.13, sec. 7; the Dietrich Child's Trust Agreement and Plan of Distribution, pg. 2, Paras. 5-6) | Disputed. The characterization "current final beneficiaries" is unexplained and ambiguous, but the terms of 1994 Trust directly contradict this statement, because they define the class of principal beneficiaries for the Child's Trust as the "[c]lass composed of the settlors' child and the child's descendants." (Trust § 7.4, W. Dietrich Decl. Ex. A, ECF No. 148-1 at 13.) The Trust defines "settlors' child" as Paul Dietrich and William Dietrich. (Trust §§ 1.2, 1.4, W. Dietrich Decl. Ex. A, ECF No. 148-1 at 4.)<br><br>On their face, the cited paragraphs of the Plan of Distribution do not alter the beneficiary class defined in the 1994 Trust. (Plan of Distribution, W. Dietrich Decl. Ex. A, ECF No. 148-1 at 40.)<br><br>The Plan of Distribution is also unexecuted because it was not signed by Emma Dietrich. (Plan of Distribution, W. Dietrich Decl. Ex. A, ECF No. 148-1 at 43.) |
| 6. | The Child's Trust does not allow for the sale of the Property for the benefit of Paul S. Dietrich or William C. Dietrich.<br><br>(Decls. of Paul S. Dietrich and William C. Dietrich; The 1994 Trust, pg.13, sec. 7; the Dietrich Child's Trust Agreement and Plan of Distribution, pg. 2, Paras. 5-6) | Disputed that the Trust does not allow the sale of the Property.<br><br>The Trust grants Paul and William Dietrich, as trustees, "the power to . . . sell (for cash or on deferred payments with or without security), convey, exchange, partition [and] divide . . . trust property" (Trust § 9.4, W. Dietrich Decl. Ex. A, ECF No. 148-1 at 19), and "the power to invest and |

2

| | | Dietrichs' Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|---|
| | | | reinvest the trust estate in every kind of property, real, personal, or mixed" (Trust § 9.6, W. Dietrich Decl. Ex. A, ECF No. 148-1 at 20). Provisions for the distribution of the trust estate at the Dietrich' death are not inconsistent with these powers. (Trust § 7.8, W. Dietrich Decl. Ex. A, ECF No. 148-1 at 15-16.) |
| | | | The terms of the Trust are not inconsistent with the Plan of Distribution. In any event, the Plan of Distribution is unexecuted because it was not signed by Emma Dietrich. (Plan of Distribution at 2, W. Dietrich Decl. Ex. A, ECF No. 148-1 at 40.) |
| | | | Disputed also as to the ambiguous phrase "for the benefit of Paul S. Dietrich or William C. Dietrich." The Trust requires that the trustee "exercise all of the powers in the trustee's fiduciary capacity." (Trust § 11.5, W. Dietrich Decl. Ex. A, ECF No. 148-1 at 25.) The principal beneficiaries of the Trust include William and Paul Dietrich, as well as Paul Dietrich's two children. (*See supra* Response to ¶ 5.) The Child's Trust allows the sale of the Property for the benefit of the class of beneficiaries. |
| 7. | | Paul S, Dietrich never wanted to sell the Property or his interest in the Property to Flannery Associates LLC.<br><br>(Decl. of Paul S. Dietrich) | Additional discovery is needed about this fact. Specifically, discovery of the extent and nature of Paul Dietrich's communications with other Conspirators and landowners is needed to reveal Paul's intentions.<br><br>Documents in the record so far provide reason to doubt this assertion. For example, in August 2020, Ian Anderson wrote to Nancy Roberts that "Paul Dietrich says he is not planning on selling at this time." (Draper Decl., ECF No. 150, Ex. O at JA000002.) This suggests that Paul Dietrich may have discussed a willingness to sell at some time in the future with Ian Anderson. Likewise, Flannery's May 2021 offer to the Dietrichs stated that "following up on . . . conversations with Paul," Flannery "underst[ood] that [Paul and William] entertained selling, but had |

