1 | MICHAEL J. IOANNOU (SBN 95208)
DAVID B. DRAPER (SBN 107790)
2 | KEVIN W. ISAACSON (SBN 281067)
ROPERS MAJESKI PC
3 | 333 W. Santa Clara St., Suite 930
San Jose, CA  95113
4 | Telephone:  408.287.6262
Facsimile:  408.918.4501
5 | Email: michael.ioannou@ropers.com
        david.draper@ropers.com
6 |      kevin.isaacson@ropers.com

7 | Attorneys for Defendant Paul S. Dietrich (individually
and as trustee of the Child's Trust FBO Paul S.
8 | Dietrich, a subtrust under the Trust of William C.
Dietrich and Ivanna S. Dietrich; William Dietrich
9 | (individually and as trustee of the Child's Trust FBO
William C. Dietrich, a subtrust under the Trust of
10 | William C. Dietrich and Ivanna S. Dietrich)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Flannery Associates LLC,<br><br>Plaintiff,<br><br>v.<br><br>Barnes Family Ranch Associates, LLC, et al.,<br><br>Defendants. | Case No. 2:23-cv-00927-TLN-AC<br><br>**DEFENDANTS PAUL S. DIETRICH AND WILLIAM C. DIETRICH'S REPLY TO PLAINTIFF'S RESPONSE TO SEPARATE STATEMENT OF FACTS**<br><br>Date:       March 20, 2025<br>Time:       2:00 p.m.<br>Courtroom: 2, 15th floor<br>Judge:      The Honorable Troy L. Nunley |

Defendants Paul S. Dietrich and William C. Dietrich hereby submit this reply to Plaintiff's

Response to Defendants' Separate Statement of Undisputed Facts in Support of Motion for

Summary Judgment.

| | Moving Party's Undisputed Material Facts | Plaintiff's Response and Supporting Evidence: | Moving Party's Reply and Supporting Evidence |
|---|---|---|---|
| 1. | Paul S. Dietrich is a Trustee of the Child's Trust a subtrust under the Trust of William C. Dietrich and Ivanna S. Dietrich dated May 31, 1994. | Undisputed | Deemed admitted |

4911-4521-4992.1

ROPERS
MAJESKI

A Professional Corporation
San Jose

| | | | |
|---|---|---|---|
| | **Supporting Evidence:**<br><br>Decl. of Paul S. Dietrich; The 1994 Trust, pg.13, sec. 7; the Dietrich Child's Trust Agreement and Plan of Distribution, pg. 2, Paras. 5-6 | | |
| 2. | William C. Dietrich is a Trustee of the Child's Trust a subtrust of the Trust of William C. Dietrich and Ivanna S. Dietrich dated May 31, 1994.<br><br>**Supporting Evidence:**<br><br>Decl. of William C. Dietrich; The 1994 Trust, pg.13, sec. 7; the Dietrich Child's Trust Agreement and Plan of Distribution, pg. 2, Paras. 5-6 | Undisputed | Deemed admitted |
| 3. | The Child's Trust, a subtrust of the Trust of William C. Dietrich and Ivanna S. Dietrich dated May 31, 1994 is the owner of the fee title to the real property located in Solano County, California APN #'s 0048-130-220, 0048-160-350, 0048-160-360 (the "Property").<br><br>**Supporting Evidence:**<br><br>Decls. of Paul S. Dietrich and William C. Dietrich; The 1994 Trust, pg.13, sec. 7; the Dietrich Child's Trust Agreement and Plan of Distribution, pg. 2, Paras. 5-6 | Undisputed for the purposes of this motion.<br><br>The cited passages of the 1994 Trust and the Dietrich Child's Trust Agreement and Plan of Distribution do not state that the Child's trust is the "owner of the fee title" to the Property, but it is not material to the motion. | Deemed admitted |
| 4. | Paul S. Dietrich and William C. Dietrich hold life estates in the Property pursuant to the terms of the Child's Trust. | Disputed. The Dietrichs' characterization of their interest as a "life estate" is a legal conclusion, not a fact. In any event, the statement is not supported by the cited evidence and contradicted by the terms of the 1994 Trust. | The Plan of Distribution states on page 2, para. 5 and 6 that the Child's Trust is to hold the Properties in separate shares for William and Paul for their lifetime and upon their death the shares are to be distributed |

