1  MICHAEL J. IOANNOU (SBN 95208)
   DAVID B. DRAPER (SBN 107790)
2  KEVIN W. ISAACSON (SBN 281067)
   ROPERS MAJESKI PC
3  333 W. Santa Clara St., Suite 930
   San Jose, CA  95113
4  Telephone:  408.287.6262
   Facsimile:  408.918.4501
5  Email: michael.ioannou@ropers.com
          david.draper@ropers.com
6          kevin.isaacson@ropers.com

7  Attorneys for Defendants Paul Dietrich (individually
   and as trustee of the Child's Trust FBO Paul S.
8  Dietrich, a subtrust under the Trust of William C.
   Dietrich and Ivanna S. Dietrich and William Dietrich
9  (individually and as trustee of the Child's Trust FBO
   William C. Dietrich, a subtrust under the Trust of
10 William C. Dietrich and Ivanna S. Dietrich)

11                UNITED STATES DISTRICT COURT

12                EASTERN DISTRICT OF CALIFORNIA

13

14  Flannery Associates LLC,                Case No. 2:23-cv-00927-TLN-AC

15            Plaintiff,                     **DECLARATION OF DAVID B. DRAPER IN SUPPORT OF REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

16        v.

17  Barnes Family Ranch Associates, LLC, et al.,

18            Defendants.

19

20        I, David B. Draper, have personal knowledge of the following facts and could

21  competently testify to them if called as a witness to do so.

22        1.      I am one of the attorneys at Ropers Majeski PC representing defendants

23  Paul S. Dietrich and William C. Dietrich in this action.

24        2.      Attached hereto as Exhibit A is a true and correct copy of the signature page of

25  Emma I. Dietrich, dated June 6, 2013, to the Plan of Distribution of the Child's Trust. The

26  signature page was inadvertently not attached to the existing Exhibit G of the Dietrichs' Motion

27  for Summary judgment and to the Declarations of Paul and William Dietrich, and their respective

28  Exhibit A's, in support of the motion for summary judgment.

4919-8839-7602.1

3.      On September 17, 2024 I participated in a meet and confer conference with Flannery's attorneys concerning the outstanding discovery requests and initial responses. We agreed that the discovery cut-off date was December 16, 2024 and agreed that any outstanding or supplemental responses or document productions by Flannery were to take place by the end of December 2024. We then had a general, overall discussion about where the case was going and what Flannery was seeking to accomplish since so many Defendants had settled out and been dismissed from the case and they been on notice of our evidentiary issues, the lack of any evidence against the Dietrichs to support Flannery's claims against them. We talked about the ongoing cost and expense of litigation, mainly affecting my clients, and the fact that we had yet to be assigned a trial date. We talked about the case going forward and I mentioned that from an expense standpoint I did not know if I was going to file a motion for summary judgment as the cost and preparation would be similar and repetitive of the work needed for getting ready for trial. I did not say that I was not going to be filing a motion for summary judgment.

4.      Flannery has raised the issue that there was not a meet and confer conference prior to the filing of Defendants' motion for summary judgment pursuant to the Court's standing order. It is true that the conference did not take place as I simply forgot to do it. I had no intention of taking any advantage and I apologize for my lapse in memory. I meant no disrespect to the Court or Flannery's attorneys.

5.      On July 29, 2024 I provided Flannery's lawyers with a copy of the William C. Dietrich and Ivanna S. Dietrich Trust dated May 31, 1994 and the Child's Trust Agreement and Plan of Distribution (Exhibit G to my earlier declaration). The Trust was not subject to any discovery request and I provided it to Flannery's attorneys as part of our ongoing discussions, starting in August 2023, concerning the Dietrichs and Flannery's claims against the Dietrichs. Mr. Menitove did contact me about the designation of the document as Attorney's Eyes Only as that designation would not allow him to share the document with his clients making a discussion about it difficult. I agreed and wrote back to Mr. Menitove that we would agree to consider the document re-designated as Confidential so that he could have his discussions. That is the last I heard anything from Plaintiff's side about the Trusts and their terms. I did mention more

- 2 -

DECLARATION OF DAVID B. DRAPER
CASE NO. 2:23-CV-00927-TLN-AC

4919-8839-7602.1

ROPERS
MAJESKI

A Professional Corporation
San Jose

1    than once in correspondence that the Dietrichs' interests were more akin to life estates and that

2    they had nothing to sell. The first time I have seen anything about Flannery's interpretation of the

3    Trusts is reading their opposition to the motion for summary judgment.

4         6.      Attached hereto as Exhibit B is a true and correct copy of the Trust Transfer Deed

5    dated June 13, 2013, recorded in the Official Records, Solano County on July 8, 2013 as

6    document #201300067576. The public record reflects the transfer of the Dietrichs' Property form

7    the Surviving Spouse's Trust, a subtrust of the William C. Dietrich and Ivanna S. Dietrich Trust

8    dated May 31, 1994 to William C. Dietrich and Paul S. Dietrich as Trustees of the stated Child's

9    Trust.

10        I declare under penalty of perjury and the laws of the United States of America that the

11   foregoing is true and correct to the best of my knowledge. Executed this 3rd day of March, 2025

12   at Plaistow, New Hampshire.

