UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLANNERY ASSOCIATES LLC,<br><br>Plaintiff,<br><br>v.<br><br>BARNES FAMILY RANCH ASSOCIATES, LLC, ET AL.,<br><br>Defendants. | No. 2:23-cv-00927-TLN-AC<br><br>**ORDER** |

This matter is before the Court on Plaintiff Flannery Associates LLC's ("Plaintiff") Motion to Amend the Scheduling Order. (ECF No. 141.) Also before the Court is Defendants Paul Dietrich and William Dietrich's (collectively, "Dietrich Defendants" [1]) Motion for Summary Judgment. (ECF No. 147.) Both Motions are fully briefed. (ECF Nos. 144, 146, 153, 157.) For the following reasons, Plaintiff's Motion to Amend is GRANTED and Defendants' Motion for Summary Judgment is DENIED as moot.

///

///

///

---

[1] The Court notes Plaintiff originally named fifty Defendants in its Complaint. (ECF No. 1.) All but the Dietrich Defendants have settled.

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

The Court need not recite the detailed factual and procedural history of this antitrust action, as it is set forth in the Court's prior Order. (*See* ECF No. 111.) Relevant here, after Plaintiff filed its Complaint on May 18, 2023, the Court issued an Initial Pretrial Scheduling Order ("Scheduling Order"). (ECF Nos. 1, 3.) The Scheduling Order states that all discovery, except expert discovery, shall be completed no later than two hundred forty (240) days from the date upon which the last answer may be filed with the Court. (ECF No. 3 at 2.) After the close of discovery, sixty additional days are allocated for expert discovery. (*Id.* at 3.) The Scheduling Order became final as no party filed objections.

On July 11, 2023, the Dietrich Defendants, along with seventeen other Defendants, (collectively, "Defendants") filed a Motion to Dismiss.[2] (ECF No. 78.) The parties held the Rule 26(f) conference on September 12, 2023. (ECF No. 141-1 at 7.) Plaintiff propounded its initial set of ten requests for production ("RFPs") on Defendants on September 7, 2023. (*Id.*) Defendants subsequently sought to stay discovery while their Motion to Dismiss was pending. (ECF No. 85 at 5.) Simultaneously, Plaintiff pursued settlement negotiations and entered into settlement agreements with some Defendants on October 17, 2023. (ECF Nos. 83, 84.) Plaintiff also served an initial set of third-party subpoenas in November 2023. (ECF No. 141-1 at 8; ECF No. 141-2 ¶¶ 2–3.) On December 21, 2024, the assigned magistrate judge granted Defendants' motion to stay, staying all discovery for 100 days or until Defendants' Motion to Dismiss was decided. (ECF No. 99.)

While the stay was in effect, Plaintiff continued with settlement talks and entered into settlement agreements with additional Defendants on January 19, 2024, and March 6, 2024. (ECF Nos. 100, 101, 104, 105.) The discovery stay was lifted on March 29, 2024, when the Court denied Defendants' Motion to Dismiss. (ECF No 111.) The remaining Defendants at the time then filed their answers on April 19, 2024. (ECF Nos. 112–115.) Accordingly, the deadline

---

[2] The Motion to Dismiss was filed by Defendants William and Paul Dietrich along with seventeen other Defendants. (ECF No. 78.) All Defendants have settled except for William and Paul Dietrich.

2

1  for all discovery, except expert discovery, was December 16, 2024.

2  After the discovery stay was lifted, Plaintiff continued to serve supplemental subpoenas to third parties, engage in meet and confers, and filed a motion to compel. (ECF No. 141-1 at 8–10; ECF No. 141-2 ¶¶ 5–9, 12.) Plaintiff also continued to engage in settlement talks, which resulted in further settlement agreements on July 8, 2024, September 17, 2024, and November 5, 2024. (ECF Nos. 123, 131, 139.)