3

| | Dietrichs' Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| | | reservations about Flannery's plans for your property." (Draper Decl., ECF No. 150, Ex. K. at FLAN-0001218.) |
| 8. | William C. Dietrich never wanted to sell the Property or his interest in the Property to Flannery Associates LLC.<br><br>(Decl. of William C. Dietrich). | Additional discovery is needed about this fact. Specifically, discovery of the extent and nature of William Dietrich's communications with other Conspirators is needed to reveal William's intentions. |
| 9. | Paul S. Dietrich never told anyone that he was willing to sell the Property to Flannery Associates LLC.<br><br>(Decl. of Paul S. Dietrich) | Additional discovery is needed about this fact. Specifically, discovery of the extent and nature of Paul Dietrich's communications with other Conspirators is needed to reveal Paul's statements about his intentions with respect to Flannery's offers.<br><br>Documents in the record so far provide reason to doubt this assertion. For example, in August 2020, Ian Anderson wrote to Nancy Roberts that "Paul Dietrich says he is not planning on selling at this time." (Draper Decl., ECF No. 150, Ex. O at JA000002.) This suggests that Paul Dietrich may have discussed a willingness to sell at some time in the future with Ian Anderson. Likewise, Flannery's May 2021 offer to the Dietrichs stated that "following up on . . . conversations with Paul," Flannery "underst[ood] that [Paul and William] entertained selling, but had reservations about Flannery's plans for your property." (Draper Decl., ECF No. 150, Ex. K. at FLAN-0001218.) |
| 10. | William C. Dietrich never told anyone that he was willing to sell the Property to Flannery Associates LLC.<br><br>(Decl. of William C. Dietrich) | Additional discovery is needed about this fact. Specifically, discovery of the extent and nature of William Dietrich's communications with other Conspirators is needed to reveal William's statements about his intentions with respect to Flannery's offers. |
| 11. | William C. Dietrich never communicated with anyone from or representing Flannery Associates LLC.<br><br>(Decl. of William C. Dietrich) | Undisputed. |

4

| | Dietrichs' Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| 12. | Paul S. Dietrich told representatives of Flannery Associates LLC that he was not interested in selling the Property to Flannery Associates LLC.<br><br>(Decl. Paul S. Dietrich) | Undisputed as to whether Paul Dietrich told Flannery's representatives that he was not interested in particular offers, but disputed to the extent it suggests that Paul Dietrich stated he was not interested in ever selling the Property to Flannery.<br><br>Flannery's contemporaneous communications to Paul Dietrich regarding communications between Paul and Flannery's representatives demonstrate that Flannery's representatives had the impression that Paul "entertained" Flannery's offers.  (Draper Decl., ECF No. 150, Ex. K. at FLAN-0001218; *see also id.* at FLAN-0001212.) |
| 13. | Paul S. Dietrich never talked to or communicated with anyone concerning any agreement or understanding that sales of real property to Flannery Associates LLC should only occur at artificially high or supra competitive purchase prices.<br><br>(Decl. of Paul S. Dietrich) | Additional discovery is needed about this fact.  Specifically, discovery of the extent and nature of Paul Dietrich's communications with other Conspirators is needed to reveal whether Paul talked with anyone about this topic. |
| 14. | William C. Dietrich never talked to or communicated with anyone concerning any agreement or understanding that sales of real property to Flannery Associates LLC should only occur at artificially high or supra competitive purchase prices.<br><br>(Decl. of William C. Dietrich) | Additional discovery is needed about this fact.  Specifically, discovery of the extent and nature of William Dietrich's communications with other Conspirators is needed to whether William talked with anyone about this topic. |
| 15. | Paul S. Dietrich's refusal to sell the Property to Flannery Associates LLC is due to the terms of the Child's Trust.<br><br>(Decl. of Paul S. Dietrich) | Disputed.  The terms of the Child's Trust do not constrain Paul from selling the Property, but instead grant Paul, as a trustee, "the power to . . . sell (for cash or on deferred payments with or without security), convey, exchange, partition [and] divide . . . trust property" (Trust § 9.4, W. Dietrich Decl. Ex. A, ECF No. 148-1 at 19), and "the power to invest and reinvest the trust estate in every kind of property, real, personal, or mixed" (Trust § 9.6, W. Dietrich Decl. Ex. A, ECF No. 148-1 at 20). |
| 16. | William C. Dietrich's refusal to sell the Property to Flannery Associates LLC is due to the terms of the Child's Trust. | Disputed.  The terms of the Child's Trust do not constrain William from selling the Property, but instead grant William, as a trustee, "the power to . . . sell (for cash or |