REPLY TO RESPONSE TO
SEPARATE STATEMENT OF FACTS
CASE NO. 2:23-CV-00927-TLN-AC

4911-4521-4992.1

| | | | |
|---|---|---|---|
| | **Supporting Evidence:**<br><br>Decls. of Paul S. Dietrich and William C. Dietrich; The 1994 Trust, pg.13, sec. 7; the Dietrich Child's Trust Agreement and Plan of Distribution, pg. 2, Paras. 5-6 | The trust document contains no mention of any "life estate.<br><br>Under the terms of the Child's Trust, Paul and William Dietrich are income beneficiaries and principal beneficiaries of the Trust. (Trust § 7.4, W. Dietrich Decl. Ex. A, ECF No. 148-1 at 15.<br><br>The Trust also grants Paul and William Dietrich, as trustees, "the power to . . . sell (for cash or on deferred payments with or without security), convey, exchange, partition [and] divide . . . trust property" (Trust § 9.4, W. Dietrich Decl. Ex. A, ECF No. 148-1 at 19), and "the power to invest and reinvest the trust estate in every kind of property, real, personal, or mixed" (Trust § 9.6, W. Dietrich Decl. Ex. A, ECF No. 148-1 at 20). Provisions for the distribution of the trust estate at the Dietrichs' death are not inconsistent with these powers. (Trust § 7.8, W. Dietrich Decl. Ex. A, ECF No. 148-1 at 15-16.)<br><br>The terms of the Trust are not inconsistent with the Plan of Distribution. In any event, the Plan of Distribution is unexecuted because it was not signed by Emma Dietrich. (Plan of Distribution at 2, W. Dietrich Decl. Ex. A, ECF No. 148-1 at 40.) | outright, free of trust to their descendants.<br><br>The Plan of Distribution amends the Trust, and the subtrusts, by making the distributions therein. The distributions terminate the Trusts as there are no more assets held. Distributions are provided for in the Trust, pg. 20, sec. 10.8, pg. 21 secs. 10.11, 10.13.<br><br><br><br>Emma I. Dietrich executed the Plan of Distribution June 4, 2013 (Decl. of David B. Draper Ex. A) |
| 5. | The current final beneficiaries of the Child's Trust are the children of Paul S. Dietrich. | Disputed. The characterization "current final beneficiaries" is unexplained and ambiguous, but the terms of 1994 Trust directly contradict this statement, because they | The Plan of Distribution terminates the Trust as no assets remain in the Trust. The Child's Trust and the Plan of Distribution control the Property. |