13                                         /s/ *David B. Draper*
14                                         DAVID B. DRAPER

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF DAVID B. DRAPER
CASE NO. 2:23-CV-00927-TLN-AC

4919-8839-7602.1

ROPERS MAJESKI
A Professional Corporation
San Jose

# EXHIBIT A

I have been advised and understand that I may seek the advice of independent counsel prior to executing any document in connection with the subject matter of this Plan of Distribution and that by signing below, I have knowingly and voluntarily waived such right.

Dated: _____

_____
Peter S. Dietrich

I have been advised and understand that I may seek the advice of independent counsel prior to executing any document in connection with the subject matter of this Plan of Distribution and that by signing below, I have knowingly and voluntarily waived such right.

Dated: 6/4/13

_____
Emma I. Dietrich

K:\Office Folders\Clients\Dietrich, Paul\Assets\Plan of DistributionTrust -final - 3-27-13.wpd

# EXHIBIT B

| RECORDING REQUESTED BY | Recorded in Official Records, Solano County | 7/08/2013 |
|---|---|---|

RECORDING REQUESTED BY
˙ DOWNEY BRAND LLP
WHEN RECORDED MAIL TO

Recorded in Official Records, Solano County
**Marc C. Tonnesen**
Assessor/Recorder

7/08/2013
10:45 AM
AR64
06

NAME        James A. Willett
            Downey Brand LLP

MAILING
ADDRESS     621 Capitol Mall, 18th Floor

CITY, STATE
ZIP CODE    Sacramento, California 95814-4731

**P  Downey Brand**

Doc#:  201300067576



| Titles:  1 | Pages:  4 |
|---|---|
| Fees | 22.00 |
| Taxes | 0.00 |
| Other | 0.00 |
| PAID | $22.00 |

**Mail Tax Statements To:**

Paul S. Dietrich, Trustee
3949 Bibbits Drive
Palo Alto, CA  94303-4529

(SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S USE)

## TRUST TRANSFER DEED

Assessor's Parcel Nos. 0048-160-350, 0048-160-360;
and 0048-130-220.

Documentary Transfer Tax:    **NONE**

No property transfer tax due.  This is not a sale.  No consideration given.  Transfer from parent to child.  Rev. & Tax. Code Sections 62(d) and 11930.

DOWNEY BRAND LLP

By

WILLIAM C. DIETRICH, TRUSTEE OF THE SURVIVING SPOUSE'S TRUST, a subtrust of the TRUST OF WILLIAM C. DIETRICH AND IVANNA S. DIETRICH UAD MAY 31, 1994, hereby grants all of such Trust's interest in and to that certain City of Rio Vista, County of Solano, State of California, real property more particularly described in Exhibit A attached hereto and made a part hereof, to WILLIAM C. DIETRICH, TRUSTEE OF THE CHILD'S TRUST FBO WILLIAM C. DIETRICH, a subtrust of THE TRUST OF WILLIAM C. DIETRICH AND IVANNA S. DIETRICH UAD MAY 31, 1994, as to an undivided 31% interest, and to PAUL S. DIETRICH, TRUSTEE OF THE CHILD'S TRUST FBO PAUL S. DIETRICH, a subtrust of the TRUST OF WILLIAM C. DIETRICH AND IVANNA S. DIETRICH UAD MAY 31, 1994, as to an undivided 69%  interest.

Assessor's Parcel Nos. 0048-160-350, 0048-160-360; and 0048-130-220.

DATED:   June 13, 2013.

The Surviving Spouse's Trust, a subtrust of the Trust of William C. Dietrich and Ivanna S. Dietrich UAD May 31, 1994

William C. Dietrich, Trustee

1302362.2

STATE OF CALIFORNIA        )
                           )    ss.
COUNTY OF SACRAMENTO       )

On _____ June 13 _____, 2013, before me, James A. Willett, Notary Public, personally appeared William C. Dietrich, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Notary Public

JAMES A. WILLETT
COMM. #1999358
Notary Public - California
Sacramento County
My Comm. Expires Dec. 23, 2016

1302362.2

2

All that real property situate in Section 27, Section 28 and Section 33, Township 4 North, Range 2 East, M.D.M. , in the County of Solono, State of California more particularly described as follows:.