On December 3, 2024, Plaintiff informed the Dietrich Defendants it would seek to amend the Scheduling Order to allow for an additional six months of fact discovery. (ECF No. 141-1 at 12; ECF No. 141-2 at 20–23.) The Dietrich Defendants informed Plaintiff it would oppose such a request. (ECF No. 141-2 at 20.) On December 9, 2024, Plaintiff sought additional third-party subpoenas and filed the instant Motion to Amend the Scheduling Order. (*Id.* ¶ 28; ECF No. 141.) While Plaintiff's Motion was pending, the assigned magistrate judge granted the Motion to Compel (ECF No. 143), and the Dietrich Defendants filed the instant Motion for Summary Judgment (ECF No. 147).

## II. STANDARD OF LAW

Once a scheduling order has been filed pursuant to Federal Rule of Civil Procedure ("Rule") 16, the "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The Ninth Circuit instructs district courts to consider the following factors in determining whether to amend a Rule 16 scheduling order to reopen discovery:

> (1) whether trial is imminent[;] (2) whether the request is opposed[;] (3) whether the non-moving party would be prejudiced[;] (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court[;] (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court[;] and (6) the likelihood that the discovery will lead to relevant evidence.

*City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017) (internal citations omitted). Furthermore, "[d]istrict courts have 'broad discretion to manage discovery and to control the course of litigation under [Rule] 16.'" *Hunt v. Cnty. of Orange*, 672 F.3d 606, 616

1  (9th Cir. 2012) (quoting *Avila v. Willits Envt'l Remediation Trust*, 633 F.3d 828, 833 (9th Cir.
2  2011)).

### III. ANALYSIS

Plaintiff argues an amendment to the Scheduling Order is warranted because: (1) it has demonstrated diligence in pursuing discovery; (2) extending discovery will allow Plaintiff to collect additional relevant evidence; and (3) the requested extension would not prejudice Defendants. (ECF No. 141-1 at 13–18.) The Dietrich Defendants disagree. (ECF No. 144.) The Court evaluates Plaintiff's arguments in turn.

#### A. Diligence

Plaintiff argues it has been diligent in pursuing discovery such that good cause exists to allow for an extension. (ECF No. 141-1 at 14.) Plaintiff notes it conducted extensive settlement negotiations, and engaged in extensive party and third-party discovery, collectively serving 270 RFPs and issuing 11 third-party subpoenas. (*Id.*) Additionally, Plaintiff argues the complexity of the underlying antitrust action should be considered, along with the considerable delay in discovery that occurred as a result of the stay. (*Id.* at 15.) Finally, Plaintiff contends the incomplete responses it received through discovery weighs in favor of finding good cause to extend the discovery period.[3] (*Id.* at 16.)

In opposition, the Dietrich Defendants argue Plaintiff has had more than enough time to complete discovery. (ECF No. 144 at 9.) Further, the Dietrich Defendants contend that during a meet and confer in September 2024, Plaintiff agreed the discovery deadline was December 16, 2024, but then "did nothing" until December 4, 2024. (ECF No. 144 at 11, 14.) Additionally, the Dietrich Defendants also contend the discovery stay did not prejudice Plaintiff as noted in the magistrate judge's order. (*Id.* at 9–10 (citing ECF No. 99 at 12).)

In reply, Plaintiff contends the Dietrich Defendants fail to refute Plaintiff's diligence

---

[3] Plaintiff also argues it worked persistently for months to initiate the Rule 26(f) conference. (ECF No. 141-1 at 14.) In opposition, the Dietrich Defendants contend "they were always willing to meet" with Plaintiff for the Rule 26(f) conference and any delay was due to coordinating several lawyers' schedules. (ECF No. 144 at 10.) Because the Court finds Plaintiff's diligence does not hinge on its efforts to initiate a Rule 26(f) conference, the Court does not weigh in on this argument.

4

1  argument. (ECF No. 146 at 4.) As to the Dietrich Defendants' argument that Plaintiff's did
2  nothing between September 19, 2024, to December 4, 2024, Plaintiff states "even a cursory
3  glance at the docket" disproves this. (*Id.* at 5.) Moreover, Plaintiff argues that forcing
4  Defendants to incur deposition costs while pursuing settlement negotiations was impractical.
5  (*Id.*) Finally, Plaintiff argues the magistrate judge's decision which stated a stay would not be
6  prejudicial was issued prior to the stay and does not reflect the fact that Plaintiff did not receive
7  any documents during the stay. (*Id.* at 6.)