5

| | Dietrichs' Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| | (Decl. of William C. Dietrich) | on deferred payments with or without security), convey, exchange, partition [and] divide . . . trust property" (Trust § 9.4, W. Dietrich Decl. Ex. A, ECF No. 148-1 at 19), and "the power to invest and reinvest the trust estate in every kind of property, real, personal, or mixed" (Trust § 9.6, W. Dietrich Decl. Ex. A, ECF No. 148-1 at 20). |
| 17. | Neither Paul S. Dietrich or William C. Dietrich were involved in any agreement, contract, combination or conspiracy to restrain the trade of real property in Solano County, California.<br><br>(Decls. of Paul S. Dietrich and William C. Dietrich) | This is a legal conclusion, not a fact.<br><br>Additional discovery is needed about facts related this issue. Specifically, discovery of the extent and nature of the Dietrichs' communications with other Conspirators is needed to reveal the extent of the Dietrichs' involvement in the conspiracy.<br><br>Disputed to the extent it suggests that Paul and William Dietrich were not involved in any communications with Conspirators about real property in Solano County, California. (Draper Decl., ECF No. 150, Exs. O, L; Menitove Decl. Ex. 1 at W_DIETRICH-000108 to -000110.) |
| 18. | Flannery Associates LLC has no evidence that it was not able to purchase any other person's real property in Solano County, California due to Paul S. Dietrich and William C. Dietrich's refusal to sell their Property to Flannery Associates LLC.<br><br>(Flannery Associates LLC responses to Defendants Interrogatories and Requests for Production of Documents, Ex. J to the Decl. of David B. Draper) | This is a legal conclusion, not a fact.<br><br>Additional discovery is needed about facts related to this issue. Specifically, discovery of the extent and nature of the Dietrichs' communications with other Conspirators is needed to reveal the extent to which the Dietrichs influenced others' behavior in negotiations with Flannery.<br><br>Disputed to the extent it suggests that Paul and William Dietrich were not involved in any communications with Conspirators about real property in Solano County, California. (Draper Decl., ECF No. 150, Exs. O, L; Menitove Decl. Ex. 1 at W_DIETRICH-000108 to -000110.)<br><br>The interrogatories identified by the Dietrichs in support of this statement do not ask about this issue and contain no statement that Flannery does not have evidence. To the contrary, to the extent they are relevant at all, these responses identify facts in support of Flannery's claims. (*See* Draper Decl., ECF No. 150, Ex J. at 12-13.) |