4911-4521-4992.1

ROPERS MAJESKI
A Professional Corporation
San Jose

| | | | |
|---|---|---|---|
| | **Supporting Evidence:**<br><br>Decls. of Paul S. Dietrich and William C. Dietrich; The 1994 Trust, pg.13, sec. 7; the Dietrich Child's Trust Agreement and Plan of Distribution, pg. 2, Paras. 5-6 | define the class of principal beneficiaries for the Child's Trust as the "[c]lass composed of the settlors' child and the child's descendants." (Trust § 7.4, W. Dietrich Decl. Ex. A, ECF No. 148-1 at 13.) The Trust defines "settlors' child" as Paul Dietrich and William Dietrich. (Trust §§ 1.2, 1.4, W. Dietrich Decl. Ex. A, ECF No. 148-1 at 4.)<br><br>On their face, the cited paragraphs of the Plan of Distribution do not alter the beneficiary class defined in the 1994 Trust. (Plan of Distribution, W. Dietrich Decl. Ex. A, ECF No. 148-1 at 40.)<br><br>The Plan of Distribution is also unexecuted because it was not signed by Emma Dietrich. (Plan of Distribution, W. Dietrich Decl. Ex. A, ECF No. 148-1 at 43.) | |
| 6. | The Child's Trust does not allow for the sale of the Property for the benefit of Paul S. Dietrich or William C. Dietrich.<br><br>**Supporting Evidence:**<br><br>Decls. of Paul S. Dietrich and William C. Dietrich; The 1994 Trust, pg.13, sec. 7; the Dietrich Child's Trust Agreement and Plan of Distribution, pg. 2, Paras. 5-6 | Disputed that the Trust does not allow the sale of the Property.<br><br>The Trust grants Paul and William Dietrich, as trustees, "the power to . . . sell (for cash or on deferred payments with or without security), convey, exchange, partition [and] divide . . . trust property" (Trust § 9.4, W. Dietrich Decl. Ex. A, ECF No. 148-1 at 19), and "the power to invest and reinvest the trust estate in every kind of property, real, personal, or mixed" (Trust § 9.6, W. Dietrich Decl. Ex. A, ECF No. 148-1 at 20). Provisions for the distribution of the trust estate at the Dietrich' death are not inconsistent with these powers. (Trust § | The Plan of Distribution terminates the Trust, the Surviving Spouse's Trust and the Family Bypass Trust by virtue of distributing all of those Trusts assets. The Child's Trust and the Plan of Distribution control the Property and there is no power given to the Trustees to sell the Property. (Child's Trust and Plan of Distribution, Decl. of Paul S. Dietrich, Ex A) |

4911-4521-4992.1

ROPERS MAJESKI
A Professional Corporation
San Jose

| | | | |
|---|---|---|---|
| | | 7.8, W. Dietrich Decl. Ex. A, ECF No. 148-1 at 15-16.)<br><br>The terms of the Trust are not inconsistent with the Plan of Distribution. In any event, the Plan of Distribution is unexecuted because it was not signed by Emma Dietrich. (Plan of Distribution at 2, W. Dietrich Decl. Ex. A, ECF No. 148-1 at 40.)<br><br>Disputed also as to the ambiguous phrase "for the benefit of Paul S. Dietrich or William C. Dietrich." The Trust requires that the trustee "exercise all of the powers in the trustee's fiduciary capacity." (Trust § 11.5, W. Dietrich Decl. Ex. A, ECF No. 148-1 at 25.) The principal beneficiaries of the Trust include William and Paul Dietrich, as well as Paul Dietrich's two children. (*See supra* Response to ¶ 5.) The Child's Trust allows the sale of the Property for the benefit of the class of beneficiaries. | |
| 7. | Paul S. Dietrich never wanted to sell the Property or his interest in the Property to Flannery Associates LLC.<br><br>**Supporting Evidence:**<br><br>Decl. of Paul S. Dietrich | Additional discovery is needed about this fact. Specifically, discovery of the extent and nature of Paul Dietrich's communications with other Conspirators and landowners is needed to reveal Paul's intentions.<br><br>Documents in the record so far provide reason to doubt this assertion. For example, in August 2020, Ian Anderson wrote to Nancy Roberts that "Paul Dietrich says he is not planning on selling at this time." (Draper Decl., ECF No. 150, Ex. O at JA000002.) This suggests that Paul Dietrich may have discussed a willingness to | Plaintiff has no evidence to support its dispute. Plaintiff's characterization of any emails is speculation. |