Beginning at the southeast corner of the NE 1/4 of the NE 1/4 of Section 28, as shown on that certain unrecorded survey , entitled " Map of property in Sections 27,28,29,32,33 & 34 T4N R2E , M.D.M. and Sections 3,4 & 5 T3N R2E, M.D.M. described in deeds recorded Jan. 8 & Feb. 4, 1937 from NEIL C. ANDERSON TO HIS CHILDREN January 1937, said corner bears South 00 28'00" West 176 feet from the corner of an existing fence running west and south, thence from the TRUE POINT OF BEGINNING South 00 28'00" West 1324.7 feet to the southeast corner of the NE 1/4 of Section 28, as shown on said unrecorded survey, thence South 00 28'00" West 55.44 feet to the south line of County Road 250, then along the south line of County Road 260 North 88 40'00" East 514.80 feet, thence North 85 30'00" East 1188.00 feet, thence leaving the south line of County Road 260, South 11 10'00" West 1914.0 feet, thence South 08 55'00" West 2884.2 feet, thence South 20 30'00" West 594.0 feet to a point on the eastwest centerline of Section 33 as shown of said unrecorded survey, thence South 01 56'00" East 411.84 feet, thence South 06 38'00" East 126.72 feet, thence South 11 49'00" East 193.38 feet, thence South 10 05'00" East 171.60 feet, thence South 07 46'00" East 318.78 feet, thence South 82 00'00" West 63.36 feet, thence South 00 52'00" East 343.20 feet, thence South 02 13'00" East 234.96 feet, thence South 65 34'00" West 15.84 feet, thence North 54 50'00" West 874.50 feet, thence North 51 07'00" West 587.40 feet, thence North 53 21'00" West 79.86 feet, thence North 60 59'00" West 79.86 feet, thence North 70 16'00" West 79.20 feet, thence North 78 03'00" West 79.86 feet, thence North 89 16'00" West 95.70 feet, thence South 81 18'00" West 528.00 feet, thence North 04 01'00" West 172.26 feet, thence North 09 30'00" West 111.54 feet, thence North 17 34'00' West 95.04 feet, thence North 25 00'00" West 549.12 feet, to a point on the eastwest centerline of section 33, that bears North 89 49'00" East 1038.84 feet from the center 1/4 corner of section 33, as shown on said unrecorded survey, thence North 00 30'00" West 560.34 feet, thence North 24 30'00" East 1584.00 feet, thence North 07 25'00" East 1320.00 feet, thence North 02 30'00" West 1289.62 feet to the north line of County Road 260, thence along said north line of County Road 260 South 56 00'00" West 251.73 feet, thence South 74 00'00" West 104.94 feet, thence leaving said north line of County Road 260 South 66 34'00" West 400.62 feet, thence South 31 03'00" West 745 76 feet, thence South 86 24'00" West 370.92 feet, thence North 62 37'00" West 398.64 feet to a point on the northsouth centerline of Section 28 being an existing fence line, thence along said fence line North 29 12'56" West 268.23 feet, thence North 28 39'58" West 216.05 feet, thence North 27 32'05" West 125.71 feet, thence North 30 08'19" West 185.14 feet, thence North 16 24'11"

West 172.48 feet ,.thence North 11 33'33" East 134.08 feet, thence North 62 09'29" East 59.73 feet, thence North 72 50'50" East 262.70 feet, thence North 51 35'20" East 131.71 feet, thence North 00 18'02" East 274.01 feet to the center 1/4 corner of Section 28 as shown on said unrecorded survey, thence along the eastwest centerline of section 28, South 89 56'00" East 539.88 feet, to a point on the north line of County Road 260, thence along said north line of County Road 260 , South 81 45'00" East 540.44 feet, thence leaving said north line of County Road 260, North 15 09'10" East 1459.66 feet to a point on the south line of the NE 1/4 of Section 28 that bears South 89 58'00" East 91.00 feet from the southwest corner of the NE 1/4 of the NE 1/4 of section 28, thence South 89 58'00" East 1181.92 feet to point of beginning.

Containing 425.8 plus or minus Acres

The above description is recorded in County of Solano Certificate Of Compliance, Clinton & Verdie Alsop and Ivanna Dietrich, Document No. 900055860

ALSO SAVING AND EXCEPTING all oil, mineral, and hydrocarbon substances and rights with the right of surface entry thereto.

APNs:  0048-160-350; 0048-160-360; 0048-130-220



Exhibit A - Page 2 of 2