8  In considering whether the moving party was diligent, the Court considers whether
9  Plaintiff has attempted to obtain discovery within the guidelines established by the Court. *See*
10 *Soto v. Cnty. of Sacramento*, No. 2:19-CV-00910-TLN-DB, 2021 WL 2402524, at *4 (E.D. Cal.
11 June 11, 2021) (citing *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607–08 (E.D. Cal. 1999)).

12 Here, it is clear to the Court that Plaintiff acted with diligence. The Dietrich Defendants'
13 counterargument that Plaintiff "did nothing" between September 19, 2024, to December 4, 2024,
14 is unavailing. As demonstrated by the record, Plaintiff was actively pursuing resolution of its
15 claims during that time — by filing a motion to compel, amending that motion after negotiations,
16 filing a joint statement, and settling claims against another Defendant. (*See* ECF Nos. 133, 135,
17 137, 139.) Moreover, throughout the entire discovery period, Plaintiff conducted a considerable
18 amount of discovery, including, as established in Plaintiff's brief, serving 270 RFPs and issuing
19 11 third-party subpoenas. Additionally, in this complex antitrust action, which began with
20 approximately 50 Defendants, Plaintiff has settled with all but the two remaining Dietrich
21 Defendants. Given this, it was not unreasonable for Plaintiff to forgo more costly areas of
22 discovery until it was determined the Dietrich Defendants would not settle. *See Soto*, 2021 WL
23 2402524, at *5 ("[T]he Court cannot say the decision to wait to pursue this particular, more costly
24 area of discovery until after determining whether the case would settle was entirely unreasonable
25 under the circumstances.")

26 The Court further finds granting the request to extend discovery is appropriate given the
27 discovery period was shortened by the stay that went into effect from October 18, 2023, until
28 March 29, 2024. (*See* ECF Nos. 99, 111); *Davis v. New York Life Ins. Co.*, No. 2:24-CV-00131-

1   TLN-DB, 2024 WL 4505607, at *2 (E.D. Cal. Oct. 16, 2024) (finding parties should not be
2   "prejudiced by a shortened timeframe within which to conduct its discovery").  The Dietrich
3   Defendants' reliance on the magistrate judge's order to argue Plaintiff was not prejudiced by the
4   stay is unpersuasive.  When granting the motion stay, the magistrate judge merely found
5   Plaintiff's arguments at the time about prejudice to be speculative — it did not find Plaintiff
6   would not be prejudiced.  (*See* ECF No. 99 at 5.)  Here, Plaintiff states, and the Dietrich
7   Defendants do not dispute, that Plaintiff received no discovery documents during the
8   approximately five month stay, which ate into the period for fact discovery.
9           In sum, the Court finds the diligence factor weighs in favor of modifying the Scheduling
10  Order.
11                  B.      Relevant Evidence
12          Plaintiff next contends the extension would result in the production of relevant evidence.
13  (ECF No. 141-1 at 16.)  According to Plaintiff, past experience has demonstrated that those who
14  have settled with Plaintiff are more "willing to produce many more responsive documents than
15  Conspirators who are still named as Defendants."  (*Id.* at 17.)
16          In opposition, the Dietrich Defendants argue none of the documents produced to date
17  provide any evidence supporting Plaintiff's claims against them and additional time will not
18  change this.  (ECF No. 144 at 10.)  Further, the Dietrich Defendants contend the subpoenas
19  Plaintiff issued at the end of the discovery period repeated and duplicated requests Plaintiff had
20  sought previously.  (*Id.* at 4.)  According to the Dietrich Defendants, there is no evidence that
21  they participated in any price-fixing conspiracy and there is no good reason to continue discovery.
22  (*Id.* at 5–6.)
23          In reply, Plaintiff argues the discovery produced so far has been substantive and indicates
24  it is likely more relevant evidence will be produced.  (ECF No. 146 at 8–9.)  Plaintiff points to
25  different pieces of information including the email Paul Dietrich sent to a former Defendant that
26  stated the information about Plaintiff was "'verrrrry interesting' !"  (*Id.* at 9 (citing ECF No. 141-
27  2 at 16).)  Plaintiff further contends the Dietrich Defendants' own supporting exhibits
28  demonstrate the subpoenas include new requests for communications.  (*Id.* at 8 (*comparing* ECF