6

| | Dietrichs' Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| 19. | Flannery Associates LLC has no evidence that any owners of real property in Solano County, California were influenced to demand higher sales prices for their land from Flannery Associates LLC by Paul S. Dietrich and William C. Dietrich's refusal to sell their Property to Flannery Associates LLC.<br><br>(Flannery Associates LLC responses to Defendants Interrogatories and Requests for Production of Documents, Ex. J to the Decl. of David B. Draper) | This is a legal conclusion, not a fact.<br><br>Additional discovery is needed about facts related to this issue. Specifically, discovery of the extent and nature of the Dietrichs' communications with other Conspirators is needed to reveal the extent to which the Dietrichs influenced others' behavior in negotiations with Flannery.<br><br>Disputed to the extent it suggests that Paul and William Dietrich were not involved in any communications with Conspirators about real property in Solano County, California. (Draper Decl., ECF No. 150, Exs. O, L; Menitove Decl. Ex. 1 at W_DIETRICH-000108 to -000110.)<br><br>The interrogatories identified by the Dietrichs in support of this statement do not ask about this issue and contain no statement that Flannery does not have evidence. To the contrary, to the extent they are relevant at all, these responses identify facts in support of Flannery's claims. (Dietrich Decl. Ex J. at 12-13.) |
| 20. | Flannery Associates LLC has no evidence that it was damaged in any way by Paul S. Dietrich and William C. Dietrich's refusal to sell their Property to Flannery Associates LLC.<br><br>(Flannery Associates LLC responses to Defendants Interrogatories and Requests for Production of Documents, Ex. J to the Decl. of David B. Draper) | This is a legal conclusion, not a fact. It is also not relevant to the Dietrichs' motion for summary judgment, which is based on the Trust document and the extent of the Dietrichs' communications with other Conspirators. Regardless, the Dietrichs would be jointly and severally liable for damages caused by the conspiracy as a whole under well-settled law. *Texas Indus., Inc. v. Radcliff Materials, Inc.*, 451 U.S. 630, 646 (1981).<br><br>Additional discovery is needed about facts related to this issue. Specifically, discovery of the extent and nature of the Dietrichs' communications with other Conspirators is needed to reveal the extent to which the Dietrichs influenced others' behavior in negotiations with Flannery. Expert discovery on the issue of damages is also warranted after the factual record is completely developed. |

7

| | Dietrichs' Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| 21. | Flannery Associates LLC's claims against Paul S. Dietrich and William C. Dietrich are based entirely on its claim of circumstantial evidence.<br><br>(Flannery Associates LLC responses to Defendants Interrogatories and Requests for Production of Documents, Ex. J to the Decl. of David B. Draper) | This is a legal conclusion, not a statement of fact. This statement is also ambiguous and vague because it does not explain the term "claim of circumstantial evidence."<br><br>Additional discovery is needed about facts related to this issue. Specifically, discovery of the extent and nature of the Dietrichs communications with other Conspirators is needed to develop the factual record of the Dietrichs' involvement in the conspiracy.<br><br>Disputed to the extent it suggests that Flannery does not have direct evidence of the conspiracy's existence. (Menitove Decl. Exs. 8, 9, 10.) |
| 22. | Flannery Associates LLC does not have any specific, direct evidence that Paul S. Dietrich was involved in a conspiracy to fix the prices of real property in Solano County, California.<br><br>(Flannery Associates LLC responses to Defendants Interrogatories and Requests for Production of Documents, Ex. J to the Decl. of David B. Draper) | This is a legal conclusion, not a fact. This statement is also ambiguous and vague because it does not explain what the Dietrichs mean by "specific, direct evidence."<br><br>Additional discovery is needed about facts related to this issue. Specifically, discovery of the extent and nature of Paul Dietrich's communications with other Conspirators is needed to develop the factual record of Paul Dietrich's involvement in the conspiracy. |
| 23. | Flannery Associates LLC does not have any specific, direct evidence that William C. Dietrich was involved in a conspiracy to fix the prices of real property in Solano County, California.<br><br>(Flannery Associates LLC responses to Defendants Interrogatories and Requests for Production of Documents, Ex. J to the Decl. of David B. Draper) | This is a legal conclusion, not a fact. This statement is also ambiguous and vague because it does not explain what the Dietrichs mean by "specific, direct evidence."<br><br>Additional discovery is needed about facts related to this issue. Specifically, discovery of the extent and nature of William Dietrich's communications with other Conspirators is needed to develop the factual record of William Dietrich's involvement in the conspiracy. |

8

Dated: February 21, 2025

By: ___/s/ *Michael H. Menitove*___

Matthew Martino (*pro hac vice*)
matthew.martino@skadden.com
Michael H. Menitove (*pro hac vice*)
michael.menitove@skadden.com
Evan Levicoff (*pro hac vice*)
evan.levicoff@skadden.com
Thomas J. Smith (*pro hac vice*)
thomas.smith@skadden.com
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Facsimile: (917) 777-3000

Lance A. Etcheverry (SBN 199916)
lance.etcheverry@skadden.com
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California 94301
Telephone: (650) 470-4500
Facsimile: (650) 470-4570

*Attorneys for Plaintiff*
*Flannery Associates LLC*

9