REPLY TO RESPONSE TO
SEPARATE STATEMENT OF FACTS
CASE NO. 2:23-CV-00927-TLN-AC

4911-4521-4992.1

ROPERS MAJESKI
A Professional Corporation
San Jose

| | | | |
|---|---|---|---|
| | | sell at some time in the future with Ian Anderson. Likewise, Flannery's May 2021 offer to the Dietrichs stated that "following up on . . . conversations with Paul," Flannery "underst[ood] that [Paul and William] entertained selling, but had reservations about Flannery's plans for your property." (Draper Decl., ECF No. 150, Ex. K. at FLAN-0001218.) | |
| 8. | William C. Dietrich never wanted to sell the Property or his interest in the Property to Flannery Associates LLC.<br><br>**Supporting Evidence:**<br><br>Decl. of William C. Dietrich | Additional discovery is needed about this fact. Specifically, discovery of the extent and nature of William Dietrich's communications with other Conspirators is needed to reveal William's intentions. | Plaintiff has no evidence to support its dispute. Plaintiff's characterization of any emails is speculation. |
| 9. | Paul S. Dietrich never told anyone that he was willing to sell the Property to Flannery Associates LLC.<br><br>**Supporting Evidence:**<br><br>Decl. of Paul S. Dietrich | Additional discovery is needed about this fact. Specifically, discovery of the extent and nature of Paul Dietrich's communications with other Conspirators is needed to reveal Paul's statements about his intentions with respect to Flannery's offers.<br><br>Documents in the record so far provide reason to doubt this assertion. For example, in August 2020, Ian Anderson wrote to Nancy Roberts that "Paul Dietrich says he is not planning on selling at this time." (Draper Decl., ECF No. 150, Ex. O at JA000002.) This suggests that Paul Dietrich may have discussed a willingness to sell at some time in the future with Ian Anderson. Likewise, Flannery's May 2021 offer to the Dietrichs stated that "following up on . . . conversations with Paul," | Plaintiff has no evidence to support its dispute. Plaintiff's characterization of any emails is speculation. |

REPLY TO RESPONSE TO
SEPARATE STATEMENT OF FACTS
CASE NO. 2:23-CV-00927-TLN-AC

4911-4521-4992.1

| | | | |
|---|---|---|---|
| | | Flannery "underst[ood] that [Paul and William] entertained selling, but had reservations about Flannery's plans for your property." (Draper Decl., ECF No. 150, Ex. K. at FLAN-0001218.) | |
| 10. | William C. Dietrich never told anyone that he was willing to sell the Property to Flannery Associates LLC.<br><br>**Supporting Evidence:**<br><br>Decl. of William C. Dietrich | Additional discovery is needed about this fact. Specifically, discovery of the extent and nature of William Dietrich's communications with other Conspirators is needed to reveal William's statements about his intentions with respect to Flannery's offers. | Plaintiff has no evidence to support its dispute. Plaintiff's characterization of any emails is speculation. |
| 11. | William C. Dietrich never communicated with anyone from or representing Flannery Associates LLC.<br><br>**Supporting Evidence:**<br><br>Decl. of William C. Dietrich | Undisputed | Deemed admitted. |
| 12. | Paul S. Dietrich told representatives of Flannery Associates LLC that he was not interested in selling the Property to Flannery Associates LLC.<br><br>**Supporting Evidence:**<br><br>Decl. Paul S. Dietrich | Undisputed as to whether Paul Dietrich told Flannery's representatives that he was not interested in particular offers, but disputed to the extent it suggests that Paul Dietrich stated he was not interested in ever selling the Property to Flannery.<br><br>Flannery's contemporaneous communications to Paul Dietrich regarding communications between Paul and Flannery's representatives demonstrate that Flannery's representatives had the impression that Paul "entertained" Flannery's offers. (Draper Decl., ECF No. 150, Ex. K. at FLAN-0001218; *see also id.* at FLAN-0001212.) | Plaintiff has no evidence to support its dispute. Plaintiff's characterization of any emails is speculation. |

REPLY TO RESPONSE TO
SEPARATE STATEMENT OF FACTS
CASE NO. 2:23-CV-00927-TLN-AC

4911-4521-4992.1

| | | | |
|---|---|---|---|
| 13. | Paul S. Dietrich never talked to or communicated with anyone concerning any agreement or understanding that sales of real property to Flannery Associates LLC should only occur at artificially high or supra competitive purchase prices.<br><br>**Supporting Evidence:**<br><br>Decl. of Paul S. Dietrich | Additional discovery is needed about this fact. Specifically, discovery of the extent and nature of Paul Dietrich's communications with other Conspirators is needed to reveal whether Paul talked with anyone about this topic. | Plaintiff has no evidence to support its dispute. Plaintiff's characterization of any emails is speculation. |
| 14. | William C. Dietrich never talked to or communicated with anyone concerning any agreement or understanding that sales of real property to Flannery Associates LLC should only occur at artificially high or supra competitive purchase prices.<br><br>**Supporting Evidence:**<br><br>Decl. of William C. Dietrich | Additional discovery is needed about this fact. Specifically, discovery of the extent and nature of William Dietrich's communications with other Conspirators is needed to whether William talked with anyone about this topic. | Plaintiff has no evidence to support its dispute. Plaintiff's characterization of any emails is speculation. |
| 15. | Paul S. Dietrich's refusal to sell the Property to Flannery Associates LLC is due to the terms of the Child's Trust.<br><br>**Supporting Evidence:**<br><br>Decl. of Paul S. Dietrich | Disputed. The terms of the Child's Trust do not constrain Paul from selling the Property, but instead grant Paul, as a trustee, "the power to . . . sell (for cash or on deferred payments with or without security), convey, exchange, partition [and] divide . . . trust property" (Trust § 9.4, W. Dietrich Decl. Ex. A, ECF No. 148-1 at 19), and "the power to invest and reinvest the trust estate in every kind of property, real, personal, or mixed" (Trust § 9.6, W. Dietrich Decl. Ex. A, ECF No. 148-1 at 20).<br>16. | The Plan of Distribution terminates the Trust, the Surviving Spouse's Trust and the Family Bypass Trust by virtue of distributing all of those Trusts assets. The Child's Trust and the Plan of Distribution control the Property and there is no power given to the Trustees to sell the Property.<br>(Child's Trust and Plan of Distribution, Decl. of Paul S. Dietrich, Ex A) |
| 16. | William C. Dietrich's refusal to sell the Property to Flannery Associates LLC | Disputed. The terms of the Child's Trust do not constrain William from | The Plan of Distribution terminates the Trust, the Surviving Spouse's Trust |

4911-4521-4992.1

| | | | |
|---|---|---|---|
| | is due to the terms of the Child's Trust.<br><br>**Supporting Evidence:**<br><br>Decl. of William C. Dietrich | selling the Property, but instead grant William, as a trustee, "the power to . . . sell (for cash or on deferred payments with or without security), convey, exchange, partition [and] divide . . . trust property" (Trust § 9.4, W. Dietrich Decl. Ex. A, ECF No. 148-1 at 19), and "the power to invest and reinvest the trust estate in every kind of property, real, personal, or mixed" (Trust § 9.6, W. Dietrich Decl. Ex. A, ECF No. 148-1 at 20). | and the Family Bypass Trust by virtue of distributing all of those Trusts assets. The Child's Trust and the Plan of Distribution control the Property and there is no power given to the Trustees to sell the Property.<br>(Child's Trust and Plan of Distribution, Decl. of Paul S. Dietrich, Ex A) |
| 17. | Neither Paul S. Dietrich or William C. Dietrich were involved in any agreement, contract, combination or conspiracy to restrain the trade of real property in Solano County, California.<br><br>**Supporting Evidence:**<br><br>Decls. of Paul S. Dietrich and William C. Dietrich | This is a legal conclusion, not a fact.<br><br>Additional discovery is needed about facts related this issue. Specifically, discovery of the extent and nature of the Dietrichs' communications with other Conspirators is needed to reveal the extent of the Dietrichs' involvement in the conspiracy.<br><br>Disputed to the extent it suggests that Paul and William Dietrich were not involved in any communications with Conspirators about real property in Solano County, California. (Draper Decl., ECF No. 150, Exs. O, L; Menitove Decl. Ex. 1 at W_DIETRICH-000108 to -000110.) | Plaintiff has no evidence to support its dispute. Plaintiff's characterization of any emails is speculation. |
| 18. | Flannery Associates LLC has no evidence that it was not able to purchase any other person's real property in Solano County, California due to Paul S. Dietrich and William C. Dietrich's refusal to sell their Property to Flannery Associates LLC. | This is a legal conclusion, not a fact.<br><br>Additional discovery is needed about facts related to this issue. Specifically, discovery of the extent and nature of the Dietrichs' communications with other Conspirators is needed to reveal the extent to which the | Plaintiff has no evidence to support its dispute. Plaintiff's characterization of any emails is speculation. |

REPLY TO RESPONSE TO
SEPARATE STATEMENT OF FACTS
CASE NO. 2:23-CV-00927-TLN-AC

4911-4521-4992.1

| | | Dietrichs influenced others' behavior in negotiations with Flannery. | |
|---|---|---|---|
| | **Supporting Evidence:**<br><br>Flannery Associates LLC responses to Defendants Interrogatories and Requests for Production of Documents, Ex. J to the Decl. of David B. Draper | Disputed to the extent it suggests that Paul and William Dietrich were not involved in any communications with Conspirators about real property in Solano County, California. (Draper Decl., ECF No. 150, Exs. O, L; Menitove Decl. Ex. 1 at W_DIETRICH-000108 to -000110.)<br><br>The interrogatories identified by the Dietrichs in support of this statement do not ask about this issue and contain no statement that Flannery does not have evidence. To the contrary, to the extent they are relevant at all, these responses identify facts in support of Flannery's claims. (*See* Draper Decl., ECF No. 150, Ex J. at 12-13.) | |
| 19. | Flannery Associates LLC has no evidence that any owners of real property in Solano County, California were influenced to demand higher sales prices for their land from Flannery Associates LLC by Paul S. Dietrich and William C. Dietrich's refusal to sell their Property to Flannery Associates LLC.<br><br>**Supporting Evidence:**<br><br>Flannery Associates LLC responses to Defendants Interrogatories and Requests for Production of Documents, Ex. J to the Decl. of David B. Draper | This is a legal conclusion, not a fact.<br><br>Additional discovery is needed about facts related to this issue. Specifically, discovery of the extent and nature of the Dietrichs' communications with other Conspirators is needed to reveal the extent to which the Dietrichs influenced others' behavior in negotiations with Flannery.<br><br>Disputed to the extent it suggests that Paul and William Dietrich were not involved in any communications with Conspirators about real property in Solano County, California. (Draper Decl., ECF No. 150, Exs. O, L; Menitove Decl. Ex. 1 at | Plaintiff has no evidence to support its dispute. Plaintiff's characterization of any emails is speculation. |

- 10 -

4911-4521-4992.1

| | | | |
|---|---|---|---|
| 1 | | W_DIETRICH-000108 to -000110.) | |
| 2 | | | |
| 3 | | The interrogatories identified by the Dietrichs in support of this statement do not ask about this issue and contain no statement that Flannery does not have evidence. To the contrary, to the extent they are relevant at all, these responses identify facts in support of Flannery's claims. (Dietrich Decl. Ex J. at 12-13.) | |
| 4 | | | |
| 5 | | | |
| 6 | | | |
| 7 | | | |
| 8 | | | |
| 9 | 20. | Flannery Associates LLC has no evidence that it was damaged in any way by Paul S. Dietrich and William C. Dietrich's refusal to sell their Property to Flannery Associates LLC.<br><br>**Supporting Evidence:**<br><br>Flannery Associates LLC responses to Defendants Interrogatories and Requests for Production of Documents, Ex. J to the Decl. of David B. Draper | This is a legal conclusion, not a fact. It is also not relevant to the Dietrichs' motion for summary judgment, which is based on the Trust document and the extent of the Dietrichs' communications with other Conspirators. Regardless, the Dietrichs would be jointly and severally liable for damages caused by the conspiracy as a whole under well-settled law. *Texas Indus., Inc. v. Radcliff Materials, Inc.*, 451 U.S. 630, 646 (1981).<br><br>Additional discovery is needed about facts related to this issue. Specifically, discovery of the extent and nature of the Dietrichs' communications with other Conspirators is needed to reveal the extent to which the Dietrichs influenced others' behavior in negotiations with Flannery. Expert discovery on the issue of damages is also warranted after the factual record is completely developed. | Plaintiff has no evidence to support its dispute. Plaintiff's characterization of any emails is speculation. |
| 10 | | | |
| 11 | | | |
| 12 | | | |
| 13 | | | |
| 14 | | | |
| 15 | | | |
| 16 | | | |
| 17 | | | |
| 18 | | | |
| 19 | | | |
| 20 | | | |
| 21 | | | |
| 22 | | | |
| 23 | | | |
| 24 | | | |
| 25 | | | |
| 26 | 21. | Flannery Associates LLC's claims against Paul S. Dietrich and William C. Dietrich are based entirely on its claim of circumstantial evidence. | This is a legal conclusion, not a statement of fact. This statement is also ambiguous and vague because it does not explain the term "claim of circumstantial evidence." | Plaintiff does not have any evidence that the Dietrichs were involved in any conspiracy. |
| 27 | | | |
| 28 | | | |

REPLY TO RESPONSE TO
SEPARATE STATEMENT OF FACTS
CASE NO. 2:23-CV-00927-TLN-AC

4911-4521-4992.1

ROPERS
MAJESKI

A Professional Corporation
San Jose

| | | | |
|---|---|---|---|
| | **Supporting Evidence:**<br><br>Flannery Associates LLC responses to Defendants Interrogatories and Requests for Production of Documents, Ex. J to the Decl. of David B. Draper | Additional discovery is needed about facts related to this issue. Specifically, discovery of the extent and nature of the Dietrichs communications with other Conspirators is needed to develop the factual record of the Dietrichs' involvement in the conspiracy.<br><br>Disputed to the extent it suggests that Flannery does not have direct evidence of the conspiracy's existence. (Menitove Decl. Exs. 8, 9, 10.) | |
| 22. | Flannery Associates LLC does not have any specific, direct evidence that Paul S. Dietrich was involved in a conspiracy to fix the prices of real property in Solano County, California.<br><br>**Supporting Evidence:**<br><br>Flannery Associates LLC responses to Defendants Interrogatories and Requests for Production of Documents, Ex. J to the Decl. of David B. Draper | This is a legal conclusion, not a fact. This statement is also ambiguous and vague because it does not explain what the Dietrichs mean by "specific, direct evidence."<br><br>Additional discovery is needed about facts related to this issue. Specifically, discovery of the extent and nature of Paul Dietrich's communications with other Conspirators is needed to develop the factual record of Paul Dietrich's involvement in the conspiracy. | Plaintiff does not have any evidence that the Dietrichs were involved in any conspiracy |
| 23. | Flannery Associates LLC does not have any specific, direct evidence that William C. Dietrich was involved in a conspiracy to fix the prices of real property in Solano County, California.<br><br>**Supporting Evidence:**<br><br>Flannery Associates LLC responses to Defendants Interrogatories and Requests for Production of Documents, Ex. J to the Decl. of David B. Draper | This is a legal conclusion, not a fact. This statement is also ambiguous and vague because it does not explain what the Dietrichs mean by "specific, direct evidence."<br><br>Additional discovery is needed about facts related to this issue. Specifically, discovery of the extent and nature of William Dietrich's communications with other Conspirators is needed to develop the factual record of William Dietrich's involvement in the conspiracy. | Plaintiff does not have any evidence that the Dietrichs were involved in any conspiracy |

REPLY TO RESPONSE TO
SEPARATE STATEMENT OF FACTS
CASE NO. 2:23-CV-00927-TLN-AC

4911-4521-4992.1

1   Dated:  March 3, 2025                    ROPERS MAJESKI PC

2

3                                           By:  /s/ *David B. Draper*
                                                 MICHAEL J. IOANNOU
4                                                DAVID B. DRAPER
                                                 KEVIN W. ISAACSON
5                                                Attorneys for Defendant
                                                 Paul Dietrich (individually and as trustee of the
6                                                Child's Trust FBO Paul S. Dietrich, a subtrust
                                                 under the Trust of William C. Dietrich and
7                                                Ivanna S. Dietrich; William Dietrich
                                                 (individually and as trustee of the Child's Trust
8                                                FBO William C. Dietrich, a subtrust under the
                                                 Trust of William C. Dietrich and Ivanna S.
9                                                Dietrich)



10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REPLY TO RESPONSE TO
SEPARATE STATEMENT OF FACTS
CASE NO. 2:23-CV-00927-TLN-AC

4911-4521-4992.1