6

1  No. 144-1 at 15–20; *with* ECF No. 144-5 at 13).)

2  While the Court cannot predict exactly what will result from additional discovery,
3  deposition testimony often reveals relevant evidence to any litigation — something the Dietrich
4  Defendants do not dispute. *See Trove Brands, LLC*, 2024 WL 1974452, at *5 (finding similarly).
5  Of what nature, the Court can only guess. Regardless, the Court's ultimate goal is to resolve the
6  case on the merits, and further discovery serves that purpose. *See id.* (internal citation omitted).
7  In sum, the Court finds this factor weighs in favor of modifying the Scheduling Order.

8                  C.        Prejudice to Defendants

9  Finally, Plaintiff argues an extension will not prejudice Defendants. (ECF No. 141-1 at
10  17–18.) Plaintiff contends the additional contemplated discovery is "highly unlikely to burden
11  the Dietrich Defendants because it is primarily focused on obtaining evidence from third-party
12  Conspirators." (*Id.* at 18.)

13  In opposition, the Dietrich Defendants argue they will be prejudiced by an extension
14  because Plaintiff has had more than enough time to conduct discovery, Plaintiff specifically chose
15  not to pursue certain discovery during the discovery time period, depositions are expensive, and
16  an extension delays the time for dispositive motions and trial. (ECF No. 144 at 15–16.)
17  Moreover, the Dietrich Defendants contend Plaintiff has no evidence they participated or
18  benefited from any conspiracy, and it is time for the case to end. (*Id.* at 16.)

19  In reply, Plaintiff argues the Dietrich Defendants fail to show they will suffer any
20  meaningful prejudice from the requested extension. (ECF No. 146 at 7.) According to Plaintiff,
21  if Plaintiff notices depositions, it is Plaintiff who will pay the fee — not the Dietrich Defendants.
22  (*Id.*) Additionally, Plaintiff argues the Dietrich Defendants' only other argument is the
23  conclusory contention that they will prevail on the merits and therefore want to end the case. (*Id.*)

24  The Dietrich Defendants' arguments do not convince the Court that any potential
25  prejudice warrants denying the request to modify the scheduling order. Aside from arguing that
26  litigation is expensive, and the case should end because Plaintiff has no evidence against them,
27  the Dietrich Defendants provide no explanation as to how they will be harmed by an extension of
28  fact discovery. *See Davis v. New York Life Ins. Co.*, No. 2:24-CV-00131-TLN-DB, 2024 WL

4505607, at *2 (E.D. Cal. Oct. 16, 2024) (rejecting argument from defendant that because it would prevail on summary judgment, prolonging discovery was prejudicial). Moreover, no trial dates have been set and because the Court will also advance the dispositive motion deadline, the Court finds the Dietrich Defendants will not be unduly prejudiced. *Cf. Soto*, 2021 WL 2402524, at *4 (noting Defendants did not provide any specific argument showing how they would be prejudiced by a one-month extension of the discovery deadline where no trial dates have been set and no dispositive motions have been filed"). Accordingly, the Court finds this factor weighs in favor of modifying the Scheduling Order.

In sum, the Court finds the factors weigh in favor of modifying the Scheduling Order. Further, because the Court finds an amendment to the Scheduling Order is warranted, the Court does not address Defendants' Motion for Summary Judgment as it is now moot.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Amend (ECF No. 141) is GRANTED and Defendants' Motion for Summary Judgment (ECF No. 147) is DENIED as moot. Factual discovery is reopened for Plaintiff and the Dietrich Defendants for six months from the electronic filing date of this Order. All remaining deadlines in the Initial Pretrial Scheduling Order shall be calculated based on the date on which factual discovery is closed.

IT IS SO ORDERED.

Date: August 8, 2025

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE